1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com
2   ANNE W. NERGAARD (SB# 235058) annenergaard@paulhastings.com
Twenty-Fourth Floor
3   55 Second Street
San Francisco, CA 94105-3441
4   Telephone: (415) 856-7000
Facsimile: (415) 856-7100

5

Attorneys for Defendants
6   HANESBRANDS INC.
SARA LEE CORPORATION
7

*FILED*

*E-filing*

8                         UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   TINA HOPSON, individually and on behalf of others similarly situated, | CASE NO. **08**   **0844** |
| 12               Plaintiff, | (Marin County Superior Court Case No. CV 072378) |
| 13         vs. | **DECLARATION OF ANNE W. NERGAARD IN SUPPORT OF NOTICE OF REMOVAL** |
| 14   HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50, inclusive, | |
| 15 | |
| 16           Defendants. | |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

1              I, Anne W. Nergaard, declare and state as follows:

2

3             1.     I am an attorney licensed by the Bar of the State of California, and I am

4    admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings,

5    Janofsky & Walker LLP, counsel of record for Defendants Hanesbrands Inc. and Sara Lee

6    Corporation (collectively, "Defendants"), and I am one of the attorneys responsible for the

7    defense of this action. I have personal knowledge of the facts set forth in this Declaration unless

8    otherwise stated, and if called to testify under oath, could and would testify competently thereto.

9

10            2.     Plaintiff Tina Hopson's ("Plaintiff") original complaint, entitled "*Tina*

11   *Hopson, individually, and on behalf of others similarly situated v. Hanesbrands Inc.; Sara Lee*

12   *Corporation and Does 1 through 20, inclusive,*" Case No. CV072378, was not served on

13   Defendants. A letter from J.E.B. Pickett, one of Plaintiff's attorneys in this case, indicates that

14   the original complaint was filed on May 21, 2007. A true and correct copy of this letter is

15   attached hereto as Exhibit A.

16

17            3.     On or about July 27, 2007, Plaintiff filed and served a First Amended

18   Complaint and Summons. A true and correct copy of Plaintiff's First Amended Complaint and

19   summons is attached hereto as Exhibit B.

20

21            4.     Defendants filed and served their Answer to the First Amended Complaint

22   on or about August 27, 2007. A true and correct copy of the Answer is attached hereto as

23   Exhibit C.

24

25            5.     On or about January 3, 2008, Plaintiff filed a Second Amended Complaint

26   in the Superior Court and a Joint Stipulation and Order regarding the Filing of the Second

27   Amended Complaint. A true and correct copy of the Second Amended Complaint, Joint

28   Stipulation and Order Re: Filing of Second Amended Complaint, and Notice and

- 1 -

1  Acknowledgment of Receipt of the Second Amended Complaint are attached hereto as Exhibits

2  D, E and F, respectively.

3

4             6.      Defendants filed and served their Answer to the Second Amended

5  Complaint on or about February 6, 2008. A true and correct copy of the Answer is attached

6  hereto as Exhibit G.

7

8             7.      Defendants have also been served with a Notice of Unavailability of

9  Counsel (received December 5, 2007). A true and correct copy of the Notice of Unavailability of

10  Counsel is attached hereto as Exhibit H. I am informed and believe that Defendants have not

11  been served with any other process, pleadings or orders.

12

13             8.      A true and correct copy of the Notice to State Court and Adverse Party of

14  Filing Notice of Removal of Civil Action to Federal Court under 28 U.S.C. §§ 1331 and 1441(B)

15  is attached hereto as Exhibit I (without exhibits).

16

17             I declare under penalty of perjury under the laws of the State of California and the

18  United States of America that the foregoing is true and correct.

19

20             Executed on February 7, 2008 at San Francisco, California.

21

22                                      *Anne W. Nergaard*
                                        ANNE W. NERGAARD

23

24  LEGAL_US_W # 56519449.2

25

26

27

28

-2-

DECLARATION OF ANNE W. NERGAARD IN SUPPORT OF NOTICE OF REMOVAL

# WYNNE LAW FIRM

100 Drakes Landing Road, Suite 275, Greenbrae, CA  94904
tel (415) 461-6400   fax (415) 461-3900   toll free (877) 352-6400
www.wynnelawfirm.com

June 15, 2007

*Via Certified U.S. Mail*

Labor Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA  95814

CSC – Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA  95852

### Re:  **Hopson v. Hanesbrands, Inc; Sara Lee Corporation, et al.**

To the Labor Workforce Development Agency and Agents for Service of Process:

The above-noted lawsuit was originally filed on May 21, 2007, in the Superior Court of Marin County. Plaintiffs are seeking to amend the complaint to include allegations based on California Labor Code sections 2698-2699. A copy of the proposed First Amended Complaint is enclosed for reference.

On August 4, 2004, the California Legislature passed SB 1809 to modify Labor Code Sections 2698-2699 by adding Labor Code Section 2699.3. The new Labor Code Section 2699.3 requires that a claimant first send a certified letter to the employer in question and the Labor Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the Labor Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate. The enclosed information sets forth the claims and the basis for the claims.

The purpose of this letter is to satisfy the new requirement created by SB 1809. We look forward to determining whether the Labor Workforce Development Agency intends to take any action in reference to these claims. We kindly ask that you respond to this notice according to the time frame contemplated by SB 1809.

Very truly yours,

WYNNE LAW FIRM

J.E.B. Pickett

JEB:hp
encl.



FIRST AMENDED
**SU    /IONS**
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
~~(AVISO AL DEMANDADO):~~
HANESBARNDS, INC. SARA LEE CORPORATION and DOES 1
~~through 50 inclusive,~~

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JUL 27 2007

KIM TURNER, Court Executive Officer
**MARIN COUNTY SUPERIOR COURT**
By: *J. Dale, Deputy*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TINA HOPSON, individually, on on behalf of others
similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court
3501 Civic Center Drive
San Rafael, 94903

CASE NUMBER:
*(Número del Caso):* CV072378

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J.E.B. Pickett          (415) 461-6400  (415)461-3900
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904

DATE: JUL 27 2007       KIM TURNER   Clerk, by **J. DALE** , Deputy
*(Fecha)*                 *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*
**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Hanesbrands, Inc. Sara Lee Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

FIRST AMENDED
**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465





JUL 27 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

1  EDWARD J. WYNNE (SBN 165819)
2  J.E.B. PICKETT (SBN 154294)
   WYNNE LAW FIRM
3  100 Drakes Landing Road, Suite 275
   Greenbrae, California 94904
4  Telephone: (415) 461-6400
   Facsimile: (415) 461-3900
5
6  Attorneys for Plaintiff
7
8
                    SUPERIOR COURT OF CALIFORNIA
9
                          .COUNTY OF MARIN
10
11
12  TINA HOPSON, individually, and on          NO. CV072378
    behalf of others similarly situated,
13                                             FIRST AMENDED COMPLAINT
14              Plaintiff,
                                               [CLASS ACTION]
15        vs.
                                               1. Violations of Labor Code
16  HANESBRANDS, INC.; SARA LEE                2. Violations of Business & Professions Code
    CORPORATION and Does 1 through 50,         § 17200
17  inclusive,
18
                Defendants.
19
20
21                        **FIRST CAUSE OF ACTION**

22        Representative Plaintiff brings this challenge to Defendants' lucrative, repressive and

23  unlawful business practices on behalf of themselves and a class of all others similarly situated

24  and for a Cause of Action against Defendants, HANESBRANDS, INC., SARA LEE

25  CORPORATION and DOES 1-50, inclusive, (hereinafter, "Defendants") and each of them,

26  allege as follows:

27

28

                                             1
                                                       FIRST AMENDED COMPLAINT
                                                              [CLASS ACTION]

## THE PARTIES, JURISDICTION AND VENUE

**1.**

This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages for the named Plaintiff, including the pro rata share of statutory attorney fees for the named Plaintiff, does not exceed $75,000.

**2.**

Venue is proper in Marin County as at least some of the acts complained of herein occurred in Marin County as Defendants own or owned and operate or operated retail stores in Marin County and have their California principle place of business in Marin County. At all times herein mentioned, Representative Plaintiff and the class identified herein worked as employees for Defendants in salaried positions for Defendant as Service Associates. Defendants' salaried Service Associate employees covered by this action are not employees which fall into an exception to the California Labor Code Section 1194 and/or California Industrial Welfare Commission Wage Order applicable to Defendants' business. The acts complained of in this First Cause of Action occurred, at least in part, within three years of the filing of the original complaint in this action up to and including the time that this action is certified as a class action. The Representative Plaintiff, Tina Hopson, worked in a salaried position for Defendant within the State of California.

**3.**

Defendant, HANESBRANDS, INC. is Maryland registered corporation, licensed to do business in California and registered with the Secretary of the State of California, with its principal place of business located in Wintson Salem, North Carolina. Plaintiff is informed and believes and thereon alleges that Defendant HANESBRANDS, INC., operates manages and controls employees who operate as service associates, assisting in the presentation of HANESBRANDS, INC., products in the state of California, during the applicable time period. Plaintiff is informed and believes and thereon alleges that in or about September of 2006, Defendant HANESBRANDS, INC.,was "spun-off" from Defendant SARA LEE

2

1 | CORPORATION as a stand alone corporation, who was the former employer of Plaintiff and
2 | the class members.

3 |                                    4.

4 |     Defendant, SARA LEE CORPORATION., is a Maryland registered corporation,
5 | licensed to do business in California with its principal place of business licensed to do business
6 | in California and registered with the Secretary of the State of California, with its principal place
7 | of business located in Chicago, Illinois.  Plaintiff is informed and believes and thereon alleges
8 | that Defendant SARA LEE CORPORATION., operated, managed and controlled employees
9 | who operated as service associates, assisting in the presentation of Sara Lee Apparel products
10 | in the state of California, during the applicable time period.  Plaintiff is informed and believes
11 | and thereon alleges that in or about September of 2006, Defendant SARA LEE
12 | CORPORATION "spun-off" defendant HANESBRANDS, INC., as a stand alone corporation,
13 | who became the employer of Plaintiff and the class members.
14 |

15 |                                    5.

16 |     Plaintiff is informed and believes and thereon alleges that all times herein mentioned
17 | Defendants and Does 1 through 50 are and were corporations, business entities, individuals and
18 | partnerships, licensed to do business and actually are or were doing business in the State of
19 | California, County of Marin.  Defendants operated, managed and controlled employees within
20 | the State of California, including within Marin County, for the purpose of presenting apparel
21 | sold by Defendants.  As such, and based upon all the facts and circumstances incident to
22 | Defendants' business in California, Defendants are or were subject to California Labor Code §
23 | 1194, *et seq.*, California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act)
24 | and the applicable IWC Wage Order.

25 |                                    6.

26 |     Plaintiff does not know the true names or capacities, whether individual, partner or
27 | corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,
28 | said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this

3

complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and others similarly situated to be subject to the illegal employment practices, wrongs and injuries complained of herein.

7.

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

8.

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

10.

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of Defendants' retail store locations in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

4

## FACTUAL AND CLASS ALLEGATIONS

### 11.

Pursuant to California Labor Code §§ 218, 218.5, 218.6, and 1194, Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the California Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorney fees and costs.

### 12.

Representative Plaintiff and all members of the class identified herein were regularly worked as salaried employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code § 1194 and the applicable IWC Wage Order. Representative Plaintiff and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" employees when, in fact, they were "non-exempt" employees according to California law. Representative Plaintiff and the class have the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law including interest, attorney fees and costs, and civil penalties thereon pursuant to Labor Code §§ 558 and 1197.1.

### 13.

Plaintiff seeks to bring this lawsuit as a class action pursuant to Code of Civil Procedure § 382. The class that plaintiff seeks to represent is defined as follows:

> All salaried Service Associates who worked for Defendants in the State of California at any time during the period commencing on the date that is four years preceding the filing of the original complaint up to the time the case is certified as a class action.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of Defendants' records. Further, the subject matter of this action both as to factual matters and

as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.      Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that Defendants and each of them have failed to meet the requirements for establishing the exemption because all class members (1) regularly spent more than 50% of their time performing non-exempt work, (2) did not customarily and regularly exercise discretion and independent judgment, (3) did not have the authority to hire or fire or make meaningful recommendations regarding same, (4) did not customarily and regularly supervise at least two employees or the equivalent, (5) did not perform work directly related to the management policies or the general business operations of Defendants or Defendants' customers, (6) did perform non-exempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendants' expectations, (7) did not customarily and regularly spend more than 50% of their time away from the Defendants' place of business selling or obtaining orders or contracts, and (8) did not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiffs and the class members were not exempt from the overtime requirements of California law for these reasons..

b.      Defendants have or had a uniform and consistent policy and practice concerning duties and responsibilities of the class members which required that the class members both work overtime without pay and regularly spend a majority of their time performing non-exempt tasks. Further, Defendants dispensed misinformation amongst the class members to the effect that salaried employees are not entitled to overtime compensation under Defendants' labor policies and practices and under California law.

c.      Defendants have a uniform and consistent policy and practice concerning duties and responsibilities of the class members such that members do not regularly and customarily

6

exercise discretion and independent judgment on matters directly related to Defendants' management policies or general business operations or those of Defendants' customers. Plaintiffs are informed and believe and thereon allege that as a result of Defendants' uniform and consistent corporate policies and practices, class members on a class-wide basis were primarily engaged in production and sales activities not involving matters of any consequence.

d.    The duties and responsibilities of the salaried service associates were virtually identical from employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit, these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and independent judgment, these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work.

e.    Defendants have or had a uniform and consistent policy and practice regarding vacation time applicable to their salaried retail store employees. The legality of Defendants' uniform policy and practice regarding the payment of earned and unused vacation pay involves common questions of fact and law equally applicable to all members of the class.

f.    Defendants have or had a uniform and consistent policy and practice for the payment of wages at time of termination. The legality of Defendants' uniform policy and practice regarding the payment of final wages involves common questions of fact and law equally applicable to all members of the class.

g.    Defendants have or had a uniform and consistent policy and practice of denying their employees legally mandated meal and rest breaks. The legality of Defendants' uniform policy and practice regarding the denial of meal and rest breaks involves common questions of fact and law equally applicable to all members of the class.

h.    Defendants have or had a uniform and consistent policy and practice concerning the payment of wages to class members in violation of Labor Code § 204. The legality of

---

7

Defendants' uniform policy and practice regarding the timing of the payment of wages involves common questions of fact and law equally applicable to all members of the class.

i.       Defendants have or had a uniform and consistent policy and practice concerning the provision of wage statements that fail to comply with Labor Code § 226. The legality of Defendants' uniform policy and practice regarding the provision of wage statements involves common questions of fact and law equally applicable to all members of the class.

**14.**

There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the absent class members concerning whether Defendants' regular business custom and practice of requiring "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code § 1194, *et seq.*, the Unfair Practices Act and IWC Wage Order 7. Defendants' employment policies and practices wrongfully and illegally failed to compensate salaried employees for substantial overtime compensation earned as required by California law.

**15.**

Representative Plaintiff's claims are typical of the claims of all members of the class. Plaintiff will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

**16.**

The California Labor Code and Wage Order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Representative Plaintiff and members of the class identified herein make the class action

format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual class member with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their current or former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**17.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**18.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by Representative Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, et seq.

FIRST AMENDED COMPLAINT
[CLASS ACTION]

**19.**

Proof of a common business practice or factual pattern, of which the named Plaintiff's experience is representative, will establish the right of each member of the plaintiff class to recovery on the causes of action alleged herein.

**20.**

The plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants. The plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**21.**

Representative Plaintiff and members of the class identified herein as former employees were discharged by Defendants or voluntarily quit, and did not have a written contract for employment. The Defendants, in violation of California Labor Code §§ 201 and 202, *et seq.*, respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment or proof. Representative Plaintiff and other members of the class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

**22.**

As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Defendants knowingly and intentionally did not maintain any records or furnish any records to the class pertaining to when Representative Plaintiff and the members of the class began and ended each work period, meal period, the total daily hours worked, and the total

10

1    hours worked per pay period and applicable rates of pay in violation of California Labor Code

2    §§ 226 and 1174 thereby causing injury to the class. Defendants failed to keep these records at

3    the place of employment or in a central location within the State of California in violation of

4    California Labor Code §§ 226 and 1174 thereby causing injury to the class. Accordingly,

5    Defendants and each of them are liable for civil penalties to Plaintiff and the class pursuant to

6    Labor Code §§ 226, 226.3, 558, and 1174.5.

7

**23.**

8

9    In violation of Labor Code § 226.7, Defendants failed to provide meal and rest period

10   breaks in the number, length and manner as required. At no time have Plaintiff and the class

11   entered into any written agreement with the Defendants expressly or impliedly waiving their

12   right to their meal breaks. Plaintiff and the class have been injured by Defendants' failure to

13   comply with Labor Code § 226.7 and are thus entitled to the wages set forth in Labor Code §

14   226.7 and penalties per Labor Code § 558.

15

**24.**

16   Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004

17   (SB 796 operative January 1, 2004), Plaintiff brings this action on behalf of herself and other

18   current and former employees and seek recovery of applicable civil penalties as follows:

19

20        a.    where civil penalties are specifically provided in the Labor Code for each of the

21   violations alleged herein, Plaintiff seeks recovery of such penalties;

22        b.    where civil penalties are not established in the Labor Code for each of the

23   violations alleged herein, Plaintiff seeks recovery of the penalties established in § 2699(e) of

24   the Labor Code Private Attorneys General Act of 2004.

25

26        WHEREFORE, Representative Plaintiff, on her own behalf and on behalf of the

27   members of the class, pray for judgment as hereinafter set forth.

28

---

11

FIRST AMENDED COMPLAINT
[CLASS ACTION]

## SECOND CAUSE OF ACTION

COMES NOW, Representative Plaintiff, individually and on behalf of the class and as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

### 25.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendants' violations of California Business and Professions Code § 17200 *et seq.* (Unfair Practices Act).

### 26.

At all times herein mentioned Defendants, and each of them, acting as the employer, individually or through officers, directors, agents or employees of another have (1) required or caused Representative Plaintiff and the class to work for longer hours than those fixed or under conditions prohibited by Industrial Welfare Commission Wage Orders applicable to Defendants' business, (2) paid or caused to be paid to Plaintiffs and the class less than the minimum fixed by the applicable IWC Wage Order, and (3) violated, refused, or neglected to comply with any provision of Part 4, Chapter 1 of the Labor Code beginning at § 1171 or any order or ruling of the Industrial Welfare Commission. As a result of the foregoing and the acts complained of herein, Defendants, and each of them, are guilty of violating California Labor Code §§ 204, 216, 1198 and 1199. In addition to the other violations of the law set forth in the First Cause of Action, Defendants' violations of California Labor Code §§ 204, 216, 1198 and 1199 serve as a further basis for Defendants' liability under California Business & Professions Code § 17200, *et seq.*

### 27.

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices as outlined herein, to wit, by (1) requiring their salaried service associate employees to perform the labor services without

12

1  overtime compensation, (2) failing to pay to their salaried service associate employees all of

2  their earned and unused vacation pay, (3) failing to properly and timely pay to their salaried

3  service associate employees all the wages at time of termination, and (4) failing to provide meal

4  and rest breaks to their salaried service associate employees. Defendants' utilization of such

5  unfair business practices constitutes unfair competition and provides an unfair advantage over

6  Defendants' competitors. Representative Plaintiff, and other similarly situated members of the

7  class, seeks full restitution of monies, as necessary and according to proof, to restore any and

8  all monies withheld, acquired and/or converted by the Defendants by means of the unfair

9  practices complained of herein. Representative Plaintiff seeks, on her own behalf and on behalf

10  of the class, the appointment of a receiver, as necessary.

11

**28.**

12

13  Plaintiff is informed and believes and on that basis alleges that at all times herein

14  mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

15  proscribed by California Business and Professions Code § 17200 *et seq.*, including those

16  alleged herein thereby depriving Plaintiff and other members of the class the minimum working

17  standards and conditions due to them under the California labor law and Industrial Welfare

18  Commission Wage Orders as specifically described herein.

19

20

**29.**

21  Representative Plaintiff, and all persons similarly situated, are further entitled to and do

22  seek a both a declaration that the above-described business practices are unfair, unlawful and/or

23  fraudulent and injunctive relief restraining Defendants from engaging in any of such business

24  practices in the future.  Such misconduct by Defendants, unless and until enjoined and

25  restrained by order of this Court, will cause great and irreparable injury to all members of the

26  class in that the Defendants will continue to violate California law, represented by labor

27  statutes and IWC Wage Orders, unless specifically ordered to comply with same.  This

28  expectation of future violations will require current and future employees to repeatedly and

13

continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and Wage Orders alleged to have been violated herein.

WHEREFORE, Representative Plaintiff, on her own behalf and on behalf of the members of the class and the general public, pray for judgment as follows:

1.   For an order certifying the proposed class;

2.   Upon the First Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 1194, *et seq.* (and California Industrial Welfare Commission Wage Order 7) related to overtime wages due and owing;

3.   Upon the First Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

4.   Upon the First Cause of Action, for civil penalties pursuant to California Labor Code §§ 210, 226, 226.3, 558, 1174.5, 1197.1 and 2699;

5.   Upon the First Cause of Action, for wages pursuant to Labor Code § 226.7;

6.   Upon the Second Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with IWC Wage Order 7 related to payment of overtime compensation and record keeping for Defendants' salaried retail store employees who are primarily engaged in non-exempt work and work more than 40 hours per week or 8 hours per day and related to the failure to timely and properly pay vacation pay, final wages, and provide rest and meal breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7.   Upon the Second Cause of Action, for a declaratory judgment and a decree adjudging and decreeing that Representative Plaintiff and the members of the class have regularly worked compensable overtime; further, that the work performed by Representative Plaintiff and the members of the class is subject to overtime compensation requirements and/or is in excess of 40 hours per week and/or 8 hours a day, and that Representative Plaintiff and the members of the class are entitled to overtime compensation for said work and that Defendants

14

FIRST AMENDED COMPLAINT
[CLASS ACTION]

have failed to timely and properly pay vacation pay, final wages, and provide rest and meal breaks;

8.    Upon the Second Cause of Action, for restitution to Representative Plaintiff and other similarly effected members of the class of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 *et seq.*;

9.    For pre-judgment interest as allowed by California Labor Code §§ 1194 and 218.6;

10.    For reasonable attorneys fees, expenses and costs as provided by California Labor Code §§ 218.5, 226, 1194 and 2699; and,

11.    For such other and further relief the Court may deem just and proper.

DATED: _July 26_, 2007                    **WYNNE LAW FIRM**

By: _____
J.E.B. Pickett, Esq.




**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**MAY 2 2 2007**

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Jones, Deputy

| | |
|---|---|
| PLAINTIFF: Lina Hopson | CASE NO. CV 07 2378 |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Handorandis One et al | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge _Ritchie_, Department _E_. This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

    a. Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    | | | |
    |---|---|---|
    | Hearing on Failure to File Proof of Service | 8/2/07 | 9:00 A.M. |
    | Hearing on Failure to Answer | 8/31/07 | 9:00 A.M. |

    b. Appear for a Case Management Conference on    10/12/07    9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

    Case Management Statement must be filed by    9/26/07

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

---

| ATTORNEY OR PARTY WITHOUT ATTORNEY  *(Name, address and telephone #):* | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.


Dated _____        Attorney For _____

_____



Dated _____        Attorney For _____

_____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | CASE NUMBER: |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND** ☐ **ORDER EXTENDING TIME TO SERVE AND** ☐ **ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | |

**APPLICATION**

| | HEARING DATE: |
|---|---|
| | DEPT.:            TIME: |

1. Applicant *(name)*:
   is
   a. ☐    plaintiff
   b. ☐    cross-complainant
   c. ☐    petitioner
   d. ☐    defendant
   e. ☐    cross-defendant
   f. ☐    respondent
   g. ☐    other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐    Complaint
   b. ☐    Cross-complaint
   c. ☐    Petition
   d. ☐    Answer or other responsive pleading
   e. ☐    Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐    None
   b. ☐    The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2007] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE <br> (Amount demanded <br> exceeds $25,000) ☐ LIMITED CASE <br> (Amount demanded is $25,000 <br> or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc. <br> www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* • | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1.  Declarant *(name):*                    ◄

    a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay
    has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

    a. ☐ With regard to all parties.

    b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

    a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the
    bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number,
    debtor, and petitioners.)*  .

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing
    arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the
    client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

                                                            ►

_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |

| NOTICE OF TERMINATION OR MODIFICATION OF STAY | JUDICIAL OFFICER: |
|---|---|

## To the court and all parties:

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is

   a. ☐ the party ☐ the attorney for the party   who requested or caused the stay.

   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*

   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*

   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

•

5. The stay has been vacated, is no longer in effect, or has been modified

   a. ☐ with regard to all parties.

   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-200**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: |
| PLAINTIFF/PETITIONER: |
| DEFENDANT/RESPONDENT: |

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date):*

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

   a. Purpose:

   b. ☐ (1) Date:

      (2) Time:

      (3) Department:

4. Trial date:

   a. ☐ No trial date set.

   b. ☐ (1) Date:

      (2) Time:

      (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |
|---|---|

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-200 [Rev. January 1, 2007] | **NOTICE OF SETTLEMENT OF ENTIRE CASE** | Cal. Rules of Court, rule 3.1385<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**ADR-100**

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT <br> ☐ First    ☐ Supplemental | CASE NUMBER: |
|---|---|

NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*

   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date):*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

▶

_____     _____
(TYPE OR PRINT NAME)         (SIGNATURE OF MEDIATOR)

NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

NAME OF COURT:

## ADR Information Form

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*

1. Case name: _____  No. _____
2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____
3. Date complaint filed _____   Date case resolved _____
4. Date of ADR conference _____   5. Number of parties _____
6. Amount in controversy   ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 *(specify):*_____
7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney                     ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney     ☐ Other *(specify):* _____

10. Dispute resolution process:
   ☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

**ADR INFORMATION FORM**

American LegalNet, Inc.
www.USCourtForms.com

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    M. KIRBY C. WILCOX (Cal. State Bar No. 78576)
2   ANNE W. NERGAARD (Cal. State Bar No. 235058)
    55 Second Street, 24th Floor
3   San Francisco, California 94105
    Telephone: (415) 856-7000
4   Facsimile: (415) 856-7100

5   Attorneys for Defendants
    Hanesbrands Inc. and
6   Sara Lee Corporation

FILED

AUG 2 7 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Petersen, Deputy

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF MARIN

10

11  Tina Hopson, individually, and on behalf        CASE NO. CV072378
    of others similarly situated,
12                                                  ANSWER TO FIRST AMENDED
                    Plaintiff,                      COMPLAINT
13
            vs.
14
    Hanesbrands Inc., Sara Lee Corporation,
15
                    Defendants.
16

17  TO PLAINTIFF TINA HOPSON AND HER ATTORNEYS OF RECORD, EDWARD J.

18  WYNN, J.E.B. PICKETT AND THE WYNNE LAW FIRM:

19

20         Defendants Hanesbrands Inc. and Sara Lee Corporation (collectively,

21  "Defendants"), for themselves alone and no other defendant, hereby answer the unverified

22  Complaint ("Complaint") of Plaintiff Tina Hopson ("Plaintiff") as follows:

23

24                               GENERAL DENIAL

25         Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny,

26  generally and specifically, each and every material allegation in the Complaint.  Defendants

27  further deny, generally and specifically, that Plaintiff and the class she proposes (the "Proposed

28
    LEGAL_US_W # 56906415.1

                        ANSWER TO FIRST AMENDED COMPLAINT

1    Class"), the existence of which Defendants deny, have been or will be damaged in any sum, or at
2    all, by reason of any act or omission on the part of Defendants, or any of their past or present
3    agents, representatives or employees.  Defendants deny, generally and specifically, that Plaintiff
4    is entitled to the relief that she seeks or any relief.

5                                    **ADDITIONAL DEFENSES**

6        1.       The Complaint, and each of its purported causes of action, fails to state a claim
7    upon which relief can be granted.

8        2.       The Complaint, and each of its purported causes of action, are barred, in whole or
9    in part, by the applicable statutes of limitation, including but not limited to, California Code of
10   Civil Procedure sections 337, 338, 339, and 340, and/or California Business and Professions
11   Code section 17208.

12       3.       The Complaint, and each of its purported causes of action, are barred, in whole or
13   in part, because Plaintiff and the class she purports to represent were, at all times material to the
14   Complaint, properly classified as exempt from overtime and related wage-and-hour laws,
15   including but not necessarily limited to Industrial Welfare Commission Wage Order 7-2001
16   paragraph 1(A)(2) (administrative exemption) and/or Industrial Welfare Commission Wage Order
17   7-2001 paragraph 3(K)(1) (motor carrier exemption) and/or Industrial Welfare Commission Wage
18   Order 16-2001 paragraph 1(c) (outside sales exemption).

19       4.       Plaintiff has failed to satisfy the prerequisites for class certification and, therefore,
20   lacks standing and cannot represent the interests of others.

21       5.       The types of claims alleged by Plaintiff on behalf of herself and the alleged class,
22   the existence of which is expressly denied, are matters in which individual questions predominate
23   and, accordingly, are not appropriate for class treatment.

24       6.       Plaintiff has not shown and cannot show that class treatment of the claims alleged
25   in the Complaint are superior to other methods of adjudicating the controversy.

26       7.       The class of persons that Plaintiff purports to represent, the existence of which is
27   expressly denied, is not so numerous that joinder is impracticable.

28

LEGAL_US_W # 56906415.1                          -2-

ANSWER TO FIRST AMENDED COMPLAINT

1        8.    The claims alleged by Plaintiff are neither common to nor typical of those, if any,

2    of the alleged class that Plaintiff purports to represent, the existence of which is expressly denied.

3        9.    Plaintiff is an inadequate representative of any alleged class of persons she

4    purports to represent, the existence of which is expressly denied.

5        10.    Certain of the interests of members of the Proposed Class are in conflict with the

6    interests of other members of the Proposed Class.

7        11.    Plaintiff is not entitled to any penalty award under the California Labor Code,

8    including but not limited to, sections 203, 210, 226, 226.3, 226.7, 558, 1174.5, 1197.1, and 2699

9    because, at all times relevant to the Complaint, Defendants did not willfully fail to comply with

10    the compensation provisions of the California Labor Code or the applicable wage order, but rather

11    acted in good faith and had reasonable grounds for believing that they did not violate the

12    compensation provisions of the California Labor Code or the applicable wage order.

13        12.    Plaintiff's claim for failure to provide meal and rest periods is barred to the extent

14    that Plaintiff and/or the Proposed Class voluntarily waived or chose not to take the meal and rest

15    periods that Defendants provided.

16        13.    Plaintiff's purported claim for unfair competition under California Business and

17    Professions Code section 17200 is barred because Plaintiff cannot show an injury to competition,

18    as distinguished from injury to herself.

19        14.    Plaintiff's purported claim for unfair competition under California Business and

20    Professions Code section 17200 is barred because Plaintiff cannot show a deception upon the

21    public.

22        15.    California Business and Professions Code section 17200 is unconstitutional in that,

23    among other things, it is void for vagueness, violative of equal protection, violative of due

24    process, an undue burden upon interstate commerce, and violative of the freedom of contract.

25        16.    Plaintiff's purported claim for unfair competition under California Business and

26    Professions Code section 17200 violates Defendants' constitutional rights to due process to the

27    extent the claims do not afford Defendants the protections against multiple suits and duplicative

28    liability ordinarily provided by class actions.

LEGAL_US_W # 56906415.1           -3-

1    17.    Plaintiff's purported claim under California Business and Professions Code section

2    17200 violates Defendants' rights under the United States Constitution and the California

3    Constitution by attempting to enforce California Business and Professions Code sections 17200 in

4    a manner that renders the requirements of those statutes and provisions unconstitutionally vague.

5        18.    Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and

6    each of its purported causes of action, by reason of Plaintiff's own actions and course of conduct.

7        19.    The Complaint, and each of its purported causes of action, are barred in whole or

8    in part because Defendants had an honest, good-faith belief that all decisions with respect to

9    Plaintiff's employment were made by Defendants solely for legitimate, business-related reasons

10    and were reasonably based upon the facts as Defendants understood them.

11    20.    The Complaint, and each of its purported causes of action, are barred because any

12    recovery from Defendants would result in unjust enrichment to Plaintiff and/or the Proposed

13    Class.

14    21.    Plaintiff's claim for pre-2004 penalties under the Private Attorneys General Act of

15    2004 is barred on the ground that the Act may not be given retroactive application.

16    22.    Plaintiff's claim for penalties under the California Labor Code, including but not

17    limited to, sections 210, 226, 226.3, 226.7, 558, 1174.5, 1197.1, and 2699 is barred to the extent it

18    seeks an award of penalties beyond the one-year limitation period contained in California Code of

19    Civil Procedure section 340(a), and is also barred to the extent it seeks interest, attorneys' fees,

20    restitution, and/or Private Attorneys General penalties, on the grounds that Labor Code sections

21    210, 226, 226.3, 226.7, 558, 1174.5, 1197.1, and, but not limited to, 2699 create a penalty rather

22    than a claim for unpaid wages.  Plaintiff's claim for penalties under California Labor Code

23    section 203 is barred to the extent that it seeks an award of penalties beyond the three-year statute

24    of limitations contained in that section.

25    23.    The Complaint fails to state a claim for penalties under California Labor Code

26    sections 203, 210, 226, 226.3, 226.7, 558, 1174.5, 1197.1, and, but not limited to, 2699 in that

27    there is a good-faith dispute as to Defendants' obligation to pay any wages that may be found to

28    be due.

1    24.    The Complaint and each of its causes of action are barred to the extent Plaintiff
2    and/or the Proposed Class seek injunctive and equitable relief, because an adequate and complete
3    remedy at law exists.

4    25.    Plaintiff lacks standing to bring a claim for injunctive relief on behalf of herself
5    and/or the Proposed Class.

6    26.    Plaintiff and/or the Proposed Class have failed to mitigate or reasonably attempt to
7    mitigate her damages, if any, as required by law.

8    27.    Sara Lee Corporation was not the employer of Plaintiff and/or the Proposed Class
9    after September 2006.

10                              **RELIEF REQUESTED**

11    Defendants ask the Court to enter judgment in favor of Defendants and against Plaintiff, to
12    award Plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice,
13    and to award to Defendants their costs of suit, including reasonable attorneys' fees, and such
14    further or other relied at the Court may deem proper.

15
16
17    DATED:  August 27, 2007            PAUL, HASTINGS, JANOFSKY & WALKER LLP
18
19                                By:    _____
20                                            ANNE W. NERGAARD
21                                Attorneys for Defendants
                                  Hanesbrands Inc. and Sara Lee Corporation
22
23
24
25
26
27
28
LEGAL_US_W # 56906415.1                  -5-
ANSWER TO FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

3     I am employed in the City and County of San Francisco, State of California. I am
over the age of 18, and not a party to the within action. My business address is Paul, Hastings,

4     Janofsky & Walker LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco, California
94105-3441.

5

6     On August 27, 2007, I served the foregoing document(s) described as:

7     ## ANSWER TO FIRST AMENDED COMPLAINT

8     on the interested parties:

9     Edward J. Wynne, Esq.                                    Counsel for Plaintiff *Tina Hopson*
J.E.B. Pickett, Esq.

10    Wynne Law Firm
100 Drakes Landing Road, Suite 275

11    Greenbrae, CA  94904

12    Telephone:    (415) 461-6400
Facsimile:    (415) 461-3900

13
**VIA UPS OVERNIGHT MAIL:**

14    ☒
By delivering such document(s) to an overnight mail service or an authorized courier in a
sealed envelope or package designated by the express service courier addressed to the

15    person(s) on whom it is to be served.

16    **VIA U.S. MAIL:**
☐

17    I am readily familiar with the firm's practice of collection and processing of correspondence
for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S.

18    postal service on _____ with postage thereon fully prepaid, at San Francisco,
California.

19    **VIA PERSONAL DELIVERY:**
☐

20    By personally causing such sealed envelope(s) to be delivered by hand via *JoshCo. Attorney
Services* to the offices of the address(s) pursuant to CCP §1011.

21    **VIA FACSIMILE:**
☐

22    The facsimile transmission report indicated that the transmission was complete and without
error. The facsimile was transmitted to Facsimile # (415) 461-3900 on _____. A copy of

23    that report, which was properly issued by the transmitting machine, is attached hereto.
**[Permitted by written agreement of the parties.]**

24

25    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct. Executed on August 27, 2007, at San Francisco, California.

26

27    _____
Helen DeVol

28



1  EDWARD J. WYNNE (SBN 165819)
2  J.E.B. PICKETT (SBN 154294)
   WYNNE LAW FIRM
3  100 Drakes Landing Road, Suite 275
   Greenbrae, California 94904
4  Telephone: (415) 461-6400
5  Facsimile: (415) 461-3900

6  Attorneys for Plaintiff



**KIM TURNER**
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: J. Naue, Deputy*

JAN - 3 2008

7

8

9                          SUPERIOR COURT OF CALIFORNIA

10                              COUNTY OF MARIN

11

12  TINA HOPSON, individually, and on          **NO. CV072378**
13  behalf of others similarly situated,
                                               **SECOND AMENDED COMPLAINT**
14              Plaintiff,
                                               **[CLASS ACTION]**
15       vs.
                                               **1.  Violations of Labor Code**
16  HANESBRANDS, INC.; SARA LEE                **2.  Violations of Business & Professions Code**
17  CORPORATION and Does 1 through 50,         **§ 17200**
    inclusive,                                 **3.  Violations of the Fair Labor Standards**
18                                             **Act**
                Defendants.
19

20

21

22                          **FIRST CAUSE OF ACTION**

23       Representative Plaintiff brings this challenge to Defendants' lucrative, repressive and

24  unlawful business practices on behalf of themselves and a class of all others similarly situated

25  and for a Cause of Action against Defendants, HANESBRANDS, INC., SARA LEE

26  CORPORATION and DOES 1-50, inclusive, (hereinafter, "Defendants") and each of them,

27  allege as follows:

28

                                        1

## THE PARTIES, JURISDICTION AND VENUE

**1.**

This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages for the named Plaintiff, including the pro rata share of statutory attorney fees for the named Plaintiff, does not exceed $75,000.

**2.**

Venue is proper in Marin County as at least some of the acts complained of herein occurred in Marin County as Defendants own or owned and operate or operated retail stores in Marin County and have their California principle place of business in Marin County. At all times herein mentioned, Representative Plaintiff and the class identified herein worked as employees for Defendants in salaried positions for Defendant as Service Associates. Defendants' salaried Service Associate employees covered by this action are not employees which fall into an exception to the California Labor Code Section 1194 and/or California Industrial Welfare Commission Wage Order applicable to Defendants' business. The acts complained of in this First Cause of Action occurred, at least in part, within three years of the filing of the original complaint in this action up to and including the time that this action is certified as a class action. The Representative Plaintiff, Tina Hopson, worked in a salaried position for Defendant within the State of California.

**3.**

Defendant, HANESBRANDS, INC. is Maryland registered corporation, licensed to do business in California and registered with the Secretary of the State of California, with its principal place of business located in Winston Salem, North Carolina. Plaintiff is informed and believes and thereon alleges that Defendant HANESBRANDS, INC., operates manages and controls employees who operate as service associates, assisting in the presentation of HANESBRANDS, INC., products in the state of California and throughout the United States, during the applicable time period. Plaintiff is informed and believes and thereon alleges that in or about September of 2006, Defendant HANESBRANDS, INC., was "spun-off" from

SECOND AMENDED COMPLAINT
[CLASS ACTION]

1  Defendant SARA LEE CORPORATION as a stand alone corporation, who was the former
2  employer of Plaintiff and the class members.

**4.**

4     Defendant, SARA LEE CORPORATION., is a Maryland registered corporation,
5  licensed to do business in California with its principal place of business licensed to do business
6  in California and registered with the Secretary of the State of California, with its principal place
7  of business located in Chicago, Illinois. Plaintiff is informed and believes and thereon alleges
8  that Defendant SARA LEE CORPORATION., operated, managed and controlled employees
9  who operated as service associates, assisting in the presentation of Sara Lee Apparel products
10  in the state of California and throughout the United States during the applicable time period.
11  Plaintiff is informed and believes and thereon alleges that in or about September of 2006,
12  Defendant SARA LEE CORPORATION "spun-off" defendant HANESBRANDS, INC., as a
13  stand alone corporation, who became the employer of Plaintiff and the class members.

**5.**

16     Plaintiff is informed and believes and thereon alleges that all times herein mentioned
17  Defendants and Does 1 through 50 are and were corporations, business entities, individuals and
18  partnerships, licensed to do business and actually are or were doing business in the State of
19  California, County of Marin and/or in various locations throughout the United States.
20  Defendants operated, managed and controlled employees within the State of California,
21  including within Marin County, for the purpose of presenting apparel sold by Defendants. As
22  such, and based upon all the facts and circumstances incident to Defendants' business in
23  California, Defendants are or were subject to California Labor Code § 1194, *et seq.*, California
24  Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act) and the applicable IWC
25  Wage Order.

**6.**

27     Plaintiff does not know the true names or capacities, whether individual, partner or
28  corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

---

3

SECOND AMENDED COMPLAINT
[CLASS ACTION]

said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and others similarly situated to be subject to the illegal employment practices, wrongs and injuries complained of herein.

7.

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

8.

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

10.

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of Defendants' retail store locations in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

SECOND AMENDED COMPLAINT
[CLASS ACTION]

## FACTUAL AND CLASS ALLEGATIONS

### 11.

Pursuant to California Labor Code §§ 218, 218.5, 218.6, and 1194, Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the California Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorney fees and costs.

### 12.

Representative Plaintiff and all members of the class identified herein were regularly worked as salaried employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code § 1194 and the applicable IWC Wage Order. Representative Plaintiff and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" employees when, in fact, they were "non-exempt" employees according to California law. Representative Plaintiff and the class have the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law including interest, attorney fees and costs, and civil penalties thereon pursuant to Labor Code §§ 558 and 1197.1.

### 13.

Plaintiff seeks to bring this lawsuit as a class action pursuant to Code of Civil Procedure § 382 as to putative class members in the State of California during the applicable statutory periods and as a nation-wide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, as to putative class members employed outside of the State of California. The classes that plaintiff seeks to represent are defined as follows:

> (A) California Class
> All salaried Service Associates who worked for Defendants in the State of California at any time during the period commencing on the date that

5

is four years preceding the filing of the original complaint up to the time the case is certified as a class action.

(B) Nation-Wide Class
All salaried Service Associates who worked for Defendants in the United States of America at any time during the period commencing on the date that is three years preceding the filing of the original complaint in this action up to the time this action is certified as a collective action.

The members of both classes are so numerous that joinder of all members would be impractical, if not impossible. The members of the classes are readily ascertainable by a review of Defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.    Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that Defendants and each of them have failed to meet the requirements for establishing the exemption because all class members (1) regularly spent more than 50% of their time performing non-exempt work, (2) did not customarily and regularly exercise discretion and independent judgment, (3) did not have the authority to hire or fire or make meaningful recommendations regarding same, (4) did not customarily and regularly supervise at least two employees or the equivalent, (5) did not perform work directly related to the management policies or the general business operations of Defendants or Defendants' customers, (6) did not perform non-exempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendants' expectations, (7) did not customarily and regularly spend more than 50% of their time away from the Defendants' place of business selling or obtaining orders or contracts, and (8) did not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiff and the class members were not exempt from the overtime requirements of California and Federal law for these reasons..

SECOND AMENDED COMPLAINT
[CLASS ACTION]

b.    Defendants have or had a uniform and consistent policy and practice concerning duties and responsibilities of the class members which required that the class members both work overtime without pay and regularly spend a majority of their time performing non-exempt tasks. Further, Defendants dispensed misinformation amongst the class members to the effect that salaried employees are not entitled to overtime compensation under Defendants' labor policies and practices and under California and Federal law.

c.    Defendants have a uniform and consistent policy and practice concerning duties and responsibilities of the class members such that members do not regularly and customarily exercise discretion and independent judgment on matters directly related to Defendants' management policies or general business operations or those of Defendants' customers. Plaintiffs are informed and believe and thereon allege that as a result of Defendants' uniform and consistent corporate policies and practices, class members on a class-wide basis were primarily engaged in production and sales activities not involving matters of any consequence.

d.    The duties and responsibilities of the salaried service associates were virtually identical from employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit, these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and independent judgment, these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work.

e.    Defendants have or had a uniform and consistent policy and practice regarding vacation time applicable to their salaried retail store employees. The legality of Defendants' uniform policy and practice regarding the payment of earned and unused vacation pay involves common questions of fact and law equally applicable to all members of the class.

f.    Defendants have or had a uniform and consistent policy and practice for the payment of wages at time of termination. The legality of Defendants' uniform policy and

---

7

1  practice regarding the payment of final wages involves common questions of fact and law
2  equally applicable to all members of the class.

3      g.     Defendants have or had a uniform and consistent policy and practice of denying
4  their employees legally mandated meal and rest breaks. The legality of Defendants' uniform
5  policy and practice regarding the denial of meal and rest breaks involves common questions of
6  fact and law equally applicable to all members of the class.

7      h.     Defendants have or had a uniform and consistent policy and practice concerning
8  the payment of wages to class members in violation of Labor Code § 204. The legality of
9  Defendants' uniform policy and practice regarding the timing of the payment of wages involves
10 common questions of fact and law equally applicable to all members of the class.
11

12     i.     Defendants have or had a uniform and consistent policy and practice concerning
13 the provision of wage statements that fail to comply with Labor Code § 226. The legality of
14 Defendants' uniform policy and practice regarding the provision of wage statements involves
15 common questions of fact and law equally applicable to all members of the class.

16                                          **14.**

17     There are predominant common questions of law and fact and a community of interest
18 amongst Plaintiff and the claims of the absent class members concerning whether Defendants'
19 regular business custom and practice of requiring "overtime" work and not paying for said
20 work according to the overtime mandates of California law is, and at all times herein mentioned
21 was, in violation of California Labor Code § 1194, *et seq.*, the Unfair Practices Act and IWC
22 Wage Order 7. Defendants' employment policies and practices wrongfully and illegally failed
23 to compensate salaried employees for substantial overtime compensation earned as required by
24 California law.

25                                          **15.**

26     Representative Plaintiff's claims are typical of the claims of all members of the class.
27 Plaintiff will fairly and adequately protect the interests of the class by vigorously pursuing this
28 suit through attorneys who are skilled and experienced in handling civil litigation of this type.

---

8

**16.**

The California Labor Code and Wage Order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Representative Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual class member with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their current or former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**17.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

SECOND AMENDED COMPLAINT
[CLASS ACTION]

**18.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by Representative Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, et seq.

**19.**

Proof of a common business practice or factual pattern, of which the named Plaintiff's experience is representative, will establish the right of each member of the plaintiff class to recovery on the causes of action alleged herein.

**20.**

The plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants. The plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**21.**

Representative Plaintiff and members of the class identified herein as former employees were discharged by Defendants or voluntarily quit, and did not have a written contract for employment. The Defendants, in violation of California Labor Code §§ 201 and 202, *et seq.*, respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment or proof. Representative Plaintiff and other members of the class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid

---

10

1  wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the
2  unpaid wages pursuant to California Labor Code § 203.

3                                        **22.**

4  As a pattern and practice, in violation of the aforementioned labor laws and wage
5  orders, Defendants knowingly and intentionally did not maintain any records or furnish any
6  records to the class pertaining to when Representative Plaintiff and the members of the class
7  began and ended each work period, meal period, the total daily hours worked, and the total
8  hours worked per pay period and applicable rates of pay in violation of California Labor Code
9  §§ 226 and 1174 thereby causing injury to the class. Defendants failed to keep these records at
10 the place of employment or in a central location within the State of California in violation of
11 California Labor Code §§ 226 and 1174 thereby causing injury to the class. Accordingly,
12 Defendants and each of them are liable for civil penalties to Plaintiff and the class pursuant to
13 Labor Code §§ 226, 226.3, 558, and 1174.5.
14

15                                       **23.**

16 In violation of Labor Code § 226.7, Defendants failed to provide meal and rest period
17 breaks in the number, length and manner as required. At no time have Plaintiff and the class
18 entered into any written agreement with the Defendants expressly or impliedly waiving their
19 right to their meal breaks. Plaintiff and the class have been injured by Defendants' failure to
20 comply with Labor Code § 226.7 and are thus entitled to the wages set forth in Labor Code §
21 226.7 and penalties per Labor Code § 558.

22                                       **24.**

23 Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004
24
25 (SB 796 operative January 1, 2004), Plaintiff brings this action on behalf of herself and other
26 current and former employees and seek recovery of applicable civil penalties as follows:

27     a.     where civil penalties are specifically provided in the Labor Code for each of the
28 violations alleged herein, Plaintiff seeks recovery of such penalties;

---

11

SECOND AMENDED COMPLAINT
[CLASS ACTION]

1    b.    where civil penalties are not established in the Labor Code for each of the

2    violations alleged herein, Plaintiff seeks recovery of the penalties established in § 2699(e) of

3    the Labor Code Private Attorneys General Act of 2004.

4

5    WHEREFORE, Representative Plaintiff, on her own behalf and on behalf of the

6    members of the class, pray for judgment as hereinafter set forth.

7    **SECOND CAUSE OF ACTION**

8    COMES NOW, Representative Plaintiff, individually and on behalf of the class and as a

9    second, separate and distinct cause of action against Defendants, and each of them, alleges as

10   follows:

11   **25.**

12   Plaintiff herein repeats and re-alleges as though fully set forth at length each and every

13   paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause

14   of action for relief regarding Defendants' violations of California Business and Professions

15   Code § 17200 *et seq.* (Unfair Practices Act).

16   **26.**

17   At all times herein mentioned Defendants, and each of them, acting as the employer,

18   individually or through officers, directors, agents or employees of another have (1) required or

19   caused Representative Plaintiff and the class to work for longer hours than those fixed or under

20   conditions prohibited by Industrial Welfare Commission Wage Orders applicable to

21   Defendants' business, (2) paid or caused to be paid to Plaintiffs and the class less than the

22   minimum fixed by the applicable IWC Wage Order, and (3) violated, refused, or neglected to

23   comply with any provision of Part 4, Chapter 1 of the Labor Code beginning at § 1171 or any

24   order or ruling of the Industrial Welfare Commission. As a result of the foregoing and the acts

25   complained of herein, Defendants, and each of them, are guilty of violating California Labor

26   Code §§ 204, 216, 1198 and 1199. In addition to the other violations of the law set forth in the

27   First Cause of Action, Defendants' violations of California Labor Code §§ 204, 216, 1198 and

28

12

1199 serve as a further basis for Defendants' liability under California Business & Professions Code § 17200, *et seq.*

## 27.

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices as outlined herein, to wit, by (1) requiring their salaried service associate employees to perform the labor services without overtime compensation, (2) failing to pay to their salaried service associate employees all of their earned and unused vacation pay, (3) failing to properly and timely pay to their salaried service associate employees all the wages at time of termination, and (4) failing to provide meal and rest breaks to their salaried service associate employees. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors. Representative Plaintiff, and other similarly situated members of the class, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Representative Plaintiff seeks, on her own behalf and on behalf of the class, the appointment of a receiver, as necessary.

## 28.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those alleged herein thereby depriving Plaintiff and other members of the class the minimum working standards and conditions due to them under the California labor law and Industrial Welfare Commission Wage Orders as specifically described herein.

## 29.

Representative Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business

---

13

1 practices in the future. Such misconduct by Defendants, unless and until enjoined and

2 restrained by order of this Court, will cause great and irreparable injury to all members of the

3 class in that the Defendants will continue to violate California law, represented by labor

4 statutes and IWC Wage Orders, unless specifically ordered to comply with same. This

5 expectation of future violations will require current and future employees to repeatedly and

6 continuously seek legal redress in order to gain compensation to which they are entitled under

7 California law. Plaintiff has no other adequate remedy at law to insure future compliance with

8 the California labor laws and Wage Orders alleged to have been violated herein.

9

## THIRD CAUSE OF ACTION

10

11 COMES NOW, Representative Plaintiff, individually and on behalf of the nation-wide

12 class and as a third, separate and distinct cause of action against Defendants, and each of them,

13 alleges as follows:

14 **30.**

15 Plaintiff herein repeats and re-alleges as though fully set forth at length each and every

16 paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause

17 of action for relief regarding Defendant's violations of the Fair Labor Standards Act, 29 U.S.C.

18 section 201 *et seq.* ("FLSA").

19

20 **31.**

21 The FLSA states that an employee must be paid overtime, equal to 1.5 times the

22 employee's regular rate of pay, for all hours worked in excess of 40 per week. During the

23 Nation-Wide Class Period, Class members worked more than 40 hours per week but were not

24 paid overtime at a rate equal to 1.5 times the employee's regular rate of pay, for all hours worked

25 in excess of 40 per week.

26

27

28

14

**32.**

Nation-Wide Class members do not meet the tests for exempt status under the FLSA. Defendant has violated the FLSA by not paying the required FLSA overtime pay to the members of the Class. Defendant's violation was willful.

**33.**

Pursuant to 29 U.S.C. section 201 *et seq.*, plaintiff requests an order certifying the Nation-Wide Class as a collective action under the FLSA and requiring defendants to pay all the FLSA overtime wages, liquidated damages, and interest due to the Class, in an amount to be proved at trial.

WHEREFORE, Representative Plaintiff, on her own behalf and on behalf of the members of the class and the general public, pray for judgment as follows:

1.      For an order certifying the proposed class;

2.      Upon the First Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 1194, *et seq.* (and California Industrial Welfare Commission Wage Order 7) related to overtime wages due and owing;

3.      Upon the First Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

4.      Upon the First Cause of Action, for civil penalties pursuant to California Labor Code §§ 210, 226, 226.3, 558, 1174.5, 1197.1 and 2699;

5.      Upon the First Cause of Action, for wages pursuant to Labor Code § 226.7;

6.      Upon the Second Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with IWC Wage Order 7 related to payment of overtime compensation and record keeping for Defendants' salaried retail store employees who are primarily engaged in non-exempt work and work more than 40 hours per week or 8 hours per day and related to the failure to timely and properly pay vacation pay, final

15

1  wages, and provide rest and meal breaks; and for an order enjoining and restraining Defendants
2  and their agents, servants and employees related thereto;

3       7.      Upon the Second Cause of Action, for a declaratory judgment and a decree
4  adjudging and decreeing that Representative Plaintiff and the members of the class have
5  regularly worked compensable overtime; further, that the work performed by Representative
6  Plaintiff and the members of the class is subject to overtime compensation requirements and/or
7  is in excess of 40 hours per week and/or 8 hours a day, and that Representative Plaintiff and the
8  members of the class are entitled to overtime compensation for said work and that Defendants
9  have failed to timely and properly pay vacation pay, final wages, and provide rest and meal
10  breaks;
11

12       8.      Upon the Second Cause of Action, for restitution to Representative Plaintiff and
13  other similarly effected members of the class of all funds unlawfully acquired by Defendants by
14  means of any acts or practices declared by this Court to be violative of the mandate established
15  by California Business and Professions Code § 17200 *et seq.*;

16       9.      Upon the Third Cause of Action, for an order certifying the Nation-Wide Class
17  as a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*;

18       10.     Upon the Third Cause of Action, for compensatory damages;

19       11.     Upon the Third Cause of Action, for liquidated damages pursuant to 29 USC
20  216(b);

21       12.     Upon the Third Cause of Action, for a declaratory judgment declaring that the
22  Defendants have willfully and wrongfully violated its statutory and legal obligations and
23  deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections,
24  compensation, benefits and entitlements under the law, as alleged herein;

25       13.     Upon the Third Cause of Action, for injunctive relief;

26       14.     For interest according to proof;

27       15.     For reasonable attorneys fees, expenses and costs as provided by California
28  Labor Code §§ 218.5, 226, 1194, 2699 and Section 16(b) of the FLSA; and,

---

16

SECOND AMENDED COMPLAINT
[CLASS ACTION]

16.     For such other and further relief the Court may deem just and proper.

DATED: 12/20/ , 2007                          **WYNNE LAW FIRM**

                                              By: _____
                                                  J.E.B. Pickett

17

SECOND AMENDED COMPLAINT
[CLASS ACTION]

COPY

EDWARD J. WYNNE (SBN 165819)
J.E.B. PICKETT (SBN 154294)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, California 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Attorneys for Plaintiff

FILED
JAN - 3 2008
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: J. Naue, Deputy*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

| | |
|---|---|
| TINA HOPSON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HANESBRANDS, INC.; SARA LEE CORPORATION and Does 1 through 50, inclusive,<br><br>Defendants. | **NO. CV 07 2378**<br><br>**JOINT STIPULATION AND ORDER RE: FILING OF SECOND AMENDED COMPLAINT**<br><br>**[CLASS ACTION]**<br><br>Dept.: E<br>Hon. Hon. James R. Ritchie |

Plaintiff Tina Hopson ("Plaintiff") and Defendants Hanesbrands, Inc. and Sara Lee Corporation (collectively, "Defendants") (collectively, the "Parties") hereby state and stipulate as follows:

WHEREAS, this matter was originally filed in the Superior Court of the State of California for the County of Marin on May 22, 2007;

1  WHEREAS, Plaintiff filed an Amended Complaint on July 27, 2007, as a matter of

2  right, alleging further violations of California Labor Code Provisions pursuant to the Private

3  Attorney General Act; and

4

5  WHEREAS, Plaintiff filed the instant action as one seeking certification as a Class

6  Action on behalf of all salaried Service Associates who worked for Defendants in the State of

7  California at any time during the period commencing on the date that is four years preceding

8  the filing of the original complaint up to the time the case is certified as a class action; and

9

10  WHEREAS, the Complaint alleges violations of various provisions of the California

11  Labor Code and alleges that Defendants misclassified Plaintiff and the putative class members

12  as exempt employees when in fact they were non-exempt employees and that, accordingly,

13  Plaintiff and the members of the class were allegedly denied overtime for every hour they

14  worked over 40 in a week; and

15

16  WHEREAS, Plaintiff now seeks to add additional allegations and a nationwide class

17  under the FLSA as to all salaried Service Associates employed by Defendants in the United

18  States at any time during the period commencing on the date that is three years preceding the

19  filing of the original complaint in this action up to the time this action is certified as a collective

20  action; and

21

22  WHEREAS, Defendants do not object to the filing of the Second Amended Complaint

23  nor to the addition of any of the substantive allegations therein; and

24  WHEREAS, Defendants deny each and every material allegation of the Complaint and

25  deny that Plaintiff and/or any member of the putative class are entitled to any recovery under

26  the allegations of the Complaint;

27

28

1

**Therefore;**

2

Based on the foregoing, by and through their undersigned attorneys, the Parties

3

HEREBY STIPULATE AND REQUEST that the Court issue an Order permitting Plaintiff to

4

file the Second Amended Complaint as appended herewith and Order said Complaint be

5

6

deemed filed as of the date of the signing of this Order.

7

Dated: December 21, 2007                    PAUL, HASTINGS, JANOFSKY &
                                            WALKER LLP

8

9

10

By: _____
                                            M. Kirby C. Wilcox, Esq.

11

                                            Anne W. Nergaard, Esq.
                                            Attorneys for Defendants Hanesbrands,

12

                                            Inc. and Sara Lee Corporation

13

14

15

Dated: December 21, 2007                    WYNNE LAW FIRM

16

17

By: _____

18

                                            J.E.B. Pickett

19

                                            Attorneys for Plaintiff
                                            Tina Hopson

20

21

22

23

24

25

26

27

28

1    PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT PLAINTIFF BE

2    PERMITTED TO FILE THE SECOND AMENDED COMPLAINT AND THAT

3    PLAINTIFF'S SECOND AMENDED COMPLAINT BE DEEMED FILED AS OF THIS

4

5    DATE.

6
                 JAN - 3 2008
7    DATED: December ____, 2007

8

9                                        J.R. Ritchie

10                                       Hon. James R. Ritchie
                                         Superior Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
                                  4

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edward J. Wynne (165819) <br> J.E.B. Pickett (154294) <br> WYNNE LAW FIRM <br> 100 Drakes Landing Road, Suite 275 <br> Greenbrae, CA 94904 <br> TELEPHONE NO.: (415) 461-6400    FAX NO. *(Optional):*    (415)461-3900 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin | |
|---|---|
| STREET ADDRESS: 3501 Civic Center Drive <br> MAILING ADDRESS: PO Box 4988 <br> CITY AND ZIP CODE: San Rafael, 94913 <br> BRANCH NAME: | |

PLAINTIFF/PETITIONER: Tina Hopson

DEFENDANT/RESPONDENT: Hanesbrands, Inc.; Sara Lee
Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> CV072378 |
|---|---|

TO *(insert name of party being served):* Kirby Wilcox

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 7, 2007

J.E.B. Pickett
_____    ▶    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* A copy of the Second Amended Complaint

*(To be completed by recipient):*
Date this form is signed: 1/11/08

Hanesbrands Inc., Sara Lee Corporation    ▶    Anne Reynord    Attorney
_____    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal <br> Solutions <br> Plus | Code of Civil Procedure, <br> §§ 415.30, 417.10 |
|---|---|---|---|

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     M. KIRBY C. WILCOX (Cal. State Bar No. 78576)
2    ANNE W. NERGAARD (Cal. State Bar No. 235058)
     55 Second Street, 24th Floor
3    San Francisco, California 94105
     Telephone: (415) 856-7000
4    Facsimile: (415) 856-7100

5    Attorneys for Defendants
     HANESBRANDS INC. and
6    SARA LEE CORPORATION

FILED

FEB 0 6 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF MARIN

10

11   TINA HOPSON, individually, and on        CASE NO. CV072378
     behalf of others similarly situated,
12                                            **ANSWER TO SECOND AMENDED**
                    Plaintiff,                **COMPLAINT**
13
            vs.
14
     HANESBRANDS INC., SARA LESS
15   CORPORATION and DOES 1 through 50,
     inclusive,
16
                    Defendants.
17

18   TO PLAINTIFF TINA HOPSON AND HER ATTORNEYS OF RECORD, EDWARD J.

19   WYNN, J.E.B. PICKETT AND THE WYNNE LAW FIRM:

20

21          Defendants Hanesbrands Inc. and Sara Lee Corporation (collectively,

22   "Defendants"), for themselves alone and no other defendant, hereby answer the unverified

23   Second Amended Complaint ("Complaint") of Plaintiff Tina Hopson ("Plaintiff") as follows:

24

25                                  **GENERAL DENIAL**

26          Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny,

27   generally and specifically, each and every material allegation in the Complaint.  Defendants

28
     LEGAL_US_W # 58109217.2

                        ANSWER TO SECOND AMENDED COMPLAINT

1   further deny, generally and specifically, that Plaintiff and the class she proposes (the "Proposed

2   Class"), the existence of which Defendants deny, have been or will be damaged in any sum, or at

3   all, by reason of any act or omission on the part of Defendants, or any of their past or present

4   agents, representatives or employees. Defendants deny, generally and specifically, that Plaintiff

5   is entitled to the relief that she seeks or any relief.

6        Without admitting any facts alleged by Plaintiff, Defendants also set forth the following

7   defenses to the Complaint:

8                                    **ADDITIONAL DEFENSES**

9        1.    The Complaint, and each of its purported causes of action, fails to state a claim

10   upon which relief can be granted.

11       2.    The first and second purported causes of action are barred, in whole or in part, by

12   the applicable statutes of limitation, including but not limited to, California Code of Civil

13   Procedure sections 337, 338, 339, and 340, and/or California Business and Professions Code

14   section 17208.

15       3.    The first and second purported causes of action are barred, in whole or in part,

16   because Plaintiff and the class she purports to represent were, at all times material to the

17   Complaint, properly classified as exempt from overtime and related wage-and-hour laws,

18   including but not necessarily limited to Industrial Welfare Commission Wage Order 7-2001

19   paragraph 1(A)(2) (administrative exemption) and/or Industrial Welfare Commission Wage Order

20   7-2001 paragraph 3(K)(1) (motor carrier exemption) and/or Industrial Welfare Commission Wage

21   Order 16-2001 paragraph 1(c) (outside sales exemption).

22       4.    The Complaint, and each of its purported causes of action, is barred because

23   Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and

24   cannot represent the interests of others.

25       5.    The Complaint, and each of its purported causes of action, is barred because the

26   types of claims alleged by Plaintiff on behalf of herself and the alleged classes, the existence of

27   which is expressly denied, are matters in which individual questions predominate and,

28   accordingly, are not appropriate for class treatment.

LEGAL_US_W # 58109217.2                    -2-

1    6.    The Complaint, and each of its purported causes of action, is barred because

2  Plaintiff has not shown and cannot show that class treatment of the claims alleged in the

3  Complaint are superior to other methods of adjudicating the controversy.

4    7.    The Complaint, and each of its purported causes of action, is barred because the

5  classes of persons that Plaintiff purports to represent, the existence of which is expressly denied,

6  is not so numerous that joinder is impracticable.

7    8.    The Complaint, and each of its purported causes of action, is barred because the

8  claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged

9  classes that Plaintiff purports to represent, the existence of which is expressly denied.

10    9.    The Complaint, and each of its purported causes of action, is barred because

11  Plaintiff is an inadequate representative of any alleged classes of persons she purports to

12  represent, the existence of which is expressly denied.

13    10.    The Complaint, and each of its purported causes of action, is barred because

14  certain of the interests of members of the Proposed Classes are in conflict with the interests of

15  other members of the Proposed Classes.

16    11.    As to first and second purported causes of action, Plaintiff is not entitled to any

17  penalty award under the California Labor Code, including but not limited to, sections 203, 210,

18  226, 226.3, 226.7, 558, 1174.5, 1197.1, and 2699 because, at all times relevant to the Complaint,

19  Defendants did not willfully fail to comply with the compensation provisions of the California

20  Labor Code or the applicable wage order, but rather acted in good faith and had reasonable

21  grounds for believing that they did not violate the compensation provisions of the California

22  Labor Code or the applicable wage order.

23    12.    As to the first purported cause of action, Plaintiff's claim for failure to provide

24  meal and rest periods is barred to the extent that Plaintiff and/or the Proposed Classes voluntarily

25  waived or chose not to take the meal and rest periods that Defendants provided.

26    13.    The second purported cause of action under California Business and Professions

27  Code section 17200 is barred because Plaintiff cannot show an alleged injury to competition, as

28  distinguished from alleged injury to herself.

LEGAL_US_W # 58109217.2                -3-

1   14.   The second purported cause of action under California Business and Professions
2   Code section 17200 is barred because Plaintiff cannot show a deception upon the public.

3   15.   The second purported cause of action under California Business and Professions
4   Code section 17200 is barred because section 17200 unconstitutional in that, among other things,
5   it is void for vagueness, violative of equal protection, violative of due process, an undue burden
6   upon interstate commerce, and violative of the freedom of contract.

7   16.   The second purported cause of action under California Business and Professions
8   Code section 17200 violates Defendants' constitutional rights to due process to the extent the
9   claims do not afford Defendants the protections against multiple suits and duplicative liability
10  ordinarily provided by class actions.

11  17.   The second purported cause of action under California Business and Professions
12  Code section 17200 violates Defendants' rights under the United States Constitution and the
13  California Constitution by attempting to enforce California Business and Professions Code
14  section 17200 in a manner that renders the requirements of that statute unconstitutionally vague.

15  18.   The second purported cause of action under the California Business and
16  Professions Code is barred because the remedies for the alleged violations are limited to the
17  remedies expressly provided in the California Labor Code.

18  19.   The Complaint, and each of its purported causes of action, are barred in whole or
19  in part because Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and
20  each of its purported causes of action, by reason of Plaintiff's own actions and course of conduct.

21  20.   The Complaint, and each of its purported causes of action, are barred in whole or
22  in part because Defendants had an honest, good-faith belief that all decisions with respect to
23  Plaintiff's employment were made by Defendants solely for legitimate, business-related reasons
24  and were reasonably based upon the facts as Defendants understood them.

25  21.   The Complaint, and each of its purported causes of action, are barred because any
26  recovery from Defendants would result in unjust enrichment to Plaintiff and/or the Proposed
27  Classes.

28

LEGAL_US_W # 58109217.2                    -4-

1    22.    Plaintiff's claim for pre-2004 penalties under the Private Attorneys General Act of
2    2004 in the purported first cause of action is barred on the ground that the Act may not be given
3    retroactive application.

4    23.    As to the first and second purported causes of action, Plaintiff's claim for penalties
5    under the California Labor Code, including but not limited to, sections 210, 226, 226.3, 226.7,
6    558, 1174.5, 1197.1, and 2699 is barred to the extent it seeks an award of penalties beyond the
7    one-year limitation period contained in California Code of Civil Procedure section 340(a), and is
8    also barred to the extent it seeks interest, attorneys' fees, restitution, and/or Private Attorneys
9    General penalties, on the grounds that Labor Code sections 210, 226, 226.3, 226.7, 558, 1174.5,
10   1197.1, and, but not limited to, 2699 create a penalty rather than a claim for unpaid wages.
11   Plaintiff's claim for penalties under California Labor Code section 203 is barred to the extent that
12   it seeks an award of penalties beyond the three-year statute of limitations contained in that
13   section.

14   24.    As to the first and second purported causes of action, the Complaint fails to state a
15   claim for penalties under California Labor Code sections 203, 210, 226, 226.3, 226.7, 558,
16   1174.5, 1197.1, and, but not limited to, 2699 in that there is a good-faith dispute as to Defendants'
17   obligation to pay any wages that may be found to be due.

18   25.    The Complaint and each of its causes of action are barred to the extent Plaintiff
19   and/or the Proposed Classes seek injunctive and equitable relief, because an adequate and
20   complete remedy at law exists.

21   26.    Plaintiff lacks standing to bring a claim for injunctive relief on behalf of herself
22   and/or the Proposed Classes.

23   27.    Plaintiff and/or the Proposed Classes have failed to mitigate or reasonably attempt
24   to mitigate their damages, if any, as required by law.

25   28.    The Complaint and each of its causes of action are barred as to Sara Lee
26   Corporation after September 2006, as Sara Lee Corporation was not the employer of Plaintiff
27   and/or the Proposed Classes after September 2006.

28

LEGAL_US_W # 58109217.2                    -5-

1    29.    As to the third purported cause of action, with respect to some or all claims
2    brought by Plaintiff and the class of persons she purports to represent, the existence of which are
3    expressly denied, Defendants affirmatively plead that any acts or omissions which may be found
4    to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith
5    with reasonable grounds for believing that Defendants were in full compliance with the FLSA.
6    As such, the statute of limitations can be no longer than two (2) years, as provided under the
7    FLSA.  29 U.S.C. section 255(a).

8    30.    Neither Defendant nor its officers, directors, managers, or agents knew or intended
9    that their acts or omissions, if any, would be prohibited by the FLSA or the California Labor
10   Code, and did not show reckless indifference to or disregard for the requirements of the FLSA or
11   the California Labor Code or ratify any such acts or omissions.

12   31.    The Complaint, and each of its purported causes of action, is barred because
13   Plaintiff, and the classes of persons she purports to represent, the existence of which are expressly
14   denied, is precluded from recovering any amounts from Defendants where Defendants have paid
15   Plaintiff or the classes of persons Plaintiff purports to represent, the existence of which are
16   expressly denied, all sums legally due under California and federal law.

17   32.    Any alleged violation of the FLSA or the California Labor Code by Defendant, or
18   either of them, or their officers, directors, managers, or agents (and Defendant denies that any
19   such violation has occurred), was committed through inadvertence, accident, or ordinary
20   negligence or was an honest mistake, after diligent inquiry, about the meaning of the law.

21   33.    As to the third purported cause of action, Defendants and their officers, directors,
22   managers, and agents acted in good faith, in actual conformity with, and in reliance on a written
23   administrative regulation, order, ruling, approval, or interpretation, in effect at the time, of the
24   United States Department of Labor or other agency.

25   34.    As to the third purported cause of action, some or all of the disputed time for
26   which Plaintiff, and the classes of persons she purports to represent, the existence of which are
27   expressly denied, seeks recovery of wages purportedly owed is not compensable pursuant to the
28   *de minimis* doctrine.

LEGAL_US_W # 58109217.2                          -6-

1       35.    As to the third purported cause of action, to the extent Plaintiff or any putative

2   class member worked "off the clock," they did so without the Defendants' actual or constructive

3   knowledge and in violation of Hanesbrands, Inc. policies.

4   <div align="center">**RELIEF REQUESTED**</div>

5       Defendants ask the Court to enter judgment in favor of Defendants and against Plaintiff, to

6   award Plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice,

7   and to award to Defendants their costs of suit, including reasonable attorneys' fees, and such

8   further or other relied at the Court may deem proper.

9

10  DATED: February 6, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

11

12                                    By:                                  

13                                          ANNE W. NERGAARD

14                              Attorneys for Defendants
                                HANESBRANDS, INC.

15                              SARA LEE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">ANSWER TO SECOND AMENDED COMPLAINT</div>

1          **PROOF OF SERVICE**

2          I declare:

3          I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within-entitled action. My business

4     address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441. On
February 6, 2008, I served a copy of the within document(s):

5
              •        **ANSWER TO SECOND AMENDED COMPLAINT**
6

7          ☐        by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

8
           ☐        by placing the document(s) listed above in a sealed envelope with postage thereon
9                     fully prepaid, in the United States mail at San Francisco, California addressed as
set forth below.

10

11        ☒        by placing the document(s) listed above in a sealed United Parcel Service, Inc.
envelope and affixing a pre-paid air bill, and causing the envelope to be delivered

12                    to a UPS agent for delivery.

13        ☐        by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14
Edward J Wynne, Esq.
15   J.E.B. Pickett, Esq.
Wynne Law Firm
16   100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
17
(Facsimile: (415) 461-3900
18
*Attorneys for Plaintiff*
19

20

21        I declare under penalty of perjury under the laws of the State of California that the above

22   is true and correct.

23

24        Executed on February 6, 2008, at San Francisco, California.

25

26                                                        Helen DeVol

27                                                        Helen DeVol

28
LEGAL_US_W # 56530061.1

                              PROOF OF SERVICE

COPY

RECEIVED

DEC 0 5 2007

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

1  Edward J. Wynne      (SBN #165819)
2  J.E.B. Pickett        (SBN #154294)
   **WYNNE LAW FIRM**
3  100 Drakes Landing Road, Suite 275
   Greenbrae, CA 94904
4  (415) 461-6400

5  Attorneys for Plaintiffs

6

7

8

9                       **SUPERIOR COURT OF CALIFORNIA**

10                              **COUNTY OF MARIN**

11  TINA HOPSON, individually, and on behalf  )   **NO. CV072378**
12  of others similarly situated,             )
                                              )
13              Plaintiff,                     )   **NOTICE OF UNAVAILABILITY OF**
                                              )   **COUNSEL**
14         vs.                                )
                                              )
15  HANESBRANDS, INC.; SARA LEE               )
16  CORPORATION and Does 1 through 50,        )
    inclusive,                                )
17  Defendants.                                )
    _____)
18  **TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

19         PLEASE TAKE NOTICE that Plaintiffs' counsel will not be available from December
20
21  24, 2007, through January 1, 2008, inclusive. Counsel's office will be closed during this entire
22  time. Therefore, Plaintiffs' counsel will not be available to make any appearances, oppose any
23  motions or ex parte applications during that time.
24

25  DATED:        December ___, 2007              WYNNE LAW FIRM
26
27
                                                  Edward J. Wynne
28                                                Attorneys for Plaintiffs



                                          1

1

**PROOF OF SERVICE**

2

3      I am employed in the County of Marin; I am over the age of eighteen years and not a party to the within entitled action; my business address is 100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904.

4

5      On **December 3, 2007**, I served the following document(s) on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

6

7      **NOTICE OF UNAVAILABILITY OF COUNSEL**

8

9      ☑ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

13     M. Kirby Wilcox
       Anne W. Nergaard

14     PAUL HASTINGS JANOFSKY &
       WALKER, LLP

15     55 Second Street, 24th Floor

16     San Francisco, CA 94105

17     ☑ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

18

19

20         Executed on December 3, 2007 at Greenbrae, California.

21

22                                                     Heidi Phillips

23

24

25

26

27

28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com
2  ANNE W. NERGAARD (SB# 235058) annenergaard@paulhastings.com
   Twenty-Fourth Floor
3  55 Second Street
   San Francisco, CA 94105-3441
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5
   Attorneys for Defendants
6  HANESBRANDS INC.
   SARA LEE CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF MARIN

10

11  TINA HOPSON, individually and on          CASE NO. CV 072378
    behalf of others similarly situated,
12
              Plaintiff,
13                                             **NOTICE TO STATE COURT AND**
         vs.                                   **ADVERSE PARTY OF FILING NOTICE**
14                                             **OF REMOVAL OF CIVIL ACTION TO**
    HANESBRANDS INC.; SARA LEE                 **FEDERAL COURT UNDER 28 U.S.C.**
15  CORPORATION and Does 1 through 50,         **§§ 1331 AND 1441(B)**
    inclusive,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
    LEGAL_US_W # 56519688.2

    NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  TO THE CLERK OF THE COURT, PLAINTIFF TINA HOPSON AND TO HER ATTORNEYS

2  OF RECORD, EDWARD J. WYNNE AND J.E.B. PICKETT OF THE WYNNE LAW FIRM:

3

4          PLEASE TAKE NOTICE that on February 7, 2008, defendants Hanesbrands Inc.

5  and Sara Lee Corporation removed this action from this Court to the United States District Court

6  for the Northern District of California. Attached to this notice as Exhibit A is a copy of the

7  Notice Of Removal Of Civil Action To Federal Court and the Declaration of Anne Nergaard In

8  Support Thereof.

9

10  DATED: February 7, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP

11

12

13                              By: _____
                                        ANNE W. NERGAARD

14                              Attorneys for Defendant
                                HANESBRANDS INC.
15                              SARA LEE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I declare:

3          I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within-entitled action. My business
4     address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441. On
February 7, 2008, I served a copy of the within document(s):

5

6          •    **NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT**

7
☐          by transmitting via facsimile the document(s) listed above to the fax number(s) set
8          forth below on this date before 5:00 p.m.

9
☐          by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Francisco, California addressed as
10          set forth below.

11
☒          by placing the document(s) listed above in a sealed United Parcel Service, Inc.
envelope and affixing a pre-paid air bill, and causing the envelope to be delivered
12          to a UPS agent for delivery.

13
☐          by personally delivering the document(s) listed above to the person(s) at the
14          address(es) set forth below.

15     Edward J Wynne, Esq.
J.E.B. Pickett, Esq.
16     Wynne Law Firm
100 Drakes Landing Road, Suite 275
17     Greenbrae, CA 94904

18     (Facsimile: (415) 461-3900

19     *Attorneys for Plaintiff*

20

21

22          I declare under penalty of perjury under the laws of the State of California that the above

23     is true and correct.

24

25          Executed on February 7, 2008, at San Francisco, California.

26

27                                                                    Helen DeVol

28
LEGAL_US_W # 56530061.1

PROOF OF SERVICE