1  EDWARD J. WYNNE (Cal. State Bar No.165819)
   J.E.B. PICKETT (Cal. State Bar No. 154294)
2  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
3  Greenbrae, California 94904
   Telephone: 415.461-6400
4  Facsimile: 415.461-3900
   ewynne@wynnelawfirm.com
5  jebpickett@wynnelawfirm.com.

6  Attorneys for Plaintiff
   TINA HOPSON
7
   M. KIRBY C. WILCOX (Cal. State Bar No. 78576)
8  JEFFREY D. WOHL (Cal Stat Bar No. 96838)
   ANNE W. NERGAARD (Cal. State Bar No. 235058)
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
10 San Francisco, California  94105-3441
   Telephone: (415) 856-7000
11 Facsimile: (415) 856-7100
   kirbywilcox@paulhastings.com
12 jeffwohl@paulhastings.com
   annenergaard@paulhastings.com
13
   Attorneys for Defendants
14 HANESBRANDS INC. and
   SARA LEE CORPORATION
15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18

19 TINA HOPSON, individually and on          No. CV-08-0844-EDL
   behalf of others similarly situated,
20                                            **DECLARATION OF ANNE W.**
                  Plaintiff,                  **NERGAARD IN SUPPORT OF JOINT**
21                                            **MOTION FOR PRELIMINARY**
            vs.                               **APPROVAL**
22
   HANESBRANDS INC.; SARA LEE                 Date:      July 22, 2008
23 CORPORATION and Does 1 through 50,         Time:      9:00 a.m.
   inclusive,                                 Courtroom: E (15th Floor)
24                                            Judge:     Hon. Elizabeth D. Laporte
                  Defendants.
25

26

27

28

I, Anne W. Nergaard, declare as follows:

1.    I am an attorney licensed by the State Bar of California and admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for defendants Hanesbrands Inc. and Sara Lee Corporation. I have personal knowledge of the facts set forth in this declaration unless otherwise stated, and if called to testify under oath, could and would testify competently thereto.

2.    The parties to this class action reached an agreement during a full-day mediation on April 8, 2008.

3.    Attached to this declaration as Exhibit 1 is a true and correct copy of the parties' executed Settlement Agreement. Attached to the Settlement Agreement as lettered exhibits are the following documents which, subject to court approval, will be used to facilitate final approval of the settlement:

        a.    Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval (Exhibit A);

        b.    Claim Form and Consent to Join FLSA Collective Action (Exhibit B);

        c.    Election Not to Participate in Settlement (Exhibit C);

        d.    Notice under CAFA of Proposed Class Action Settlement (Exhibit D);

        e.    [proposed] Order of Preliminary Approval of Settlement (Exhibit E); and

        f.    [proposed] Judgment Approving Settlement and Judgment (Exhibit F).

4.    Attached to this declaration as Exhibit 2 is the parties' proposed timeline for approval of their settlement.

5.    In preparation for litigation and this mediation, defendants provided the following information to the plaintiff Tina Hopson and her counsel, among other things:

        a.    payroll data file, including position title, hire date, work state, termination date, and wages for 2001 through 2007;

        b.    transactional data file, which included a transactional history for full-time Service Associates;

///

c.   overtime data file, which included overtime hours worked and overtime wages paid by pay period between September 1, 2007 (the date that full-time Service Associates were converted to non-exempt) through February 1, 2008;

d.   information regarding pay frequency practices;

e.   more than 700 sample "call reports," which include contemporaneous time records prepared by Service Associates along with a description of the duties performed by day; and

f.   final pay check data file, which included the termination date and last pay check issued for Service Associates employed in California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 16th, 2008, at San Francisco, California.


_____/s/_____
Anne W. Nergaard

NERGAARD DECL. ISO JT MTN FOR PRELIM APP
U.S.D.C., N.D. Cal., No. CV-08-0844-EDL

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and between Tina Hopson ("Plaintiff") and Hanesbrands Inc. and Sara Lee Corporation (collectively, "Defendants"). Plaintiff and Defendants collectively are referred to in this Agreement as the "Parties."

I. **DEFINITIONS**

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A. "Action" means the civil action commenced on May 22, 2007, by Plaintiff against Defendants in the Superior Court entitled "Tina Hopson, individually and on behalf of others similarly situated, Plaintiff, v. Hanesbrands Inc.; Sara Lee Corporation and Does I through 50, inclusive, Defendants," designated Case No. CV-072378, and removed by Defendants to the District Court on February 7, 2008, and there designated Case No. 3:08-CV-00844 EDL.

B. "Claimant" means a Participating Class Member who timely submits a valid Claim Form and Consent to Join FLSA Collective Action.

C. "Class" means a class composed of (i) all persons who worked as full-time Service Associates for Defendants in the State of California at any time during the period from May 22, 2003, to September 1, 2007; (ii) all persons who worked as full-time Service Associates for Defendants anywhere in the United States other than the State of California at any time during the period from May 22, 2004, to September 1, 2007; and (iii) all persons who worked as part-time Service Associates for Defendants in the State of California at any time during the period from May 22, 2004, to September 1, 2007. Those persons included in either group (i) or group (ii) are called the "Full-Time Class" in this Agreement, and those persons included in group (iii) are called the "Part-Time Class" in this Agreement.

D. "Class Counsel" means Wynne Law Firm.

E. "Class Counsel Fees and Expenses Payment" means the total amount of attorneys' fees and litigation costs and expenses awarded to Class Counsel by the District Court to compensate them for their attorneys' fees and litigation costs and expenses in connection with the Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

F. "Class Members" means all members of the Class. "Full-Time Class Members" means all members of the Full-Time Class and "Part-Time Class Members" means all members of the Part-Time Class.

G. "Class Representative Payment" means the special payment made to Plaintiff in her capacity as Class Representative.

H.    "District Court" means the United States District Court for the Northern District of California.

I.    "Effective Date" means the date by which all of the following have occurred:

    1.    Defendants have not voided this Settlement pursuant to section III.F.8, *infra*;

    2.    this Agreement is finally approved by the Judgment; and

    3.    the Judgment becomes Final.

J.    "Final" means the last of the following dates, as applicable:

    1.    The last date on which a notice of appeal from the Judgment may be filed, and none is filed.

    2.    If a timely appeal from the Judgment is filed, the latter of the following dates:

        a.    the last date by which a petition for writ of *certiorari* by the United States Supreme Court (the "Supreme Court") seeking review of a decision affirming the Judgment by the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") may be filed, and none is filed by that date; or

        b.    if a petition for a writ of *certiorari* to the Supreme Court, seeking review of the Judgment or of the Ninth Circuit's decision on an appeal from the Judgment is timely filed, the date on which the Supreme Court denies the petition or the Supreme Court affirms the Judgment.

K.    "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to approve finally and implement the terms of this Agreement.

L.    "Judgment" means the Order Granting Final Approval of Class Action Settlement and Judgment entered by the District Court.

M.    "Maximum Settlement Amount" means $400,000 to be paid by Defendants as provided by this Agreement, subject to adjustment as provided by section III.A.2., *infra*.

N.    "Net Settlement Amount" means the Maximum Settlement Amount to be paid by Defendants pursuant to this Settlement less the Class Representative Payment, the Class Counsel Fees and Expenses Payment, the Settlement Administrator's reasonable fees and expenses in administering the Settlement, and the payment to the California Labor Workforce Development Agency.

2

O. "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

P. "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

Q. "Preliminary Approval of the Settlement" means the District Court's preliminary approval of the Settlement without material change.

R. "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

S. "Settlement Administrator" means the administrator appointed by the District Court to administer the Settlement.

T. "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

U. "Superior Court" means the Superior Court of California in and for the County of Marin.

V. "Defendants' Counsel" means M. Kirby C. Wilcox, Jeffrey D. Wohl, and Anne W. Nergaard of Paul, Hastings, Janofsky & Walker LLP.

W. "Work Weeks" means the number of calendar weeks, running from Sunday to Saturday and prorated by the number of days worked that week and rounded to the nearest two-digit decimal, during which the Full-Time Class Members worked for Defendants in the State of California at any period of time between May 22, 2003, and September 1, 2007; during which the Full-Time Class Members worked for Defendants anywhere in the United States other than the State of California at any time during the period from May 22, 2004, to September 1, 2007; and during which the Part-Time Class Members worked for Defendants in the State of California at any period of time between May 22, 2004, and September 1, 2007.

## II. RECITALS

A. On May 22, 2007, Plaintiff commenced the Action against Defendants by filing a complaint (the "Original Complaint") in the Superior Court. Plaintiff did not serve Defendants with the Original Complaint. On May 21, 2007 and June 15, 2007, Plaintiff sent notices to the California Labor and Workforce Development Agency (the "LWDA") alleging that Defendants violated various provisions of the California Labor Code.

B. On July 27, 2007, Plaintiff filed and served on Defendants a First Amended Complaint (the "First Amended Complaint"). In the First Amended Complaint, Plaintiff alleged that Defendants misclassified Plaintiff and a class she proposed

3

as exempt under California wage-and-hour laws and, on that basis, failed to pay Plaintiff and the proposed class for overtime wages, to provide them with meal periods and rest breaks, to timely pay Plaintiff and the proposed class their wages, and to provide them with correctly itemized wage statements. Plaintiff also alleged that with regard to such matters, Defendants engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.* Plaintiff also sought civil penalties ("PAGA Penalties") for the violations of the California Labor Code she alleged pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*

C.  Defendants filed their Answer to the First Amended Complaint on August 27, 2007. Defendants denied Plaintiff's material allegations; maintained that the Court should not certify the class action proposed by Plaintiff, that Plaintiff and the proposed class were properly classified as exempt under California wage-and-hour law, and that Defendants bore no liability to Plaintiff and the proposed class; and raised other defenses.

D.  On January 3, 2008, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint"). The Second Amended Complaint reiterated the causes of action raised in the First Amended Complaint, added a third cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and sought to pursue a collective action under the FLSA on behalf of a nationwide class of salaried Service Associates. Defendants accepted service of the Second Amended Complaint on January 11, 2008.

E.  On February 6, 2008, Defendants filed an answer to the Second Amended Complaint reiterating its denials and defenses to the First Amended Complaint. Defendants also denied Plaintiff's new material allegations; maintained that the Court should not certify the collective action proposed by Plaintiff, that Plaintiff and the members of the collective action she proposes were properly classified as exempt under the FLSA, and that Defendants bore no liability to Plaintiff and the members of the collective action she proposed; and raised other defenses.

F.  On February 7, 2008, Defendants removed the Action to the District Court, pursuant to federal-question jurisdiction, 28 U.S.C. § 1331 (FLSA, 29 U.S.C. § 201 *et seq.*), and supplemental jurisdiction over Plaintiff's state-law claims.

G.  After good-faith negotiations on April 8, 2008, presided over by Mediator David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder LLP, during which each side, represented by its respective counsel, recognized the substantial risk of an adverse result in the Action, the Parties agreed to settle the Action and all other matters covered by this Agreement pursuant to the terms and conditions of this Agreement.

H.  This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that it

4

has any liability to Plaintiff or the Class on those claims, or as an admission by Plaintiff that Defendants' defenses in the Action have merit.

Based on these Recitals, the Parties agree as follows:

III.    **SETTLEMENT TERMS AND CONDITIONS**

    A.    Maximum Settlement Amount.

        1.    **Agreed-Upon Maximum Settlement Amount.** Subject to adjustment as provided by section III.A.2. *infra*, the terms and conditions of this Agreement, the Maximum Settlement Amount that Defendants will pay under this Settlement is $400,000. From the Maximum Settlement Amount and no other source Defendants will pay Settlement Shares to Claimants, the Class Representative Payment to Plaintiff, the Class Counsel Fees and Expenses Payment to Class Counsel, the payment to the California Labor and Workforce Development Agency, and the Settlement Administrator's reasonable fees and expenses.

        2.    **Adjustment to Maximum Settlement Amount because of additional Work Weeks.** Based on the information available to them at the time of the mediation, the Parties have estimated that the total Work Weeks for Full-Time Class Members (while they worked as full-time Service Representatives) is 28,651 and the total Work Weeks for Part-Time Class Members (while they worked as part-time Service Representatives) is 1,696. This estimate excludes estimated vacation of two weeks per year (prorated by the length of time the Class Member was a Class Member in that year) and actual leaves of absence. If, at the conclusion of the claim procedure, the Settlement Administrator determines that the Work Weeks attributable to the Class exceeds the total of these Work Weeks (30,347) by more than 500 Work Weeks, then Defendants will increase the Maximum Settlement Amount by a percentage equal to the percentage of additional Work Weeks determined by the Class Administrator. For purposes of this adjustment, additional Work Weeks worked in California will be increased by a factor of 1.5, and additional Work Weeks worked by Part-Time Class Members will be increased by a factor of .5.

    B.    **Settlement Share.** Subject to the terms and conditions of this Agreement, Defendants will pay a Settlement Share from the Maximum Settlement Amount to each Claimant.

        1.    Adjustments to Work Weeks.

            a.    **Adjustment for Work Weeks for Full-Time Class Members who worked in California.** For purposes of calculation of their Settlement Shares, Claimants who are Full-Time Class Members who worked in California will have their Work Weeks increased

by a factor of 1.5 to compensate for the additional remedies available under California law to misclassified employees compared to the remedies available under the FLSA to misclassified employees.

b.    **Adjustment for Work Weeks for Part-Time Class Members.** For purposes of calculation of Settlement Shares, Claimants who are Part-Time Class Members will have their Work Weeks decreased by a factor of 0.5 to account for (i) the fewer hours on average they worked compared to the hours that Full-Time Class Members on average worked and (ii) the fact that while they worked for Defendants, they were paid on an hourly basis and were paid overtime compensation for overtime hours worked.

2.    **Formula.** The Settlement Share for each Claimant will be the percentage (rounded up or down to the nearest two-digit decimal) that is equal to (i) that Claimant's total number of Work Weeks divided by (ii) the total number of Work Weeks of all Claimants, multiplied by the Net Settlement Amount, provided that no Claimant will receive less than a $200 Settlement Share.

3.    Payroll Tax Withholding and Deductions.

a.    Fifty percent of each Settlement Share for each Claimant who is a Full-Time Class Member (the "Wage Portion") is intended to settle each such Claimant's claims for unpaid wages. Accordingly, the Wage Portion will be reduced by applicable payroll tax withholding and deductions; and Defendants will issue a Form W-2 with respect to the Wage Portion. Defendants will pay the employer's share of payroll taxes attributable to the Wage Portions from their own assets and not from the Maximum Settlement Amount.

b.    Fifty percent of each Settlement Share for each Claimant who is a Full-Time Class Member, and one hundred percent of each Settlement Share for each Claimant who is a Part-Time Class Member (the "Non-Wage Portion") is intended to settle each such Claimant's claims for interest and/or penalties. Accordingly, the Non-Wage Portion will not be reduced by payroll tax withholding and deductions; instead, to the extent required by applicable law, Defendants will issue a Form 1099 with respect to the Non-Wage Portion.

C.    **Payments to Plaintiff and Class Counsel.** Subject to the terms and conditions of this Agreement, Defendants will make payments to Plaintiff and Class Counsel out of the Maximum Settlement Amount as follows:

6

1.  **To Plaintiff:** In addition to her Settlement Share, Plaintiff will apply to the District Court for an award of not more than $5,000 as her Class Representative Payment, and Defendants will not oppose this request. Defendants will pay the amount approved by the District Court (but not more than $5,000) out of the Maximum Settlement Amount. Payroll tax withholding and deductions will not be taken from the Class Representative Payment; instead, a Form 1099 will be issued to Plaintiff for the amount paid.

2.  **To Class Counsel:** Class Counsel will apply to the District Court for an award of not more than $100,000 in attorneys' fees and not more than $12,500 in litigation costs and expenses as their Class Counsel Fees and Expenses Payment, and Defendants will not oppose their request. Defendants will pay the amount approved by the District Court (but not more than $112,500 total) out of the Maximum Settlement Amount. Payroll withholding and deductions will not be taken from the Class Counsel Fees and Expenses Payment; instead, one or more Forms 1099 will be issued to Class Counsel for the amount paid.

D.  **Payment to LWDA.** Out of the Maximum Settlement Amount, Defendants will pay to the LWDA $1,500 (the "LWDA Payment") as the LWDA's share of the settlement of PAGA Penalties, which the Parties believe in good faith, and will request the District Court to find in their motions pursuant to sections III.F.1.a. and III.F.9.a., *infra*, is fair and reasonable.

E.  **Appointment of Settlement Administrator.** The parties will ask the District Court to appoint a qualified administrator agreed upon by the Parties to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation. If the Parties cannot agree on a Settlement Administrator, then the District Court will appoint one. The Settlement Administrator will have the authority to oversee the payment of Settlement Shares under this Agreement and final authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share. The Settlement Administrator's reasonable fees and expenses will be paid from the Maximum Settlement Amount.

F.  Procedure for Approving Settlement, Making Claims, and Making Comments on or Raising Objections to Settlement.

1.  Motion for Conditional Certification of Class and Preliminary Approval of Settlement by the District Court.

    a.  The Parties jointly will bring a motion before the District Court (the "Preliminary Motion") for an order conditionally certifying the Class, preliminary approving the Settlement, and setting a date for the Final Approval Hearing; approving the Notice of Conditional Certification of the Class, Preliminary Approval of the

7

Class Settlement, and Final Approval Hearing (the "Class Notice") (in the form evidenced by Exhibit A to this Agreement); and the Claim Form and Consent to Join FLSA Collective Action (in the form evidenced by Exhibit B to this Agreement) (the "Claim Form") and the Election Not to Participate in Settlement Form (in the form evidenced by Exhibit C to this Agreement) (collectively, the "Class Forms"); and approving the notice of proposed settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (the "CAFA Notice") (in the form evidenced by Exhibit D to this Agreement) to be given by Defendants pursuant to section I II.F.2., *infra*. Any disagreement among the Parties concerning the Class Forms, the CAFA Notice, or other documents necessary to implement the Settlement will be referred to the District Court for resolution.

b.    At the hearing on the Preliminary Motion, the Parties will jointly appear, support the granting of the motion, and submit a [Proposed] Order Granting Conditional Certification of Class, Preliminary Approval of Class Action Settlement, and Approval of Notice to Class, the Claim Form, the Election Not to Participate in Settlement, and CAFA Notice; and Setting Hearing for Final Approval of Settlement in the form evidenced by Exhibit E to this Agreement.

c.    Should the District Court decline to conditionally certify the Settlement Class or to approve preliminarily all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

2.    **CAFA Notice.** Within ten days of the Parties' filing the Preliminary Motion, Defendants will, pursuant to CAFA, mail the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides at the time of notice. If Defendants later learn that a Class Member resides in a state other than the state noted in Defendants' records, Defendants will provide or supplement the CAFA Notice(s) to the appropriate state official in each state where a Class Member is then-found to reside. The parties intend and believe that the CAFA Notice(s) pursuant to the procedures described herein comply with the requirements of CAFA; will seek approval of these procedures for CAFA Notice in the motion described in section III.F.1.a., *supra*; and will request the District Court adjudicate the validity of the CAFA Notice in the motion described in section III.F.9.a., *infra*, and bar any Participating Class Member's claim to void or avoid the Settlement under CAFA.

8

3.    **Mailing of Class Notice and Class Forms to Class Members.** After the District Court enters its order granting Conditional Class Certification and Preliminary Approval of the Settlement, all Class Members will be provided with the Class Notice (completed to reflect the order granting Preliminary Approval of the Settlement) and the Class Forms as follows:

a.    Within ten (10) days after the District Court enters its order granting Conditional Class Certification and Preliminary Approval, Defendants will provide to the Settlement Administrator a document containing for each Class Member his or her name, last known mailing address and telephone number; Social Security number and employee identification number; and the number of Work Weeks based on his or her payroll records. Defendant will also provide this information to Class Counsel, except that it will not provide Class Counsel with Social Security numbers, provided, however, that Class Counsel will be entitled to the results of any searches performed by the Settlement Administrator utilizing Social Security numbers. If any or all of these data are unavailable to Defendants, Defendants will so inform Class Counsel and the Parties will make their best efforts to reconstruct or otherwise agree upon the data prior to when it must be submitted to the Settlement Administrator. If the parties are unable to agree, the dispute will be resolved pursuant to the dispute-resolution procedure set forth in section III.F.6., *infra*. The data provided to the Settlement Administrator by Defendants will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable tax authorities, in order to carry out the reasonable efforts described in section III.F.3.c., *infra*, pursuant to Defendants' express written consent, or by order of the District Court.

b.    Within fourteen (14) days after receiving the Class Member information described in section III.F.3.a., *supra*, the Settlement Administrator will mail the Class Notice and the Class Forms to all identified Class Members via first-class regular U.S. Mail using the last known address information provided by Defendants, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement. Prior to the initial mailing, the Settlement Administrator shall run a search on the National Change of Address database in order to update Class Member addresses.

c.    If a Class Notice is returned because of an incorrect address, the Settlement Administrator will have twenty (20) days from receipt of the returned Notice to search for a more current address for the Class Member and re-mail the Class Notice and the Class Forms to

9

the Class Member. The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed job parameters, court orders and fee, as agreed to with Class Counsel and according to the deadlines set forth in this Agreement, to trace the mailing address of any Class Member for whom a Class Notice is returned by the Postal Service as undeliverable. These reasonable steps will include, at a minimum, the tracking of all undelivered mail; performing an address search for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found. If the Class Notice is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and Defendants' Counsel of the date and address of each such re-mailing. Class Counsel and Defendants' Counsel will be entitled to receive any updated address information about a Class Member as the Settlement Administrator obtains such information.

d.   The Settlement Administrator will inform Class Counsel and Defendants' Counsel of the number of undeliverable Class Notices on a weekly basis.

e.   Not later than thirty-eight (38) days prior to the Final Approval Hearing, the Settlement Administrator will serve on the Parties and file with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement.

4.   Submission of Claim Form.

a.   The Class Members will have sixty (60) days after the date on which the Settlement Administrator mails the Class Notice and the Class Forms to complete and submit to the Settlement Administrator a Claim Form. A completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail postmarked by not later than the deadline for submission stated in above; or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. No Settlement Share will be paid to any Class Member who does not timely submit a valid Claim Form unless for good cause shown.

b.   In the event that a Claim Form is submitted timely but is deficient in one or more respects, the Settlement Administrator will return the Claim Form to the Class Member within five (5) business days of receipt with a notice explaining the deficiencies and stating that the Class Member will have fifteen (15) business days from the date of the deficiency notice to correct the deficiency and resubmit

10

the Claim Form. The envelope containing the resubmitted Claim Form must be postmarked within fifteen (15) business days of the date of the deficiency notice to be considered timely, absent a showing of good cause. If necessary, the Class Member will be sent a second deficiency notice to correct any deficiency concerning a resubmitted Claim Form, which will be governed by the same timeliness requirements as the first deficiency notice. Class Counsel will be provided with the names and all contact information of any Class Member submitting a deficient claim form.

c.  In the event that a Class Member submits both a completed Claim Form and a completed Election Not to Participate, the Settlement Administrator will contact the Class Member and obtain clarification on the Class Member's intent. In the event that the Settlement Administrator cannot obtain clarification of the Class Member's intent in this situation by the time of the hearing on Final Approval, it will be presumed that the Claim Form is controlling.

5.  **Comments on or Objections to Settlement; Elections Not to Participate in Settlement.** Class Members may submit comments on or objections to the Settlement and/or Elections Not to Participate in Settlement pursuant to the following procedures:

a.  **Comments on or objections to Settlement.** The Class Notice will provide that Class Members who wish to comment on or object to the Settlement must file with the District Court and serve on counsel for the Parties not later than sixty (60) days after the date that Settlement Administrator first mails the Class Notice a written statement commenting on or objecting to the Settlement and setting forth the grounds for the comment or objection. The statement will also indicate whether the Class Member intends to appear and comment on or object to the Settlement at the Final Approval Hearing; the failure to so indicate will constitute a waiver of the right to appear at the hearing. A Class Member who does not file and serve a comment or objection in the manner and by the deadline specified above will be deemed to have waived all comments and objections and will be foreclosed from making any comments or objections (whether by appeal or otherwise) to the Settlement.

b.  **Election Not to Participate in Settlement.** The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator not later than sixty (60) days after the date that the Settlement

11

Administrator first mails the Class Notice a signed Election Not to Participate in Settlement. A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, if the Settlement is approved by the District Court, and by the Judgment, regardless of whether he or she submits a Claim Form. A Class Member who timely submits a properly completed Election Not to Participate will be a Non-Participating Class Member and will not participate in or be bound by the Settlement and the Judgment.

c.   **Report.** Not later than fourteen (14) days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administration will provide the Parties with a complete and accurate list of all Participating Class Members and all Non-Participating Class Members.

6.   **Resolution of Disputes.** If a Class Member disputes the number of Work Weeks stated for that Class Member in his or her Claim Form, the Class Member must ask the Settlement Administrator to resolve the matter by submitting in writing the number of Work Weeks that he or she contends he or she worked for Defendants. The Class Member also will be asked to submit any supporting documentation he or she may have. In the event of such a dispute, Defendants will manually review their payroll and personnel records to verify the correct number of Work Weeks. Defendants' records will have a rebuttable presumption of correctness. After consultation with Class Counsel, the Class Member and Defendants, the Settlement Administrator will make a determination of the Class Member's number of Work Weeks and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

7.   **No Solicitation of Objection or Election Not to Participate.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to elect not to participate in the Settlement, to object to the Settlement, or to appeal from the Judgment.

8.   **Right of Defendants to Reject Settlement.** If five percent or more of Class Members, or a number of Class Members whose Settlement Shares would be worth five percent or more of all Class Members' Settlement Shares if all Class Members were Claimants, timely submit properly completed Elections Not to Participate in Settlement, Defendants will have the right, but not the obligation, to void the Settlement. If Defendants exercise that right to void the Settlement, then the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Maximum Settlement Amount, any part of the

12

Maximum Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Defendants will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Defendants exercise their right to void the Settlement. Defendants will notify Plaintiff and the District Court whether they are exercising this right to void the Settlement not later than 10 days after the Settlement Administrator notifies the Parties of the number of valid elections not to participate.

9.     Additional Briefing and Final Approval.

    a.     Not later than thirty-eight (38) days before the Final Approval Hearing, the Parties jointly will file with the District Court a motion for final approval of the Settlement and a memorandum in support of its motion; and Plaintiff and Class Counsel will serve on Defendants and file a motion for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment pursuant to this Settlement, and memoranda in support of their motions.

    b.     Not later than 14 days before the Final Approval Hearing, the Parties jointly may file a reply in support of their motion for final approval of the Settlement to the extent that any opposition to the motion for final approval is filed; and Plaintiff and Class Counsel may file replies in support of their motions for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

    c.     If the District Court does not grant final approval of the Settlement, then this Settlement will become null and void. If that occurs, the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Maximum Settlement Amount, any part of the Maximum Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Defendants will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that the Party exercises the right to void the Settlement under this paragraph. An award of a class representative payment or Class Counsel's attorneys' fees and expenses in an amount less than sought will not constitute a failure to grant final approval or a material modification.

    d.     Upon final approval of the Settlement by the District Court at or after the Final Approval Hearing, the Parties will present the Judgment in the form evidenced by Exhibit F to this Agreement for the District Court's approval and entry. After entry of the Judgment, the District Court will have continuing jurisdiction over

13

the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

10. **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiff, Participating Class Members who did not timely submit an objection to the Settlement, Defendants, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, and any extraordinary writ, and the Judgment therefore will become final and nonappealable at the time it is entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings or for Plaintiff or Class Counsel to challenge any reduction to the Class Representative Payment or Class Counsel Fees and Expenses Payment.

11. **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.** If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then this Settlement will become null and void. A vacation, reversal, or modification of the District Court's award of the Class Representative Payment or the Class Counsel Fees and Expenses Paymentwill not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendants' obligation to make payments under this Settlement remains limited by the Maximum Settlement Amount. If the Plaintiff or Class Counsel appeal any reduction to the Class Representative Payment or Class Counsel Fees and Expenses Payment and the reviewing court upholds the Judgment, then the Settlement will not become Final until the reviewing court decides the appeal and the time for a further appeal or request for review expires.

12. **Interest on Appeal.** If this Settlement is appealed, interest will accrue on the Maximum Settlement Amount at a rate of 3% from the date that the Notice of Appeal is filed to the date that the Court of Appeals or the U.S. Supreme Court has rendered a final judgment affirming the District Court's final approval without material modification. Interest will not accrue on the Maximum Settlement Amount if the Plaintiff or Class Counsel appeals any reduction to the Class Representative Payment or Class Counsel Fees and Expenses Payment.

14

13. **Timing of Provision of Settlement Shares and Payments.** Within 30 days after the Judgment becomes Final, out of the Maximum Settlement Amount Defendants will pay the Settlement Shares to Claimants, the Class Representative Payment to Plaintiff, the Class Counsel Fees and Expenses Payment to Class Counsel, and the LWDA Payment to the LWDA.

14. **Uncashed Settlement Share Checks.** A Claimant has no property interest in the funds represented by a Settlement Share check unless and until the Claimant cashes that check within 120 calendar days after the mailing of his or her Settlement Share check to cash the check. If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Claimant at his or her correct address. If any Claimant's Settlement Share check is not cashed within the 120-day period after its last mailing to the Claimant, the Settlement Administrator will cancel the check and the Claimant will have no claim to the funds represented by the check. In the event there is a residual due to uncashed checks, if the residual amount is more than $15,000, then the residual will be redistributed to all Claimants who cashed their checks on a *pro rata* basis according to the value of their Settlement Share. If the amount is equal to or less than $15,000, the amount will then be distributed, and the funds represented by the check will be distributed as follows: fifty percent (50%) to the United Way of Forsyth County, North Carolina and fifty percent (50%) to the Family & Children's Law Center of San Rafael, California. Regardless of whether the Participating Class Member cashes his or her Settlement Share check, he or she nevertheless will remain bound by the Settlement.

G. Release of Claims.

1. **Plaintiff.** As of the date of the Judgment, in consideration of both her awarded Class Representative Payment and her Settlement Share, Plaintiff releases Defendants and their former and current parents, subsidiaries, and affiliated corporations, its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, from any and all claims, including but not limited to those claims raised in the Action and those arising from or related to her employment with Defendants, including but not limited to claims arising under the FLSA; California wage-and-hour law; California Business and Professions Code section 17200 *et seq.*; Title VII of the Civil Rights Act of 1964, sections 1981 and 1983 of the Civil Rights Act of 1866, the Americans with Disabilities Act (ADA), and similar state or local laws, such as the California Fair Employment and Housing Act (discrimination on the basis of race, sex, national origin, age, disability, medical condition, marital status, veteran's status and sexual orientation); the federal Family and Medical Leave Act and the California Family Rights Act; the federal and California Worker Adjustment and Retraining Notification Acts (the

15

"Plaintiff's Released Claims"); and federal, state, and local law governing employment and termination of employment.

2. **Claimants.** As of the date of the Judgment, each Claimant releases Defendants and their former and current parents, subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, from any and all applicable federal wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description, whether known or unknown, pursuant to the FLSA.

3. **Participating Full-Time Class Members.** As of the date of the Judgment, each Participating Class Member who is a Full-Time Class Member releases Defendants and their former and current parents, subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, from any and all wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description, whether known or unknown, arising under state law (including but not limited to the California Labor Code and Industrial Welfare Commission Wage Orders), including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including but not limited to PAGA Penalties), liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the failure to pay any type of overtime wages, the failure to provide meal and rest periods, the failure to provide proper wage statements, or the failure to provide wages at the proper frequency or in a timely manner on the basis that the Class Member was classified as exempt under state or federal law arising from or related to the allegations in the Action.

4. **Participating Part-Time Class Members employed in California:** As of the date of the Judgment, each Participating Class Member who is a Part-Time Class Member releases Defendants and their former and current parents, subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, from any and all wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description, whether known or unknown, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including PAGA Penalties), liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the failure to pay any type of overtime wages, the failure to provide meal and rest periods, the failure to provide proper wage statements, and the failure to provide wages at the

16

proper frequency or in a timely manner arising from or related to the allegations in the Action.

5.   **Class Counsel.**   As of the date of the Final Judgment, and except as otherwise provided by this Agreement, Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action, including but not limited claims based on the California Labor Code, the California Code of Civil Procedure, or any other statute or law.

6.   **Waiver of Rights Under California Civil Code Section 1542.**   By granting their respective releases of claims, Plaintiff, Participating Class Members who worked for Defendants in California, and Class Counsel intend to release all claims encompassed by their releases, whether known or unknown by them, and regardless of whether they later discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of their releases.   Therefore, they expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

H.   **No Effect on Other Benefits.**   Defendants will have no obligation to contribute any portion of the Settlement to any benefit plans, nor shall the Settlement trigger any obligation on the part of the Defendants to make any contributions to any benefit plans or to pay or increase any form of benefit.

I.   **Limitation on Public Statements About Settlement.**   The Parties and their Counsel will not issue any press or other media releases or have any communication with the press or media or anyone else (other than co-counsel) regarding the Settlement prior to the Preliminary Approval of this Settlement.  If, prior to the date of Preliminary Approval, Plaintiff or her attorneys disclose to any non-party that (i) a settlement has been reached or (ii) any of the terms of the Settlement Defendants may rescind the Settlement, rendering it null and void. After the date of Preliminary Approval, Plaintiff and her counsel will not affirmatively announce the Settlement to the press, or on the internet, other than a copy of the notice on the web page of class counsel.

J.   Miscellaneous Terms.

1.   No Admission of Liability or Class Certification for Other Purposes.

LEGAL_US_W # 58730911.13

a.  Defendants deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, or have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants, or an admission by Plaintiff that any of her claims were non-meritorious or any defense asserted by Defendants was meritorious. This Settlement and the fact that Plaintiff and Defendants were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.  The Parties have agreed to the certification of the Class for the sole purpose of effectuating this Settlement. Should the Settlement be voided by Defendants pursuant to this Agreement, or not approved by the District Court, or should the Judgment not become Final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action or any other action, and in any of those events Defendants expressly reserves the right to oppose class certification.

c.  Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants or any other beneficiary of the releases granted under this Agreement (the "Released Parties"), including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.  This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

18

2.    **Integrated Agreement.** After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and will supersede any prior or contemporaneous oral representations, warranties, covenants, or inducements made to any Party concerning this Agreement or its exhibits.

3.    **Attorney Authorization.** Class Counsel and Defendants' Counsel warrant and represent that they are authorized by Plaintiff and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the District Court, and in all cases all such documents, supplemental provisions and assistance of the District Court will be consistent with this Agreement.

4.    **Modification of Agreement.** This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

5.    **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

6.    **Applicable Law.** All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

7.    **Cooperation in Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

8.    **Fair Settlement.** Plaintiff and Defendants believe that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

9.    **Use and Return of Documents.** All originals, copies, and summaries of documents provided to Class Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be

19

used in any way that violates any existing contractual agreement, statute, or rule. Within 30 days after the Judgment becomes Final, Class Counsel will return or destroy and confirm in writing to Defendants the destruction of all such documents.

10.    **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

11.    **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiff and the Class:*

Edward J. Wynne
J.E.B. Pickett
Wynne Law Firm
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904

*To Defendants:*

M. Kirby C. Wilcox
Jeffrey D. Wohl
Anne W. Nergaard
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441

12.    **Execution in Counterpart.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile signatures will be accepted if the original signature is provided within seven days. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: May 19, 2008.                    TINA HOPSON

_Tina Hopson_

20

Dated:  May ___, 2008.      HANESBRANDS INC.

By:  _____
Joia Johnson
Executive Vice President / General
Counsel & Corporate Secretary

Dated:  May 28, 2008.      SARA LEE CORPORATION

By:  _____
Valarie Bomar
Vice President, Corporate Counsel

Dated:  May ___, 2008.      EDWARD J. WYNNE
J.E.B. PICKETT
WYNNE LAW FIRM

By:  _____

Dated:  May ___, 2008.      M. KIRBY C. WILCOX
JEFFREY D. WOHL
ANNE W. NERGAARD
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  _____

21

Dated: May __, 2008.                HANESBRANDS INC.


                                    By: _____
                                             Joia Johnson
                                        Executive Vice President / General
                                          Counsel & Corporate Secretary

Dated: May __, 2008.                SARA LEE CORPORATION


                                    By: _____
                                             Valarie Bomar
                                        Vice President, Corporate Counsel

Dated: May 20, 2008.                EDWARD J. WYNNE
                                    J.E.B. PICKETT
                                    WYNNE LAW FIRM

                                    By: _____

         June 19,
Dated: May __, 2008.                M. KIRBY C. WILCOX
                                    JEFFREY D. WOHL
                                    ANNE W. NERGAARD
                                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                    By: _____


                                        21

Dated: May ___, 2008.        HANESBRANDS INC.

                             By _____
                                    Joia Johnson
                                    Executive Vice President / General
                                    Counsel & Corporate Secretary

Dated: May ___, 2008.        SARA LEE CORPORATION


                             By: _____
                                       Valarie Bomar
                                 Vice President, Corporate Counsel

Dated: May ___, 2008.        EDWARD J. WYNNE
                             J.E.B. PICKETT
                             WYNNE LAW FIRM


                             By: _____

Dated: May ___, 2008.        M. KIRBY C. WILCOX
                             JEFFREY D. WOHL
                             ANNE W. NERGAARD
                             PAUL, HASTINGS, JANOFSKY & WALKER LLP


                             By: _____

21

# EXHIBIT A

**EXHIBIT A**

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | TINA HOPSON, individually and on behalf of others similarly situated, | No. CV 08-0844 EDL |
|---|---|---|
| 12 | | **NOTICE OF PROPOSED SETTLEMENT** |
| 13 | Plaintiff, | **OF CLASS ACTION,  CONDITIONAL CERTIFICATION OF SETTLEMENT** |
| 14 | vs. | **CLASS, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND** |
| 15 | HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50, inclusive, | **HEARING DATE FOR FINAL COURT APPROVAL** |
| 16 | | |
| 17 | Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

**TO:** **(1)** **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS INC. ("HANESBRANDS") IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2003, TO SEPTEMBER 1, 2007.**

**(2)** **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS ANYWHERE IN THE UNITED STATES OTHER THAN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2004, TO SEPTEMBER 1, 2007.**

**(3)** **ALL PART-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2004, TO SEPTEMBER 1, 2007.**

**PLEASE READ THIS NOTICE CAREFULLY, IT MAY AFFECT YOUR LEGAL RIGHTS TO CLAIM ADDITIONAL COMPENSATION WHILE EMPLOYED BY HANESBRANDS.**

**IF YOU WISH TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE AND RETURN TO THE SETTLEMENT ADMINISTRATOR YOUR CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION ON OR BEFORE [DATE].**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION FORM ON OR BEFORE [DATE], OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

**IF YOU WISH TO COMMENT ON OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**ENCLOSED WITH THIS NOTICE IS A CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTION ACTION WHICH SETS FORTH (ACCORDING TO HANESBRANDS' RECORDS) YOUR NUMBER OF WORK WEEKS WITHIN THE CLASS PERIOD AND, BASED ON THOSE WORK WEEKS AND CERTAIN ASSUMPTIONS EXPLAINED BELOW, AN ESTIMATE OF YOUR SETTLEMENT SHARE. YOUR ACTUAL SETTLEMENT SHARE MAY BE HIGHER OR LOWER THAN SHOWN. PLEASE REVIEW THE INFORMATION ABOUT YOUR WORK WEEKS IN THE CLAIM FORM TO CONFIRM THAT IT IS ACCURATE.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on **[DATE]**, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between plaintiff Tina Hopson ("Plaintiff") and defendants Hanesbrands Inc. and Sara Lee Corporation ("Defendants") in the class action pending in the Court brought on behalf of the individuals described above (the "Class" or "Class Members"). The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Defendants' records indicate

1   that you are a member of the Class. This notice is designed to inform you of how you can make a claim

2   under the Settlement, comment on or object to the Settlement, or elect not to participate in the

3   Settlement. This Settlement releases claims under the federal Fair Labor Standards Act ("FLSA") and

4   various state wage-and-hour laws. If the Settlement is finally approved by the Court, but if you do not

5   timely complete and submit a Claim Form, you will not share in the Settlement proceeds; if you do not

6   timely complete and submit an Exclusion Form, the Settlement will be binding upon you, even if you

7   object to the Settlement.

8       **1.     BACKGROUND OF THE CASE**

9       On May 22, 2007, Plaintiff commenced this action against Defendants alleging that Defendants

10   violated various provisions of the California Labor Code.

11      Specifically, Plaintiff alleged that Defendants misclassified Plaintiff and the class she proposed

12   as exempt under California wage-and-hour laws and, on that basis, failed to pay Plaintiff and the

13   proposed class for overtime wages, to provide them with meal periods and rest breaks, to timely pay

14   Plaintiff and the proposed class their wages, and to provide them with correctly itemized wage

15   statements. Plaintiff also alleged that with regard to such matters, Defendants engaged in unfair

16   competition in violation of California Business and Professions Code section 17200 *et seq*. Plaintiff also

17   sought civil penalties ("PAGA Penalties") for the violations of the California Labor Code she alleged

18   pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et*

19   *seq*. Plaintiff subsequently amended the complaint to add a cause of action under the FLSA, 29 U.S.C. §

20   201 *et seq*., and sought to pursue a collective action under the FLSA on behalf of a nationwide class of

21   full-time Service Associates.

22      Defendants deny Plaintiff's material allegations. Defendants maintain that the Court should not

23   certify the collective action proposed by Plaintiff, that Plaintiff and the members of the collective action

24   she proposes were properly classified as exempt under the FLSA, and that Defendants bore no liability

25   to Plaintiff and the members of the collective action she proposed; and raised other defenses.

26

27      After good-faith negotiations presided over by a private mediator on April 8, 2008, Plaintiff and

28   Defendants agreed to settle the action pursuant to the terms and conditions of the Settlement.

1    The Settlement represents a compromise and settlement of highly disputed claims. Nothing in

2    the Settlement is intended to or will be construed as an admission by Defendants that Plaintiff's claims

3    in the action have merit or that it has any liability to Plaintiff or the Class on those claims.

4    Plaintiff and Defendants, and their counsel, have concluded that the Settlement is advantageous,

5    considering the risks and uncertainties to each side of continued litigation. They have further

6    determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class

7    Members.

8    As a Class Member, you will share in the Settlement proceeds if you submit a valid and timely

9    Claim Form. Regardless of whether you submit a Claim Form, you will be bound by the Settlement

10   unless you elect not to participate by timely filing an Election Not to Participate in Settlement.

11   **2.    SUMMARY OF THE SETTLEMENT**

12   The Settlement provides for the following:

13   **a.    Who is included in the Settlement?**

14   You are included in the Settlement if you meet all of the conditions set forth in the beginning of

15   this notice. It is estimated that there are approximately 209 members of the Class.

16   **b.    What will I receive from the Settlement?**

17   Under the Settlement, Defendants will pay $400,000. Defendants will pay to each Claimant an

18   amount that is the percentage (rounded up or down to the nearest two-digit decimal) that is equal to

19   (i) that Claimant's total number of work weeks divided by (ii) the total number of work weeks of all

20   Claimants, multiplied by the Net Settlement Amount. No Claimant will receive less than $200. Each

21   work week worked by Claimants who were full-time Service Associates employed by Defendants in

22   California will be multiplied by 1.5 and rounded up or down to the nearest two-digit decimal. This is

23   because there are additional remedies available under California law for the claims asserted on behalf of

24   full-time Service Associates. Each work week worked by Claimants who were part-time Service

25   Associates employed by Defendants in California will be multiplied by 0.5 and rounded up or down to

26   the nearest two-digit decimal. This is because part-time Service Associates worked fewer hours on

27   average than full-time Service Associates and were paid on an hourly basis. The total number of work

28   weeks for all Claimants will exclude an estimated two weeks of vacation per year and periods of leaves

of absence.

The Net Settlement Amount means $400,000 less (i) the awarded Class Representative's Payment (for which Plaintiff will seek $5,000); (ii) the awarded Class Counsel's Fees and Expenses (for which Class Counsel will seek $112,500); (iii) the payment to the LWDA of $1,500; and (iv) the Settlement Administrator's reasonable fees and expenses.

c.    **When will I receive my Settlement Share?**

The Settlement Shares and other amounts will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

d.    **How do I exclude myself from the Settlement?**

You may be excluded from the Settlement if you complete and submit by the deadline an Election Not to Participate in Settlement that is provided with this notice and in accordance with the conditions for submitting that Election. If you do not complete and timely submit an Election Not to Participate, you will be bound by the Settlement even if you object to the Settlement.

e.    **How do I dispute information in my Settlement Share Statement?**

(1)    The Court has appointed **[INSERT NAME]** to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's entitlement to a Settlement Share.

(2)    Enclosed with this notice is your Claim Form and Consent to Join FLSA Collective Action which sets forth (according to Defendants' records) your number of work weeks within the class period and an estimate of your Settlement Share assuming that the Court finally approves the Settlement; all Class Members make claims; and the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the payment to the LWDA. Your actual Settlement Share may end up being be higher or lower than estimated.

(3)    If you disagree with the information shown on your Claim Form about your work weeks, you must ask the Settlement Administrator to resolve the matter. In order to do so, you must communicate, in writing, to the Settlement Administrator by the deadline the fact of the dispute and the basis for your contention that you worked a different number of work weeks (including

1   any documentary evidence that you may have to support your contention). In the event of such a

2   dispute, Defendants will manually review their payroll and personnel records to verify the correct

3   number of your work weeks. Defendants' records will have a rebuttable presumption of correctness.

4   After consultation with you, Class Counsel, and Defendants, the Settlement Administrator will make a

5   determination of the number of your work weeks and that determination will be final, binding on you

6   and Defendants, and non-appealable.

7               f.      **What claims are being released as part of the Settlement?**

8               (1)     As of the date that the Settlement is finally approved, each Class Member

9   who was a full-time Service Associate releases Defendants and their former and current parents,

10  subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

11  shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

12  wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

13  whether known or unknown, arising under state law (including but not limited to the California Labor

14  Code and Industrial Welfare Commission Wage Orders), including, without limitation, statutory,

15  constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including

16  but not limited to PAGA Penalties), liquidated damages, punitive damages, interest, attorney fees,

17  litigation costs, restitution, or equitable relief, based on the failure to pay any type of overtime wages,

18  the failure to provide meal and rest periods, the failure to provide proper wage statements, or the failure

19  to provide wages at the proper frequency or in a timely manner on the basis that the Class Member was

20  classified as exempt under state or federal law arising from or related to the allegations in the action.

21              (2)     As of the date of that the Settlement is finally approved, each Class

22  Member who completes and returns to the Settlement Administrator a Claim Form and Consent to Join

23  FLSA Collective Action releases Defendants and their former and current parents, subsidiaries, and

24  affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and

25  agents, and any other successors, assigns, or legal representatives, from any and all applicable federal

26  wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

27  whether known or unknown, pursuant to the FLSA.

28              (3)     As of the date that the Settlement is finally approved, each Class Member

1    who was a part-time Service Associate releases Defendants and their former and current parents,

2    subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

3    shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

4    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

5    whether known or unknown, including, without limitation, statutory, constitutional, contractual or

6    common law claims for wages, damages, unpaid costs, penalties (including PAGA Penalties), liquidated

7    damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based

8    on the failure to pay any type of overtime wages, the failure to provide meal and rest periods, the failure

9    to provide proper wage statements, and the failure to provide wages at the proper frequency or in a

10   timely manner arising from or related to the allegations in the action.

11            (4) By granting their respective releases of claims, Class Members who worked

12   for Defendants in California release all claims encompassed by their releases, whether known or

13   unknown by them, and regardless of whether they later discover facts in addition to or different from

14   those that they now know or believe to be true with respect to the subject matter of their releases.

15   Therefore, they expressly waive and relinquish the provisions, rights and benefits of section 1542 of the

16   California Civil Code, which reads:

17

18            A general release does not extend to claims which the creditor does not know or
             suspect to exist in his or her favor at the time of executing the release, which if
19           known by him or her must have materially affected his or her settlement with the
             debtor.

20

21            g.      **Class Representative Payment.**

22            In addition to her share as a Class Member, Plaintiff will seek approval from the Court for

23   payment of $5,000 for her services as Class Representative. This payment will be made by Defendants

24   out of the Settlement.

25            h.      **Class Counsel Fees and Expenses Payment.**

26            As part of the final approval hearing, Wynne Law Firm will request $100,000 (or one-quarter of

27   the Settlement) for their attorneys' fees in connection with their work in this case and $12,500 in

28   reimbursement of their litigation costs and expenses that were advanced in connection with the action.

1  Class Members are not personally liable for any fees and costs. These amounts constitute full and

2  complete compensation for all legal fees and litigation costs and expenses of all Class Counsel,

3  including costs and expenses resulting from experts and other vendors retained by Class Counsel in

4  connection with the litigation and all work done through the completion of the litigation, whatever date

5  that may be. Class Members will not be required to pay Class Counsel for any other attorneys' fees or

6  litigation costs or expenses out of their own pockets if the Settlement Agreement and the fee request are

7  finally approved by the Court. Class Counsel's attorneys' fees and litigation costs and expenses as

8  approved by the Court will be paid out of the Settlement. Class Members, Class Counsel, and the Class

9  Representative are not liable for payment of attorneys' fees and litigation costs and expenses incurred by

10 Defendants and no such payments will be made to Defendants or their counsel from the Settlement.

11         i.    **Payment to LWDA.**

12         The parties have agreed that the LWDA will be paid $1,500 out of the Settlement as the

13 LWDA's share of the settlement of penalties.

14         j.    **Costs of Administration.**

15         Defendants will pay the reasonable costs of administering the settlement, including the

16 Settlement Administrator's fees and expenses, out of the Settlement.

17    **3.    PLAINTIFF AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

18         Plaintiff as Class Representative and Class Counsel support the Settlement. Their reasons

19 include the risk of denial of class certification, the risk of an unsuccessful outcome on the merits of

20 Plaintiff's claims, and the inherent delays and uncertainties associated with litigation. Based on their

21 experience litigating similar cases, Class Counsel believe that further proceedings in this case, including

22 a trial and probable appeals, would be very expensive and protracted. No one can confidently predict

23 how the various legal questions at issue, including the amount of damages, would ultimately be

24 resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class

25 Counsel believes that the Settlement is fair, reasonable, and adequate.

26    **4.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

27         a.    **Participating in the Settlement**

28         Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member.

1    Unless you elect not to participate in the settlement, you are a part of the Class, you will be bound by the

2    terms of the Settlement and any final judgment that may be entered by the Court, and you will be

3    deemed to have released the claims against Defendants and the other released parties described above,

4    even if you do not submit a Claim Form and receive a share of the Settlement.  As a member of the

5    Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation

6    expenses unless you retain your own counsel, in which event you will be responsible for your own

7    attorneys' fees and expenses.

8                    b.        **Commenting on or Objecting to the Settlement.**

9            You may comment on or object to the Settlement before final approval, either by filing a written

10   comment or objection or filing a notice of your intent to appear and comment or object at the final

11   approval hearing.  If the Court rejects your comment or objection, however, you will still be bound by

12   the terms of the Settlement, unless you also submit an Election Not to Participate in Settlement.

13   Alternatively, you may object and still participate in the settlement.  To object, you must send a written

14   notice of comment or objection or a written notice of your intent to appear and object at the final

15   approval hearing to the Court and to counsel at the same addresses shown below.

16           Send your notice to:

17                                Clerk of Court
                     United States District Court, Northern District of California
18                            450 Golden Gate Avenue, 16th Floor
                                  San Francisco, California  94102
19

20   Also send copies of your notice to the parties' counsel as shown below:

21

22

23

24

25

26

27

28

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

| **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Edward J. Wynne | M. Kirby C. Wilcox |
| J.E.B. Pickett | Jeffrey D. Wohl |
| Wynne Law Firm | Anne W. Nergaard |
| 100 Drakes Landing Road, Suite 275 | Paul, Hastings, Janofsky & Walker LLP |
| Greenbrae, California  94904 | 55 Second Street, 24th Floor |
| Telephone:  (415) 461-6400 | San Francisco, California  94105-3441 |
| Facsimile:  (415) 461-3900 | Facsimile:  (415) 856-7100 |
| E-mail:  ewynne@wynnelawfirm.com | Email:  kirbywilcox@paulhastings.com |
| E-mail:  jebpickett@wynnelawfirm.com | E-mail:  jeffwohl@paulhastings.com |
| | E-mail:  annenergaard@paulhastings.com |

### DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL.

Any written comment or objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your comment or objection and any legal support for each objection. Your written comment or objection and/or notice of your intent to appear at the hearing must also state your full name, address, the last 4 digits of your Social Security Number, and the dates of your employment at Hanesbrands Inc.

To be valid and effective, the Court and Counsel must receive any written comments or objections and/or notices of intent to appear at the hearing not later than **[INSERT DATE],** unless the Court orders otherwise.  A Class Member who fails to file and serve a written objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### d.    Disputing the Number of Work Weeks on Your Claim Form.

If you dispute the number of work weeks on your Claim Form, state on the form what you contend is your correct number of work weeks and mail or fax the corrected Claim Form with any documentation you have to support your correction to the Settlement Administrator at:

Hanesbrands Wage-and-Hour Settlement Administrator

### e.    Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement ("Election Not to Participate").  The Election Not to Participate

1    must be completed, signed by you, dated and returned to the Settlement Administrator by not later than

2    **[INSERT DATE]**. A Class Member who fails to submit an Election Not to Participate by the deadline

3    specified above will be bound by all terms and conditions of the Settlement, if the Settlement is

4    approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

5    Any person who files a complete and timely Election Not to Participate will, upon receipt, no

6    longer be a member of the Settlement Class and will not be eligible to receive a share of the Settlement.

7    Any such person, at his or her own expense, may pursue any claims he or she may have against

8    Defendants, their affiliates, predecessors, or acquired companies.

9    Send your Election Not to Participate in Settlement to the Settlement Administrator at the

10   following address:

Hanesbrands Wage-and-Hour Settlement Administrator

11

12

13

14   **5.    FINAL SETTLEMENT APPROVAL HEARING**

15   The Court will hold a final approval hearing on **[INSERT DATE]**, at **[TIME]**, in Courtroom F

16   of the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

17   15th Floor, San Francisco, California  94102, to determine whether the settlement should be finally

18   approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the

19   Class Representative Payment and the Class Counsel Fees and Expenses Payment.

20   The hearing may be postponed without further notice to the Class. **It is not necessary for you**

21   **to appear at this hearing.  If you have given notice of your objection to the settlement, you may**

22   **appear at the hearing at your option so long as you have filed a notice of intent to appear by**

23   **[INSERT DATE].**

24   **6.    GETTING MORE INFORMATION**

25   The above is a summary of the basic terms of the Settlement.  For any questions you may have,

26   you may contact Class Counsel at the contact information listed above.  For the precise terms and

27   conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on

28   file with the Clerk of the Court.  The pleadings and other records in this litigation including the

1    Settlement Agreement, may be examined (i) online on through the Public Access to Court Electronic

2    Resources system, known as "PACER," at http://ecf.cand.uscourts.gov, or (ii) in person at the Office of

3    the Clerk at the United States Federal Court at 450 Golden Gate Avenue, San Francisco, California

4    94102 between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays,

5    or you may contact Class Counsel or the Settlement Administrator. **PLEASE DO NOT TELEPHONE**

6    **THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION REGARDING THIS**

7    **SETTLEMENT OR THE CLAIM PROCESS!**

8        Dated: **[INSERT DATE]**.

9

10                                         _____
                                          Elizabeth D. Laporte
                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**EXHIBIT B**

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11   TINA HOPSON, individually and on behalf      No. CV 08-0844 EDL
     of others similarly situated,

12                                                 **CLAIM FORM AND CONSENT TO JOIN**
                    Plaintiff,                     **FLSA COLLECTIVE ACTION**

13

14          vs.

15   HANESBRANDS INC.; SARA LEE
     CORPORATION and Does 1 through 50,
16   inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58789747.3

**CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION**

**IF YOU WANT TO RECEIVE A SHARE OF THE SETTLEMENT OF *HOPSON V. HANESBRANDS INC. ET AL.*, DATE AND SIGN THIS CLAIM FORM UNDER PENALTY OF PERJURY (AT THE BOTTOM OF THE PAGE) AND MAIL IT, POSTMARKED NOT LATER THAN _____, 2008, TO:**

Hanesbrands Wage-and-Hour Settlement Administrator
_____
_____
_____

**PERSONAL INFORMATION FOR
CLASS MEMBER RECEIVING THIS NOTICE**

**Name:** _____

**Mailing address:** _____
_____

**(If desired:)  Provide telephone number and
e-mail address to facilitate contact:** _____

**Hanesbrands employee identification number:** _____

**No. of work weeks worked during class period
(if full-time Service Associate in
California: 05/22/03-09/01/07; if full-time
Service Associate outside of California:
05/22/04-09/01/07; if part-time Service
Associate in California, 05/22/04-
09/01/07):** _____

**Estimated Settlement Share:** _____ *

\*      Note:  Your estimated Settlement Share is calculated under the assumption that the Court finally approves the Settlement; all Class Members participate and submit claims; and the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, the Settlement Administrator Payment, and the payment to the Labor Workforce Development Agency of the State of California.  Your actual Settlement Share may end up being higher or lower than estimated.

**IF ANY OF THE INFORMATION SHOWN ABOVE ABOUT YOUR EMPLOYMENT WITH HANESBRANDS IS INCORRECT, PLEASE SO INDICATE BELOW.  IF YOU ARE DISPUTING YOUR NUMBER OF WORK WEEKS, STATE WHAT YOU BELIEVE TO BE THE CORRECT NUMBER OF WORK WEEKS AND ATTACH ANY DOCUMENTATION THAT SUPPORTS YOUR CONTENTION. NOTE:  BY SUBMITTING A DISPUTE ABOUT YOUR WORK WEEKS, YOU ARE AUTHORIZING THE SETTLEMENT ADMINISTRATOR TO REVIEW HANESBRANDS' RECORDS AND MAKE A DETERMINATION BASED ON HANESBRANDS' RECORDS AND THE RECORDS YOU SUBMIT.  THIS DETERMINATION MAY INCREASE OR DECREASE THE VALUE OF YOUR SHARE OF THE SETTLEMENT.**

**ALL SUCH DETERMINATIONS BY THE SETTLEMENT ADMINISTRATOR ARE FINAL AND BINDING WITH NO OPPORTUNITY FOR FURTHER APPEAL.**

| Corrected Information | |
|---|---|
| Corrected name | _____ |
| Corrected mailing address | _____<br>_____ |
| Corrected Hanesbrands employee identification number **or** last four digits of Social Security number | _____ |
| Corrected number of work weeks (include any supporting documentation) | _____ |

I declare as follows:

1.     I received, read, and understand the Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing in this action (the "Notice"). I wish to receive my share of the proposed Settlement.

2.     The information set forth, as corrected by me (if corrected) concerning my employment with Hanesbrands Inc. is true and correct.

3.     I understand that, in signing this form, I (a) consent to join this collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); (b) consent to release all of the state and federal claims as described in the Notice (see § 2(f) at pages ____) of the Notice (and also stated in full in the Settlement (see § III.G at page ____); (c) consent to the jurisdiction of the U.S. District Court for the Northern District of California presiding over this case; and (d) authorize Class Counsel to act on my behalf in all matters relating to this action, including the settlement of my claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed on _____, 2008, at _____(City), _____ (State).

_____
(Signature)

_____
(Typed or Printed Name)

LEGAL_US_W # 58789747.3

# EXHIBIT C

**EXHIBIT C**

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11  | TINA HOPSON, individually and on behalf of others similarly situated, | No. CV 08-0844 EDL
12  |                                                                        | **ELECTION NOT TO PARTICIPATE IN**
    |                    Plaintiff,                                          | **SETTLEMENT**
13  |
14  |        vs.
15  | HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50,
16  | inclusive,
17  |                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, DO NOT FILL OUT THIS FORM.**

**ONLY IF YOU DO NOT WANT TO BE INCLUDED IN THE SETTLEMENT, YOU MUST SIGN THIS DOCUMENT, AND MAIL THE DOCUMENT TO THE ADDRESS BELOW, POSTMARKED NOT LATER THAN [INSERT DATE].**

**THE COMPLETED DOCUMENT MUST BE MADE VIA REGISTERED OR CERTIFIED MAIL, WITH RETURN RECEIPT REQUESTED, TO:**

Hanesbrands Wage-and-Hour Settlement Administrator

I declare as follows:

I am or was employed by Hanesbrands Inc. as a full-time or part-time Service Associate. I have received notice of the proposed settlement in this action and I wish to be excluded from the class and *not* to participate in the proposed settlement. I understand this means that I will not be bound by the settlement and also will not share in the settlement proceeds.

I make this declaration under penalty of perjury under the laws of the United States of America.

Dated: _____, 2008.

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

_____
(Hanesbrands employee identification number **or** last four digits of Social Security number)

# EXHIBIT D

**EXHIBIT D**

1   M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
    JEFFREY D. WOHL (Cal. State Bar No. 96838)
2   ANNE W. NERGAARD (Cal. State Bar No. 235058)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street, 24th Floor
    San Francisco, California  94105-3441
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5   kirbywilcox@paulhastings.com
    jeffwohl@paulhastings.com
6   annenergaard@paulhastings.com

7
    Attorneys for Defendants
8   HANESBRANDS INC. and
    SARA LEE CORPORATION
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  TINA HOPSON, individually and on behalf       No. CV 08-0844 EDL
    of all others similarly situated,
14                                                 **NOTICE OF PROPOSED SETTLEMENT**
                     Plaintiff,
15                                                 28 U.S.C. § 1715
            vs.
16
    HANESBRANDS INC.; SARA LEE
17  CORPORATION and DOES 1 through 50,
    inclusive,
18
                     Defendants.
19

20

21          PLEASE TAKE NOTICE that the parties to the above-referenced class action have settled the

22  claims at issue in the litigation. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

23  § 1715, defendants Hanesbrands Inc. and Sara Lee Corporation ("Defendants") provide this notice to the

24  Attorney General of the United States of America and the appropriate state official in each state in

25  which a class member resides.  Defendants enclose the following documents in accordance with their

26  notice obligations under 28 U.S.C. section 1715(b):

27          1.      Plaintiff's original complaint in this action.

28          2.      Plaintiff's first amended complaint in this action.

1  3. Plaintiff's second amended complaint in this action.

2  4. Notice of scheduled judicial hearings in this action.

3  5. The parties' Settlement Agreement.

4  6. The parties' proposed Claim Form and Consent to Join FLSA Collective Action

5  7. The parties' proposed Election Not to Participate in Settlement form.

6  8. The parties' proposed Notice of Proposed Settlement of Class Action, Conditional

7   Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing

8   Date for Final Court Approval.

9  9. The names of Class Members who reside in each state and the estimated proportionate

10   share of the claims of Class Members in each state to the entire settlement.

11  PLEASE TAKE FURTHER NOTICE that pursuant to CAFA you are not required to comment

12 on the settlement. However, if you wish to comment, please file your comments by **[INSERT DATE]**

13 at the following address:

14
          Clerk of Court
    United States District Court, Northern District of California
15       450 Golden Gate Avenue, 16th Floor
       San Francisco, California  94102
16

17 Alternatively, the United States District Court for the Northern District of California (the "District

18 Court") uses the federal electronic case filing ("ECF") system. More information about the District

19 Court's ECF system can be found at http://ecf.cand.uscourts.gov. If you choose to comment on the

20 settlement, please also provide notice to the parties' counsel as follows:

21  **CLASS COUNSEL**      **DEFENDANTS' COUNSEL**

22  Edward J. Wynne       Kirby C. Wilcox
  J.E.B. Pickett        Jeffrey D. Wohl
23  Wynne Law Firm       Anne W. Nergaard
  100 Drakes Landing Road, Suite 275  Paul, Hastings, Janofsky & Walker LLP
24  Greenbrae, California  94904    55 Second Street, 24th Floor
  Telephone:  (415) 461-6400    San Francisco, California  94105-3441
25  Facsimile:  (415) 461-3900    Telephone:  (415) 856-7000
  E-mail: ewynne@wynnelawfirm.com  Facsimile:  (415) 856-7100
26  E-mail: jebpickett@wynnelawfirm.com  E-mail: kirbywilcox@paulhastings.com
              E-mail: jeffwohl@paulhastings.com
27              E-mail: annenergaard@paulhastings.com

28

1    If you have questions about this notice, the underlying action, or the enclosed materials, please

2    contact counsel for Defendants as provided above.

3    Dated: [DATE].                    M. KIRBY C. WILCOX
                                       JEFFREY D. WOHL
4                                      ANNE W. NERGAARD
                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP
5

6
                                       By: _____
7                                              Anne W. Nergaard
                                       Attorneys for Defendants HANESBRANDS INC. and
8                                              SARA LEE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

**EXHIBIT E**

1  EDWARD J. WYNNE (Cal. State Bar No. 165819)
   J.E.B. PICKETT (Cal. State Bar No. 154294)
2  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
3  Greenbrae, California 94904
   Telephone: (415) 461-6400
4  Facsimile: (415) 461-3900
   ewynne@wynnelawfirm.com
5  jebpickett@wynnelawfirm.com

6  Attorneys for Plaintiff
   TINA HOPSON
7

8  M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
   JEFFREY D. WOHL (Cal. State Bar No. 96838)
9  ANNE W. NERGAARD (Cal. State Bar No. 235058)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
10 55 Second Street, 24th Floor
   San Francisco, California 94105-3441
11 Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
12 kirbywilcox@paulhastings.com
   jeffwohl@paulhastings.com
13 annenergaard@paulhastings.com

14 Attorneys for Defendants
   HANESBRANDS INC. and
15 SARA LEE CORPORATION

16

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19

20 TINA HOPSON, individually and on          No. CV 08-0844 EDL
   behalf of all others similarly situated,
21                                            **[PROPOSED] ORDER:**
                   Plaintiff,                 **(1) CONDITIONALLY CERTIFYING**
22                                            **SETTLEMENT CLASS;**
            vs.                               **(2) PRELIMINARILY APPROVING**
23                                            **PROPOSED SETTLEMENT;**
   HANESBRANDS INC.; SARA LEE                 **(3) APPROVING NOTICE TO CLASS AND**
24 CORPORATION and DOES 1 through 50,         **ELECTION NOT TO PARTICIPATE;**
   inclusive,                                 **(4) APPROVING NOTICE OF PROPOSED**
25                                            **SETTLEMENT; AND**
                   Defendant.                 **(5) SETTING HEARING FOR FINAL**
26                                            **APPROVAL**

27

28

ORDER GRANTING PRELIMINARY APPROVAL
                                        U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1    On **[INSERT DATE]**, a hearing was held on the joint motion of plaintiff Tina Hopson and

2    defendants Hanesbrands Inc. and Sara Lee Corporation for conditional certification of a settlement class

3    in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent

4    to the class about the settlement and election not to participate in the settlement, approval of the notice

5    of proposed settlement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and

6    the setting of a date for the hearing on final approval of the settlement. Edward J. Wynne and J.E.B.

7    Pickett of the Wynne Law Firm appeared for plaintiff; Jeffrey D. Wohl and Anne W. Nergaard of Paul,

8    Hastings, Janofsky & Walker LLP appeared for defendants.

9    The Court having read and considered the papers on the motion, the arguments of counsel, and

10   the law, and good cause appearing therefor,

11   IT IS ORDERED:

12   1.    The proposed class of full-time and part-time Hanesbrands Service Associates satisfies

13   the requirements of a settlement class under Federal Rule of Civil Procedure 23 because the class is so

14   numerous that joinder of all member is impracticable, there are questions of law or fact common to the

15   class, plaintiff's claims are typical of Class Members' claims and defendants' defenses to plaintiff's

16   claims are typical of defendants' defenses to Class Members, and plaintiff will fairly and adequately

17   protect the interests of the class; and questions of law or fact common to Class Members predominate

18   over questions affecting only individual Class Members, and a class action is superior to other available

19   methods for the fair and efficient adjudication of the controversy.

20   2.    The proposed class of full-time Service Associates also satisfies the requirements of a

21   collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Class Members are similarly

22   situated for purposes of a collective action under section 16(b).

23   3.    The parties' proposed settlement, as evidenced by their Settlement Agreement

24   (Declaration of Anne W. Nergaard in Support of Joint Motion for Preliminary Approval "Nergaard

25   Decl.", Exh. 1) (the "Settlement") is granted preliminary approval as it meets the criteria for preliminary

26   settlement approval. The Settlement falls within the range of possible approval as fair, adequate and

27   reasonable, and appears to be the product of arms-length and informed negotiations, and treats all Class

28   Members fairly.

1    4.    The parties' proposed notice plan is constitutionally sound because individual notice will

2    be mailed to all class members whose identities are known to the parties, and such notice is the best

3    notice practicable. The parties' proposed Notice of Proposed Settlement of Class Action, Conditional

4    Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing Date for Final

5    Court Approval (Settlement, Exh. A) (the "Class Notice") and their proposed Claim Form and Consent

6    to Join FLSA Collective Action (the "Claim Form") and proposed Election Not to Participate in

7    Settlement (Settlement, Exhs. B, C) (collectively, the "Class Forms") are sufficient to inform Class

8    Members of the terms of the Settlement; their rights under the Settlement to claim a Settlement Share,

9    comment on or object to the settlement, or elect not to participate in the Settlement, and the processes

10   for doing so; and the date and location of the final approval hearing. Accordingly, the Class Notice and

11   the Class Forms are approved.

12   5.    Defendants' notice of the Settlement given to federal and state officials complies with the

13   requirements of CAFA. Not later than ten days after the parties' Joint Motion for Conditional

14   Certification of Class and Preliminary Approval of Class Action Settlement was filed, notice of the

15   Settlement was mailed to the Attorney General of the United States of America and the appropriate state

16   official in each state in which, based on defendants' records of last known mailing address, Class

17   Members reside; and the notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8).

18   On this basis, the notice of the Settlement is approved and the Court finds that defendants have

19   discharged their obligations under CAFA to provide notice to the appropriate federal and state official.

20   6.    This action is granted conditional certification and the following persons are certified as

21   Class Members solely for the purpose of entering a settlement in this matter:

22       All full-time Service Associates who worked for defendants in the State of California at
         any time during the period from May 22, 2003, to September 1, 2007, and outside of the
23       State of California in the United States during the period from May 22, 2004, to
         September 1, 2007.
24
25       All part-time Service Associates who worked for defendants in the State of California at
         any time during the period from May 22, 2004, to September 1, 2007.

26   7.    Any Class Member who wishes to claim a Settlement Share has sixty (60) days after the

27   date that the Settlement Administrator first mails the Class Notice to submit his or her completed Claim

28   Form pursuant to the procedures set forth in the Settlement.

1    8.    Any Class Member who wishes to comment on or object to the Settlement has sixty (60)

2 days after the date that the Settlement Administrator first mails the Class Notice to submit his or her

3 comment or objection pursuant to the procedures set forth in the Settlement.

4    9.    Any Class Member who wishes to elect not to participate in the Settlement has sixty (60)

5 days after the date that the Settlement Administrator first mails the Class Notice to submit his or her

6 Election Not to Participate pursuant to the procedures set forth in the Settlement.

7    10.    **[INSERT NAME]** is appointed to act as the Settlement Administrator, pursuant to the

8 terms set forth in the Settlement.

9    11.    Plaintiff Tina Hopson is appointed the Class Representative.  Edward J. Wynne, J.E.B.

10 Pickett, and the Wynne Law Firm are appointed Class Counsel.

11    12.    The Class Notice and the Class Forms will be disseminated according to the notice plan

12 described in the Settlement and substantially in the form submitted by the parties.  Proof of distribution

13 of notice will be filed by the parties at or prior to the final approval hearing.

14    13.    A final hearing will be held on **[INSERT DATE]**, to determine whether the Settlement

15 should be granted final approval as fair, reasonable, and adequate as to the Class Members.  The Court

16 will hear all evidence and argument necessary to evaluate the Settlement, and will consider plaintiff's

17 request for a Class Representative Payment and Class Counsel's request for a Class Counsel Fees and

18 Expenses Payment.  Class Members and their counsel may support or oppose the Settlement and the

19 motion for awards of the Class Representative's Payment and the Class Counsel Fees and Expenses

20 Payment, if they so desire.

21    14.    Any Class Member may appear at the final approval hearing in person or by his or her

22 own attorney, and show cause why the Court should not approve the Settlement, or object to the motion

23 for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment.  For

24 any comments or objections to be considered at the hearing, the Class Member must file comments with

25 the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection.

26 Such comments must be filed with the Court, and mailed to Class Counsel and defendants' Counsel, not

27 later than **[INSERT DATE]**.

28

1    15.    The Court reserves the right to continue the date of the final approval hearing without

2    further notice to Class Members.    The Court retains jurisdiction to consider all further applications

3    arising out of or in connection with the Settlement.

4    Dated: **[INSERT DATE]**.

5

6                                                Elizabeth D. Laporte
                                                United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

**EXHIBIT F**

1    EDWARD J. WYNNE (Cal. State Bar No. 165819)
     J.E.B. PICKETT (Cal. State Bar No. 154294)
2    WYNNE LAW FIRM
     100 Drakes Landing Road, Suite 275
3    Greenbrae, California 94904
     Telephone: (415) 461-6400
4    Facsimile: (415) 461-3900
     ewynne@wynnelawfirm.com
5    jebpickett@wynnelawfirm.com

6    Attorneys for Plaintiff
     TINA HOPSON
7

8    M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
     JEFFREY D. WOHL (Cal. State Bar No. 96838)
9    ANNE W. NERGAARD (Cal. State Bar No. 235058)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
10   55 Second Street, 24th Floor
     San Francisco, California 94105-3441
11   Telephone: (415) 856-7000
     Facsimile: (415) 856-7100
12   kirbywilcox@paulhastings.com
     jeffwohl@paulhastings.com
13   annenergaard@paulhastings.com

14   Attorneys for Defendants
     HANESBRANDS INC. and
15   SARA LEE CORPORATION

16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19

20   TINA HOPSON, individually and on        No. CV 08-0844 EDL
     behalf of all others similarly situated,
21                                            **[PROPOSED] ORDER GRANTING FINAL**
                    Plaintiff,                **APPROVAL OF CLASS ACTION**
22                                            **SETTLEMENT AND JUDGMENT**
             vs.
23
     HANESBRANDS INC.; SARA LEE
24   CORPORATION and DOES 1 through 50,
     inclusive,
25
                    Defendants.
26

27

28

                                             ORDER GRANTING FINAL APPROVAL
                                             U.S.D.C., N.D. Cal., No. CV 08-0844 EDL
LEGAL_US_W # 58731397.4

1    On **[INSERT DATE]**, a hearing was held on the joint motion of plaintiff Tina Hopson and

2 defendants Hanesbrands Inc. and Sara Lee Corporation for final approval of their class settlement; and

3 on the motion of plaintiff and her counsel for awards of the Class Representative Payment and the Class

4 Counsel Fees and Expenses Payment.  Edward J. Wynne and J.E.B. Pickett of the Wynne Law Firm

5 appeared for plaintiff; Jeffrey D. Wohl and Anne W. Nergaard of Paul, Hastings, Janofsky & Walker

6 LLP appeared for defendants.

7    The parties have submitted their proposed settlement (the "Settlement"), which this Court

8 preliminarily approved in its **[INSERT DATE]**, order.  In accordance with the preliminary approval

9 order, class members have been given notice of the terms of the Settlement and the opportunity to

10 comment on or object to it or to exclude themselves from its provisions.  In addition, pursuant to the

11 Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United

12 States and the appropriate state official in each state in which a class member resides have been given

13 notice of the Settlement.

14    Having received and considered the Settlement, the supporting papers filed by the parties, and

15 the evidence and argument received by the Court at the preliminary approval hearing held on **[INSERT**

16 **DATE]**, and the final approval hearing on **[INSERT DATE]**, the Court grants final approval to the

17 Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

18    1.    The Court has jurisdiction of this action under the Fair Labor Standards Act, 29 U.S.C.

19 § 201 *et seq.*, and supplemental jurisdiction over the state-law claims presented.

20    2.    Pursuant to this Court's order of **[INSERT DATE]**, a Notice of Conditional Certification

21 of Settlement Class, Proposed Settlement, Preliminary Court Approval of Settlement, and Hearing Date

22 for Final Court Approval, Claim Form and Consent to Join FLSA Collective Action, and Election Not to

23 Participate in Settlement were sent to each class member by first-class mail.  These papers informed

24 class members of the terms of the Settlement; their rights to claim a share of the Settlement, to comment

25 on or object to the Settlement, or to elect not to participate in the Settlement and pursue their own

26 remedies; and their right to appear in person or by counsel at the final approval hearing and be heard

27 regarding approval of the Settlement.  Adequate periods of time were provided by each of these

28

- 1 -

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1  procedures. [No class members filed written objections to the Settlement as part of this notice process

2  or stated his or her intent to appear at the final approval hearing.]

3  ///

4       3.      The Court finds and determines that this notice procedure afforded adequate protections

5  to class members and provides the basis for the Court to make an informed decision regarding approval

6  of the Settlement based on the responses of class members. The Court finds and determines that the

7  notice provided in this case was the best notice practicable, which satisfied the requirements of law and

8  due process.

9       4.      Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval

10 of the Settlement was filed in court, defendants served upon the appropriate state official of each state in

11 which a class member resides and the appropriate federal official, a notice of the Settlement consisting

12 of: copies of the original, first amended, and second amended complaints in this action; a notice of the

13 scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notice of

14 class action settlement and Class Members' right to request exclusion from the class; and the names of

15 Class Members who reside in each state and the estimated proportionate share of the claims of Class

16 Members in each state to the entire Settlement. The notice of Settlement also invited comment on the

17 Settlement, and when it learned from the Settlement Administrator that a Class Member resided in a

18 state other than the state noted in defendants' records, defendants provided or supplemented notice of

19 the Settlement to the appropriate state official in each state where a Class Member was then found to

20 reside. This order granting final approval is not issued earlier than 90 days after the later of the dates on

21 which the appropriate federal and state officials were served with the notice of proposed settlement.

22      5.      The Court finds and determines that defendants' notice of Settlement was timely,

23 adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section

24 1715(e) has no application to the Settlement.

25      6.      For the reasons stated in the Court's **[INSERT DATE]**, preliminary approval order, the

26 Court finds and determines that the proposed Settlement Class, as defined in the definitions section of

27 the Settlement Agreement, meets all of the legal requirements for class certification, and it is hereby

28

- 2 -

1    ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of

2    this action.

3          7.    [The Court finds that no class member has objected to the terms of the Settlement.] [The

4    percentage of Class Members who opted out of the Settlement was     %.]  The Court further finds

5    and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each

6    class member and that the class members who have not opted out shall by bound by the Settlement, that

7    the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be

8    and hereby are ordered to be consummated.

9          8.    The Court finds and determines that the payments to be made to the Claimants as

10    provided for in the Settlement are fair and reasonable.  The Court hereby gives final approval to and

11    orders the payment of those amounts be made to the Claimants out of the $400,000 Maximum

12    Settlement Amount in accordance with the terms of the Settlement.

13          9.    The Court finds and determines that the payment of the Class Representative Payment of

14    $     to plaintiff Tina Hopson for her services as the Class Representative, in addition to her

15    individual Settlement Share, is fair and reasonable.  The Court hereby gives final approval to and orders

16    that the Class Representative Payment of that amount be made to Plaintiff out of the Maximum

17    Settlement Amount in accordance with the terms of the Settlement.

18          10.    The Court finds and determines that the payments of the Class Counsel Fees and

19    Expenses Payment $     in attorneys' fees and $     in litigation costs and expenses, for a total

20    payment of $    , to Class Counsel Wynne Law Firm are fair and reasonable.  The Court hereby

21    gives final approval to and orders that that payment of that total amount be made to Class Counsel out of

22    the Maximum Settlement Amount in accordance with the terms of the Settlement.

23          11.    The Court finds and determines that payment to the LWDA of $1,500 as its share of the

24    settlement of civil penalties in this case is fair, reasonable, and appropriate; that plaintiff complied with

25    the notice requirements of PAGA before amending her complaint to include claims for civil penalties;

26    and the Settlement extinguishes defendants' liability for civil penalties to the State of California,

27    plaintiff, or Participating Class Members in accordance with the Settlement.  The Court hereby gives

28

- 3 -

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1   final approval to and orders that the payment of that amount be paid out of the Maximum Settlement

2   Amount in accordance with the terms of the Settlement.

3       12.    The Court retains jurisdiction of all matters relating to the interpretation, administration,

4   implementation, effectuation and enforcement of this order and the Settlement.

5       13.    Nothing in this order shall preclude any action to enforce the parties' obligations under

6   the Settlement or under this order, including the requirement that defendants make payments to the class

7   members in accordance with the terms of the Settlement.

8       14.    Upon completion of administration of the Settlement, the Settlement Administrator will

9   provide written certification of such completion to the Court and counsel for the parties.

10      15.    Pursuant to the Settlement, all Participating Class Members are permanently barred from

11  prosecuting against defendants, and their parents, subsidiaries, affiliates, and trusts, and all of their

12  employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, successors, and

13  assigns, and their parents, subsidiaries, affiliates, and trusts, and all of their employees, any individual or

14  class claims that were released as set forth in the Settlement.

15      16.    The parties are hereby ordered to comply with the terms of the Settlement.

16      17.    This action is hereby ordered dismissed with prejudice, each side to bear its own costs

17  and attorneys' fees except as provided by the Settlement.

18      18.    This order is intended to constitute and will constitute final judgment in this action

19  pursuant to Rule 58, Federal Rules of Civil Procedure.

20      Dated: **[INSERT DATE]**.

21

22                                        _____
                                          Elizabeth D. Laporte
                                          United States Magistrate Judge

23

24

25

26

27

28

LEGAL_US_W # 58731397.4

- 4 -

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

# EXHIBIT 2

*Hopson v. Hanesbrands Inc., et al.*:  **Proposed Settlement Timeline**

| Date | Event |
|---|---|
| June 16, 2008 | Parties file joint motion for preliminary approval of settlement. |
| June 26, 2008 | Deadline for Hanesbrands to provide CAFA Notice (10 days after motion papers are filed). |
| July 22, 2008 | Hearing on joint motion for preliminary approval (at least 35 days after motion papers are served, per Local Rule 7.2(a)). *(All dates that follow assume that the Court grants preliminary approval on this date.)* |
| August 1, 2008 | Last day for Hanesbrands to provide Settlement Administrator with data on Class Members (10 days after preliminary approval). |
| August 15, 2008 | Last day for Settlement Administrator to mail to class members notices of settlement, claims form, form of election not to participate (14 days after receipt of data). |
| September 5, 2008 | Deadline for attorney general comments, per CAFA notice (100 days before final approval hearing). |
| October 14, 2008 | Last day for class members to file claim forms, objections to settlement, or elections not to participate in the Settlement or to dispute information in notice (60 days after class notice is mailed). |
| October 28, 2008 | Last day for Settlement Administrator to provide parties with list of all non-participating class members (14 days after deadline to opt-out). |
| November 7, 2008 | Last day for Hanesbrands to exercise right to rescind settlement if there is an excessive number of non-participating class members (10 days after receipt of opt-out list). |
| November 7, 2008 | Deadline for:<br><br>(1)    Joint motion for final approval (noticed for hearing 38 days later, on December 16, 2008).<br><br>(2)    Plaintiff's motion for Class Representative Fee Payment |

| Date | Event |
| --- | --- |
| | and Class Counsel Fees and Expenses Payment.<br><br>(3)    Deadline for Settlement Administrator's declaration of due diligence. |
| December 2, 2008 | Deadline for replies in support of motions for final approval, approval of Class Representative Fee Payment and Class Counsel Fees and Expenses Payment (14 days before hearing on motions for final approval). |
| December 16, 2008 | Hearing on motions for final approval, approval of Class Representative Fee Payment and Class Counsel Fees and Expenses Payment. *(All dates that follow assume that court gives final approval and that clerk serves notice of final approval this date.)* |
| January 15, 2009 | End of appeals period (30 days after judgment is entered). |
| February 16, 2009 | Payment of class representative fee and class counsel's attorneys' fees and expenses; mail settlement checks to class and LWDA (30 days after appeals period ends). |