1  [Counsel of record listed on next page]

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  TINA HOPSON, individually and on        No. CV-08-0844 EDL
    behalf of others similarly situated,
12                                          **STIPULATION TO CORRECTION OF**
                   Plaintiff,               **SETTLEMENT AGREEMENT FILED**
13                                          **JUNE 16, 2008**

14        vs.                               Date:      July 22, 2008
                                            Time:      9:00 a.m.
15  HANESBRANDS INC.; SARA LEE              Courtroom: E (15th Floor)
    CORPORATION and Does 1 through 50,      Judge:     Hon. Elizabeth D. Laporte
16  inclusive,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 59602388.1

1  EDWARD J. WYNNE (Bar No.165819)
   J.E.B. PICKETT (Bar No. 154294)
2  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
3  Greenbrae, California 94904
   Telephone: 415.461-6400
4  Facsimile: 415.461-3900
   ewynne@wynnelawfirm.com
5  jebpickett@wynnelawfirm.com

6  Attorneys for Plaintiff
   TINA HOPSON
7

8  M. KIRBY C. WILCOX (Bar No. 078576)
   JEFFREY D. WOHL (Bar No. 96838)
9  ANNE W. NERGAARD (Bar No. 235058)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
10 55 Second Street, 24th Floor
   San Francisco, California 94105-3441
11 Telephone: 415.856.7000
   Facsimile: 415.856.7100
12 kirbywilcox@paulhastings.com
   jeffwohl@paulhastings.com
13 annenergaard@paulhastings.com

14 Attorneys for Defendants
   HANESBRANDS INC. and
15 SARA LEE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 59602388.1

1    Plaintiff Tina Hopson and defendants Hanesbrands Inc. and Sara Lee Corporation, acting

2    through their counsel of record, hereby stipulate to a correction of the following provisions of the

3    Settlement Agreement ("Agreement") filed on June 16, 2008 (Docket No. 12) to reflect the parties'

4    actual agreement:

| Section | Paragraph | Change |
|---------|-----------|--------|
| I. | C. | <u>Delete</u> "all persons who worked as full-time Service Associates for Defendants anywhere in the United States other than the State of California at any time during the period from May 22, 2004, to September 1, 2007" <br><br> <u>Add</u> "all persons who worked as full-time Service Associates for Defendants anywhere in the United States other than the State of California at any time from (a) May 22, 2001, to September 1, 2007, if the person worked in the State of New York or the Commonwealth of Massachusetts; (b) May 22, 2002, to September 1, 2007, if the person worked in the Commonwealth of Kentucky; (c) May 22, 2003, to September 1, 2007, if the person worked in the State of Florida or the State of Texas; or (d) May 22, 2004, to September 1, 2007, if the person worked in any other state" |
| I. | W. | <u>Delete</u> "during which the Full-Time Class Members worked for Defendants anywhere in the United States other than the State of California at any time during the period from May 22, 2004, to September 1, 2007" <br><br> <u>Add</u> "during which the Full-Time Class Members worked for Defendants anywhere in the United States other than the State of California at any time from (a) May 22, 2001, to September 1, 2007, if the person worked in the State of New York or the Commonwealth of Massachusetts; (b) May 22, 2002, to September 1, 2007, if the person worked in the Commonwealth of Kentucky; (c) May 22, 2003, to September 1, 2007, if the person worked in the State of Florida or the State of Texas; or (d) May 22, 2004, to September 1, 2007, if the person worked in any other state" |

22    The corrections reflect the parties' actual agreement that the time period covered by the

23    Agreement would encompass the greater of the state or FLSA statute of limitations for wage and hour

24    claims.  The corrections do not impact the number of individuals in the Class or the number of Work

25    Weeks covered by the Agreement.

26    Attached as Exhibit A is a revised [Proposed] Order: (1) Conditionally Certifying Settlement

27    Class; (2) Preliminarily Approving Proposed Settlement; (3) Approving Notice to Class and Election

28    Not to Participate; (4) Approving Notice of Proposed Settlement; and (5) Setting Hearing for Final

1   Approval.    Attached as Exhibit B is a revised Notice of Proposed Settlement of Class Action,

2   Conditional Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing

3   Date for Final Court Approval.

4

5

6   Dated:  July 30, 2008.                EDWARD J. WYNNE
                                          J.E.B. PICKETT
7                                         WYNNE LAW FIRM

8                                         By:  _____/s/_____
9                                                       J.E.B. Pickett
                                                     Attorney for Plaintiff
10                                                     TINA HOPSON

11  Dated:  July 30, 2008.                M. KIRBY C. WILCOX
                                          JEFFREY D. WOHL
12                                        ANNE W. NERGAARD
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP
13

14                                        By:  _____/s/_____
15                                                      Jeffrey D. Wohl
                                                    Attorney for Defendants
16                                        HANESBRANDS INC. and SARA LEE CORP.

17

18

19

20

21

22

23

24

25

26

27

28

-2-                    STIP TO CORRECTION OF SETTLEMENT AGR.
                                          U.S.D.C., N.D. Cal., No. CV-08-0844-EDL

# EXHIBIT A

EDWARD J. WYNNE (Cal. State Bar No. 165819)
J.E.B. PICKETT (Cal. State Bar No. 154294)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, California 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900
ewynne@wynnelawfirm.com
jebpickett@wynnelawfirm.com

Attorneys for Plaintiff
TINA HOPSON

M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
JEFFREY D. WOHL (Cal. State Bar No. 96838)
ANNE W. NERGAARD (Cal. State Bar No. 235058)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
kirbywilcox@paulhastings.com
jeffwohl@paulhastings.com
annenergaard@paulhastings.com

Attorneys for Defendants
HANESBRANDS INC. and
SARA LEE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HOPSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br>HANESBRANDS INC.; SARA LEE CORPORATION and DOES 1 through 50, inclusive,<br><br>       Defendant. | No. CV 08-0844 EDL<br><br>**REVISED [PROPOSED] ORDER:<br>(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;<br>(2) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;<br>(3) APPROVING NOTICE TO CLASS AND ELECTION NOT TO PARTICIPATE;<br>(4) APPROVING NOTICE OF PROPOSED SETTLEMENT; AND<br>(5) SETTING HEARING FOR FINAL APPROVAL** |

1    On July 22, 2008, a hearing was held on the joint motion of plaintiff Tina Hopson and

2    defendants Hanesbrands Inc. and Sara Lee Corporation for conditional certification of a settlement class

3    in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent

4    to the class about the settlement and election not to participate in the settlement, approval of the notice

5    of proposed settlement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and

6    the setting of a date for the hearing on final approval of the settlement.  Edward J. Wynne and J.E.B.

7    Pickett of the Wynne Law Firm appeared for plaintiff; Jeffrey D. Wohl and Anne W. Nergaard of Paul,

8    Hastings, Janofsky & Walker LLP appeared for defendants.

9    The Court having read and considered the papers on the motion, the arguments of counsel, and

10   the law, and good cause appearing therefor,

11   IT IS ORDERED:

12   1.    The proposed class of full-time and part-time Hanesbrands Service Associates satisfies

13   the requirements of a settlement class under Federal Rule of Civil Procedure 23 because the class is so

14   numerous that joinder of all member is impracticable, there are questions of law or fact common to the

15   class, plaintiff's claims are typical of Class Members' claims and defendants' defenses to plaintiff's

16   claims are typical of defendants' defenses to Class Members, and plaintiff will fairly and adequately

17   protect the interests of the class; and questions of law or fact common to Class Members predominate

18   over questions affecting only individual Class Members, and a class action is superior to other available

19   methods for the fair and efficient adjudication of the controversy.

20   2.    The proposed class of full-time Service Associates also satisfies the requirements of a

21   collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Class Members are similarly

22   situated for purposes of a collective action under section 16(b).

23   3.    The parties' proposed settlement, as evidenced by their Settlement Agreement

24   (Declaration of Anne W. Nergaard in Support of Joint Motion for Preliminary Approval "Nergaard

25   Decl.", Exh. 1) (the "Settlement") is granted preliminary approval as it meets the criteria for preliminary

26   settlement approval.  The Settlement falls within the range of possible approval as fair, adequate and

27   reasonable, and appears to be the product of arms-length and informed negotiations, and treats all Class

28   Members fairly.

1     4.     The parties' proposed notice plan is constitutionally sound because individual notice will

2  be mailed to all class members whose identities are known to the parties, and such notice is the best

3  notice practicable.  The parties' proposed Notice of Proposed Settlement of Class Action, Conditional

4  Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing Date for Final

5  Court Approval (Settlement, Exh. A) (the "Class Notice") and their proposed Claim Form and Consent

6  to Join FLSA Collective Action (the "Claim Form") and proposed Election Not to Participate in

7  Settlement (Settlement, Exhs. B, C) (collectively, the "Class Forms") are sufficient to inform Class

8  Members of the terms of the Settlement; their rights under the Settlement to claim a Settlement Share,

9  comment on or object to the settlement, or elect not to participate in the Settlement, and the processes

10  for doing so; and the date and location of the final approval hearing.  Accordingly, the Class Notice and

11  the Class Forms are approved.

12     5.     Defendants' notice of the Settlement given to federal and state officials complies with the

13  requirements of CAFA.   Not later than ten days after the parties' Joint Motion for Conditional

14  Certification of Class and Preliminary Approval of Class Action Settlement was filed, notice of the

15  Settlement was mailed to the Attorney General of the United States of America and the appropriate state

16  official in each state in which, based on defendants' records of last known mailing address, Class

17  Members reside; and the notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8).

18  On this basis, the notice of the Settlement is approved and the Court finds that defendants have

19  discharged their obligations under CAFA to provide notice to the appropriate federal and state official.

20     6.     This action is granted conditional certification and the following persons are certified as

21  Class Members solely for the purpose of entering a settlement in this matter:

22     All full-time Service Associates who worked for defendants in the State of California at
23  any time during the period from May 22, 2003, to September 1, 2007.

24     All full-time Service Associates who worked for defendants anywhere in the United
   States other than the State of California at any time from (a) May 22, 2001, to September
25  1, 2007, if the person worked in the State of New York or the Commonwealth of
   Massachusetts; (b) May 22, 2002, to September 1, 2007, if the person worked in the
26  Commonwealth of Kentucky; (c) May 22, 2003, to September 1, 2007, if the person
   worked in the State of Florida or the State of Texas; or (d) May 22, 2004, to September 1,
27  2007, if the person worked in any other state.

28     All part-time Service Associates who worked for defendants in the State of California at
   any time during the period from May 22, 2004, to September 1, 2007.

LEGAL_US_W # 59597021.1

ORDER GRANTING PRELIMINARY APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1    7.    Any Class Member who wishes to claim a Settlement Share has sixty (60) days after the

2    date that the Settlement Administrator first mails the Class Notice to submit his or her completed Claim

3    Form pursuant to the procedures set forth in the Settlement.

4    8.    Any Class Member who wishes to comment on or object to the Settlement has sixty (60)

5    days after the date that the Settlement Administrator first mails the Class Notice to submit his or her

6    comment or objection pursuant to the procedures set forth in the Settlement.

7    9.    Any Class Member who wishes to elect not to participate in the Settlement has sixty (60)

8    days after the date that the Settlement Administrator first mails the Class Notice to submit his or her

9    Election Not to Participate pursuant to the procedures set forth in the Settlement.

10    10.    Rust Consulting, Inc. is appointed to act as the Settlement Administrator, pursuant to the

11    terms set forth in the Settlement.

12    11.    Plaintiff Tina Hopson is appointed the Class Representative.  Edward J. Wynne, J.E.B.

13    Pickett, and the Wynne Law Firm are appointed Class Counsel.

14    12.    The Class Notice and the Class Forms will be disseminated according to the notice plan

15    described in the Settlement and substantially in the form submitted by the parties.  Proof of distribution

16    of notice will be filed by the parties at or prior to the final approval hearing.

17    13.    A final hearing will be held on December 16, 2008, to determine whether the Settlement

18    should be granted final approval as fair, reasonable, and adequate as to the Class Members.  The Court

19    will hear all evidence and argument necessary to evaluate the Settlement, and will consider plaintiff's

20    request for a Class Representative Payment and Class Counsel's request for a Class Counsel Fees and

21    Expenses Payment.  Class Members and their counsel may support or oppose the Settlement and the

22    motion for awards of the Class Representative's Payment and the Class Counsel Fees and Expenses

23    Payment, if they so desire.

24    14.    Any Class Member may appear at the final approval hearing in person or by his or her

25    own attorney, and show cause why the Court should not approve the Settlement, or object to the motion

26    for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment.  For

27    any comments or objections to be considered at the hearing, the Class Member must file comments with

28    the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection.

1  Such comments must be filed with the Court, and mailed to Class Counsel and defendants' Counsel, not

2  later than October 14, 2008.

3      15.    The Court reserves the right to continue the date of the final approval hearing without

4  further notice to Class Members.  The Court retains jurisdiction to consider all further applications

5  arising out of or in connection with the Settlement.

6      Dated:  _____.

7

8                                                              Elizabeth D. Laporte
                                                               United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PRELIMINARY APPROVAL
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| TINA HOPSON, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50, inclusive,<br><br>        Defendants. | No. CV 08-0844 EDL<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,  CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL** |

18
19
20
21
22
23
24
25
26
27
28

TO:    (1)    **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS INC. ("HANESBRANDS") IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2003, TO SEPTEMBER 1, 2007.**

(2)    **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS ANYWHERE IN THE UNITED STATES OTHER THAN THE STATE OF CALIFORNIA AT ANY TIME FROM (A) MAY 22, 2001, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE STATE OF NEW YORK OR THE COMMONWEALTH OF MASSACHUSETTS; (B) MAY 22, 2002, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE COMMONWEALTH OF KENTUCKY; (C) MAY 22, 2003, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE STATE OF FLORIDA OR THE STATE OF TEXAS; OR (D) MAY 22, 2004, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN ANY OTHER STATE.**

(3)    **ALL PART-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2004, TO SEPTEMBER 1, 2007.**

**PLEASE READ THIS NOTICE CAREFULLY, IT MAY AFFECT YOUR LEGAL RIGHTS TO CLAIM ADDITIONAL COMPENSATION WHILE EMPLOYED BY HANESBRANDS.**

**IF YOU WISH TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE AND RETURN TO THE SETTLEMENT ADMINISTRATOR YOUR CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION ON OR BEFORE [DATE].**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION FORM ON OR BEFORE [DATE], OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

**IF YOU WISH TO COMMENT ON OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**ENCLOSED WITH THIS NOTICE IS A CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTION ACTION WHICH SETS FORTH (ACCORDING TO HANESBRANDS' RECORDS) YOUR NUMBER OF WORK WEEKS WITHIN THE CLASS PERIOD AND, BASED ON THOSE WORK WEEKS AND CERTAIN ASSUMPTIONS EXPLAINED BELOW, AN ESTIMATE OF YOUR SETTLEMENT SHARE. YOUR ACTUAL SETTLEMENT SHARE MAY BE HIGHER OR LOWER THAN SHOWN. PLEASE REVIEW THE INFORMATION ABOUT YOUR WORK WEEKS IN THE CLAIM FORM TO CONFIRM THAT IT IS ACCURATE.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on [DATE], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between plaintiff Tina Hopson

1  ("Plaintiff") and defendants Hanesbrands Inc. and Sara Lee Corporation ("Defendants") in the class

2  action pending in the Court brought on behalf of the individuals described above (the "Class" or "Class

3  Members"). The Court has preliminarily approved the Settlement and conditionally certified the Class

4  for purposes of the Settlement only. You have received this notice because Defendants' records indicate

5  that you are a member of the Class. This notice is designed to inform you of how you can make a claim

6  under the Settlement, comment on or object to the Settlement, or elect not to participate in the

7  Settlement. This Settlement releases claims under the federal Fair Labor Standards Act ("FLSA") and

8  various state wage-and-hour laws. If the Settlement is finally approved by the Court, but if you do not

9  timely complete and submit a Claim Form, you will not share in the Settlement proceeds; if you do not

10  timely complete and submit an Exclusion Form, the Settlement will be binding upon you, even if you

11  object to the Settlement.

12      1.    **BACKGROUND OF THE CASE**

13      On May 22, 2007, Plaintiff commenced this action against Defendants alleging that Defendants

14  violated various provisions of the California Labor Code.

15      Specifically, Plaintiff alleged that Defendants misclassified Plaintiff and the class she proposed

16  as exempt under California wage-and-hour laws and, on that basis, failed to pay Plaintiff and the

17  proposed class for overtime wages, to provide them with meal periods and rest breaks, to timely pay

18  Plaintiff and the proposed class their wages, and to provide them with correctly itemized wage

19  statements. Plaintiff also alleged that with regard to such matters, Defendants engaged in unfair

20  competition in violation of California Business and Professions Code section 17200 et seq. Plaintiff also

21  sought civil penalties ("PAGA Penalties") for the violations of the California Labor Code she alleged

22  pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et

23  seq. Plaintiff subsequently amended the complaint to add a cause of action under the FLSA, 29 U.S.C. §

24  201 et seq., and sought to pursue a collective action under the FLSA on behalf of a nationwide class of

25  full-time Service Associates.

26      Defendants deny Plaintiff's material allegations. Defendants maintain that the Court should not

27  certify the collective action proposed by Plaintiff, that Plaintiff and the members of the collective action

28  she proposes were properly classified as exempt under the FLSA, and that Defendants bore no liability

1    to Plaintiff and the members of the collective action she proposed; and raised other defenses.

2

3    After good-faith negotiations presided over by a private mediator on April 8, 2008, Plaintiff and

4    Defendants agreed to settle the action pursuant to the terms and conditions of the Settlement.

5    The Settlement represents a compromise and settlement of highly disputed claims. Nothing in

6    the Settlement is intended to or will be construed as an admission by Defendants that Plaintiff's claims

7    in the action have merit or that it has any liability to Plaintiff or the Class on those claims.

8    Plaintiff and Defendants, and their counsel, have concluded that the Settlement is advantageous,

9    considering the risks and uncertainties to each side of continued litigation.    They have further

10    determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class

11    Members.

12    As a Class Member, you will share in the Settlement proceeds if you submit a valid and timely

13    Claim Form. Regardless of whether you submit a Claim Form, you will be bound by the Settlement

14    unless you elect not to participate by timely filing an Election Not to Participate in Settlement.

15    **2.    SUMMARY OF THE SETTLEMENT**

16    The Settlement provides for the following:

17    a.    **Who is included in the Settlement?**

18    You are included in the Settlement if you meet all of the conditions set forth in the beginning of

19    this notice. It is estimated that there are approximately 209 members of the Class.

20    b.  **What will I receive from the Settlement?**

21    Under the Settlement, Defendants will pay $400,000. Defendants will pay to each Claimant an

22    amount that is the percentage (rounded up or down to the nearest two-digit decimal) that is equal to

23    (i) that Claimant's total number of work weeks divided by (ii) the total number of work weeks of all

24    Claimants, multiplied by the Net Settlement Amount. No Claimant will receive less than $200. Each

25    work week worked by Claimants who were full-time Service Associates employed by Defendants in

26    California will be multiplied by 1.5 and rounded up or down to the nearest two-digit decimal. This is

27    because there are additional remedies available under California law for the claims asserted on behalf of

28    full-time Service Associates.  Each work week worked by Claimants who were part-time Service

1    Associates employed by Defendants in California will be multiplied by 0.5 and rounded up or down to
2    the nearest two-digit decimal.  This is because part-time Service Associates worked fewer hours on
3    average than full-time Service Associates and were paid on an hourly basis.  The total number of work
4    weeks for all Claimants will exclude an estimated two weeks of vacation per year and periods of leaves
5    of absence.

6         The Net Settlement Amount means $400,000 less (i) the awarded Class Representative's
7    Payment (for which Plaintiff will seek $5,000); (ii) the awarded Class Counsel's Fees and Expenses (for
8    which Class Counsel will seek $112,500); (iii) the payment to the LWDA of $1,500; and (iv) the
9    Settlement Administrator's reasonable fees and expenses.

10        c.    **When will I receive my Settlement Share?**

11        The Settlement Shares and other amounts will be paid after final court approval of the Settlement
12   and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor
13   of the Settlement.

14        d.    **How do I exclude myself from the Settlement?**

15        You may be excluded from the Settlement if you complete and submit by the deadline an
16   Election Not to Participate in Settlement that is provided with this notice and in accordance with the
17   conditions for submitting that Election.  If you do not complete and timely submit an Election Not to
18   Participate, you will be bound by the Settlement even if you object to the Settlement.

19        e.    **How do I dispute information in my Settlement Share Statement?**

20        (1)    The Court has appointed **[INSERT NAME]** to act as an independent
21   Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's
22   entitlement to a Settlement Share.

23        (2)    Enclosed with this notice is your Claim Form and Consent to Join FLSA
24   Collective Action which sets forth (according to Defendants' records) your number of work weeks
25   within the class period and an estimate of your Settlement Share assuming that the Court finally
26   approves the Settlement; all Class Members make claims; and the Court approves the amounts sought
27   for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the payment
28   to the LWDA.  Your actual Settlement Share may end up being be higher or lower than estimated.

1      (3)    If you disagree with the information shown on your Claim Form about

2  your work weeks, you must ask the Settlement Administrator to resolve the matter.  In order to do so,

3  you must communicate, in writing, to the Settlement Administrator by the deadline the fact of the

4  dispute and the basis for your contention that you worked a different number of work weeks (including

5  any documentary evidence that you may have to support your contention).  In the event of such a

6  dispute, Defendants will manually review their payroll and personnel records to verify the correct

7  number of your work weeks.  Defendants' records will have a rebuttable presumption of correctness.

8  After consultation with you, Class Counsel, and Defendants, the Settlement Administrator will make a

9  determination of the number of your work weeks and that determination will be final, binding on you

10  and Defendants, and non-appealable.

11      f.    **What claims are being released as part of the Settlement?**

12      (1)    As of the date that the Settlement is finally approved, each Class Member

13  who was a full-time Service Associate releases Defendants and their former and current parents,

14  subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

15  shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

16  wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

17  whether known or unknown, arising under state law (including but not limited to the California Labor

18  Code and Industrial Welfare Commission Wage Orders), including, without limitation, statutory,

19  constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including

20  but not limited to PAGA Penalties), liquidated damages, punitive damages, interest, attorney fees,

21  litigation costs, restitution, or equitable relief, based on the failure to pay any type of overtime wages,

22  the failure to provide meal and rest periods, the failure to provide proper wage statements, or the failure

23  to provide wages at the proper frequency or in a timely manner on the basis that the Class Member was

24  classified as exempt under state or federal law arising from or related to the allegations in the action.

25      (2)    As of the date of that the Settlement is finally approved, each Class

26  Member who completes and returns to the Settlement Administrator a Claim Form and Consent to Join

27  FLSA Collective Action releases Defendants and their former and current parents, subsidiaries, and

28  affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and

- 5 -

1    agents, and any other successors, assigns, or legal representatives, from any and all applicable federal

2    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

3    whether known or unknown, pursuant to the FLSA.

4            (3)    As of the date that the Settlement is finally approved, each Class Member

5    who was a part-time Service Associate releases Defendants and their former and current parents,

6    subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

7    shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

8    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

9    whether known or unknown, including, without limitation, statutory, constitutional, contractual or

10   common law claims for wages, damages, unpaid costs, penalties (including PAGA Penalties), liquidated

11   damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based

12   on the failure to pay any type of overtime wages, the failure to provide meal and rest periods, the failure

13   to provide proper wage statements, and the failure to provide wages at the proper frequency or in a

14   timely manner arising from or related to the allegations in the action.

15           (4) By granting their respective releases of claims, Class Members who worked

16   for Defendants in California release all claims encompassed by their releases, whether known or

17   unknown by them, and regardless of whether they later discover facts in addition to or different from

18   those that they now know or believe to be true with respect to the subject matter of their releases.

19   Therefore, they expressly waive and relinquish the provisions, rights and benefits of section 1542 of the

20   California Civil Code, which reads:

21
22           A general release does not extend to claims which the creditor does not know or
        suspect to exist in his or her favor at the time of executing the release, which if
23           known by him or her must have materially affected his or her settlement with the
        debtor.

24
25           g.     **Class Representative Payment.**

26       In addition to her share as a Class Member, Plaintiff will seek approval from the Court for

27   payment of $5,000 for her services as Class Representative.  This payment will be made by Defendants

out of the Settlement.

28

1

           h.    **Class Counsel Fees and Expenses Payment.**

2        As part of the final approval hearing, Wynne Law Firm will request $100,000 (or one-quarter of

3  the Settlement) for their attorneys' fees in connection with their work in this case and $12,500 in

4  reimbursement of their litigation costs and expenses that were advanced in connection with the action.

5  Class Members are not personally liable for any fees and costs.  These amounts constitute full and

6  complete compensation for all legal fees and litigation costs and expenses of all Class Counsel,

7  including costs and expenses resulting from experts and other vendors retained by Class Counsel in

8  connection with the litigation and all work done through the completion of the litigation, whatever date

9  that may be.  Class Members will not be required to pay Class Counsel for any other attorneys' fees or

10  litigation costs or expenses out of their own pockets if the Settlement Agreement and the fee request are

11  finally approved by the Court.  Class Counsel's attorneys' fees and litigation costs and expenses as

12  approved by the Court will be paid out of the Settlement.  Class Members, Class Counsel, and the Class

13  Representative are not liable for payment of attorneys' fees and litigation costs and expenses incurred by

14  Defendants and no such payments will be made to Defendants or their counsel from the Settlement.

15           i.    **Payment to LWDA.**

16        The parties have agreed that the LWDA will be paid $1,500 out of the Settlement as the

17  LWDA's share of the settlement of penalties.

18           j.    **Costs of Administration.**

19        Defendants will pay the reasonable costs of administering the settlement, including the

20  Settlement Administrator's fees and expenses, out of the Settlement.

21      **3.    PLAINTIFF AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

22        Plaintiff as Class Representative and Class Counsel support the Settlement.  Their reasons

23  include the risk of denial of class certification, the risk of an unsuccessful outcome on the merits of

24  Plaintiff's claims, and the inherent delays and uncertainties associated with litigation.  Based on their

25  experience litigating similar cases, Class Counsel believe that further proceedings in this case, including

26  a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict

27  how the various legal questions at issue, including the amount of damages, would ultimately be

28  resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class

1    Counsel believes that the Settlement is fair, reasonable, and adequate.

2    **4.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

3         a.    **Participating in the Settlement**

4         Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member.

5    Unless you elect not to participate in the settlement, you are a part of the Class, you will be bound by the

6    terms of the Settlement and any final judgment that may be entered by the Court, and you will be

7    deemed to have released the claims against Defendants and the other released parties described above,

8    even if you do not submit a Claim Form and receive a share of the Settlement.  As a member of the

9    Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation

10   expenses unless you retain your own counsel, in which event you will be responsible for your own

11   attorneys' fees and expenses.

12        b.    **Commenting on or Objecting to the Settlement.**

13        You may comment on or object to the Settlement before final approval, either by filing a written

14   comment or objection or filing a notice of your intent to appear and comment or object at the final

15   approval hearing.  If the Court rejects your comment or objection, however, you will still be bound by

16   the terms of the Settlement, unless you also submit an Election Not to Participate in Settlement.

17   Alternatively, you may object and still participate in the settlement.  To object, you must send a written

18   notice of comment or objection or a written notice of your intent to appear and object at the final

19   approval hearing to the Court and to counsel at the same addresses shown below.

20        Send your notice to:

21                        Clerk of Court
                 United States District Court, Northern District of California

22                     450 Golden Gate Avenue, 16th Floor
                        San Francisco, California  94102

23

24   Also send copies of your notice to the parties' counsel as shown below:

25

26

27

28

LEGAL_US_W # 59593860.2

| | |
|---|---|
| **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
| Edward J. Wynne | M. Kirby C. Wilcox |
| J.E.B. Pickett | Jeffrey D. Wohl |
| Wynne Law Firm | Anne W. Nergaard |
| 100 Drakes Landing Road, Suite 275 | Paul, Hastings, Janofsky & Walker LLP |
| Greenbrae, California  94904 | 55 Second Street, 24th Floor |
| Telephone:  (415) 461-6400 | San Francisco, California  94105-3441 |
| Facsimile:  (415) 461-3900 | Facsimile:  (415) 856-7100 |
| E-mail: ewynne@wynnelawfirm.com | Email: kirbywilcox@paulhastings.com |
| E-mail: jebpickett@wynnelawfirm.com | E-mail: jeffwohl@paulhastings.com |
| | E-mail: annenergaard@paulhastings.com |

### DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL.

Any written comment or objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your comment or objection and any legal support for each objection. Your written comment or objection and/or notice of your intent to appear at the hearing must also state your full name, address, the last 4 digits of your Social Security Number, and the dates of your employment at Hanesbrands Inc.

To be valid and effective, the Court and Counsel must receive any written comments or objections and/or notices of intent to appear at the hearing not later than **[INSERT DATE]**, unless the Court orders otherwise.  A Class Member who fails to file and serve a written objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

    **d.**    **Disputing the Number of Work Weeks on Your Claim Form.**

If you dispute the number of work weeks on your Claim Form, state on the form what you contend is your correct number of work weeks and mail or fax the corrected Claim Form with any documentation you have to support your correction to the Settlement Administrator at:

Hanesbrands Wage-and-Hour Settlement Administrator

    **e.**    **Excluding Yourself from the Settlement.**

If you do not wish to participate in the Settlement, you must complete the enclosed form of

1  Election Not to Participate in Settlement ("Election Not to Participate"). The Election Not to Participate

2  must be completed, signed by you, dated and returned to the Settlement Administrator by not later than

3  [INSERT DATE]. A Class Member who fails to submit an Election Not to Participate by the deadline

4  specified above will be bound by all terms and conditions of the Settlement, if the Settlement is

5  approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

6      Any person who files a complete and timely Election Not to Participate will, upon receipt, no

7  longer be a member of the Settlement Class and will not be eligible to receive a share of the Settlement.

8  Any such person, at his or her own expense, may pursue any claims he or she may have against

9  Defendants, their affiliates, predecessors, or acquired companies.

10      Send your Election Not to Participate in Settlement to the Settlement Administrator at the

11  following address:

Hanesbrands Wage-and-Hour Settlement Administrator

### 5.    FINAL SETTLEMENT APPROVAL HEARING

16      The Court will hold a final approval hearing on [INSERT DATE], at [TIME], in Courtroom F

17  of the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

18  15th Floor, San Francisco, California  94102, to determine whether the settlement should be finally

19  approved as fair, reasonable, and adequate. The Court will also be asked to approve the requests for the

20  Class Representative Payment and the Class Counsel Fees and Expenses Payment.

21      The hearing may be postponed without further notice to the Class. **It is not necessary for you**

22  **to appear at this hearing. If you have given notice of your objection to the settlement, you may**

23  **appear at the hearing at your option so long as you have filed a notice of intent to appear by**

24  **[INSERT DATE].**

### 6.    GETTING MORE INFORMATION

26      The above is a summary of the basic terms of the Settlement. For any questions you may have,

27  you may contact Class Counsel at the contact information listed above. For the precise terms and

28  conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on

1  file with the Clerk of the Court.   The pleadings and other records in this litigation including the

2  Settlement Agreement, may be examined (i) online on through the Public Access to Court Electronic

3  Resources system, known as "PACER," at http://ecf.cand.uscourts.gov, or (ii) in person at the Office of

4  the Clerk at the United States Federal Court at 450 Golden Gate Avenue, San Francisco, California

5  94102 between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays,

6  or you may contact Class Counsel or the Settlement Administrator.   **PLEASE DO NOT TELEPHONE**

7  **THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION REGARDING THIS**

8  **SETTLEMENT OR THE CLAIM PROCESS!**

9         Dated: [INSERT DATE].

10

11                                                    _____
                                                      Elizabeth D. Laporte
                                                      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 59593860.2