IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HOPSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>HANESBRANDS INC.; SARA LEE CORPORATION and DOES 1 through 50, inclusive<br><br>          Defendant.<br>_____/ | No. CV-08-0844 EDL<br><br>**ORDER:**<br>**(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>**(2) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>**(3) APPROVING NOTICE TO CLASS AND ELECTION NOT TO PARTICIPATE;**<br>**(4) APPROVING NOTICE OF PROPOSED SETTLEMENT; AND**<br>**(5) SETTING HEARING FOR FINAL APPROVAL** |

Plaintiff Tina Hopson brought this putative class action lawsuit against defendants Hanesbrands, Inc. and Sara Lee Corporation alleging that Defendants misclassified Plaintiff and other Hanesbrands Service Representatives as exempt under federal and state wage-and-hour laws, thus not paying proper overtime wages, and failed to comply with California labor laws such as providing meal and rest periods for California employees. Defendants maintain that Plaintiff and the proposed class were properly classified. On April 8, 2008, the parties engaged in negotiations, represented by counsel, and agreed to settle this action and all other matters covered by the June 16, 2008 proposed settlement, as corrected in the July 30, 2008 stipulation. The proposed settlement is for a total amount of $400,000, of which up to $5,000 would go to the named Plaintiff, up to $100,000 maximum would go to attorney fees, $12,500 would go to litigation expenses and costs, $15,000 would be expended on settlement administration fees, $1,500 would go to the California Labor and Workforce Development Agency pursuant to the California Labor Code Private Attorneys

United States District Court
For the Northern District of California

General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, and leaving a balance of $265,000 for class members.

On July 15, 2008, Defendants filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.A. § 1715. Defendants' declaration complies with the requirements of CAFA. Defendants timely mailed notice of the settlement agreement to the Attorney General of the United States of America and the appropriate state official in each state in which, based on Defendants' records of last known mailing address, Class Members reside. The notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8).

Presently before the Court is the parties' joint motion for preliminary approval of class action settlement and class certification. The Court held a hearing on the joint motion on July 22, 2008. For the reasons stated at the hearing, the Court issues the following order.

**DISCUSSION**

**A. Conditional Certification of Class**

Class certification requires that: (1) the class be so numerous that joinder of all members individually is 'impracticable;' (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative must be typical of the claims or defenses of the class; and (4) the person representing the class must be able fairly and adequately to protect the interests of all members of the class. See Fed. R. Civ. P. 23(a); Staton v. Boeing, 327 F.3d 938, 953 (9th Cir. 2003); Judge William Schwarzer, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 10-43 (The Rutter Group, 2008). In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Federal Rule of Civil Procedure 23(b). Here, the parties assert that the action is maintainable under Rule 23(b)(3) because questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); Hanlon v. Chrysler, 150 F.3d 1011, 1022 (9th Cir. 1998).

The proposed settlement class appears to meet the requirements for certification under Rule 23(a). First, the potential class members, all of whom are readily identifiable from Defendants'

payroll records, are sufficiently numerous that joinder of all members would be impracticable. Second, with respect to the full-time Class Members who had common duties and whose claims include overtime wages, issues of law and fact are common to the class. Similarly, the facts and law are common to the California Class Members, who have claims for violations of California Labor Code provisions regarding meal and rest periods and wages. Third, Plaintiff's claims are identical to those of other Class Members, and Defendants' defenses to Plaintiff's claims are typical of Defendants' defenses to Class Members' claims. Fourth, parties jointly maintain that there are no conflicts of interest between Plaintiff and Class members, and there are no perceived conflicts with Plaintiff's counsel.

Further, the proposed class meets the requirements of Rule 23(b). Considerations of judicial economy favor litigating this case as a class action. See Joint Motion for Preliminary Approval at 8. Since this case involves multiple claims for relatively small sums, a class action is superior to an alternative method for adjudicating the parties' claims. See Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1154, 1163 (9th Cir. 2001) ("if plaintiffs cannot proceed as a class, some–perhaps most–will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover."). According to the record provided, no potential class member has expressed a desire to proceed independently and no unusual obstacles have appeared that would make managing the class particularly difficult. See Joint Motion at 8.

**B. Preliminary Approval of the Settlement**

Procedurally, the approval of a class action settlement takes place in two stages: the preliminary approval, which authorizes that notice be given to the Class, followed by a fairness hearing, after which the Court will make a final determination as to whether the parties should be allowed to settle the class action pursuant to the agreed upon terms. In reviewing the proposed settlement, the Court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, adequate, free from collusion and consistent with Plaintiff's fiduciary obligations to the class. Hanlon, 150 F.3d at 1127; see also Rutter, supra, at § 10-118. Further,

> assessing a settlement proposal required the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount

3

>offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Hanlon at 1126 (quoting Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).

Having examined this settlement for overall fairness according to the factors identified in Hanlon, the Court finds that preliminary approval is appropriate. First, Plaintiffs may have a strong case, but the risks inherent in continued litigation are great; Defendants strongly deny liability for Plaintiffs' principal claim that full-time Service Associates were misclassified as exempt. Defendants argue that they would prevail against Rule 23 class certification and, substantively, under the former Department of Labor regulation 29 C.F.R. § 541.205 (2004), which allowed an administrative exemption to the wage and hour laws for employees engaged in the administrative operations of a business, such as advising the management, planning, negotiating and representing the company. See Nergaard Declaration, Ex. A; see also Joint Supplemental Brief at 3. In addition, if Plaintiff and the proposed class were to pursue class certification under the less stringent standard of Section 16(b) of the Fair Labor Standards Act (FLSA), which authorizes workers to sue for unpaid overtime wages on their own behalf and on behalf of "other employees similarly situated," Defendants argue that they would prevail under Section 13(b)(1) of the FLSA. Section 13(b)(1) provides a complete overtime pay exemption for any employee for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act ("MCA") of 1935. See 29 U.S.C. § 216(b); see also Joint Supplemental Brief at 4-5. To meet the exemption under the MCA, employees must: (1) transport property; (2) transport property in interstate commerce; and (3) have a reasonable expectation of driving in interstate commerce, but need not regularly drive in interstate commerce. See 29 U.S.C. § 216(b). Defendants also argue that they qualify for the exemption because the Service Associates drove to stores daily to make deliveries and perform supervisory task. See Declaration of Kathy Gugino at 3, 4 (description of Sales Associates' responsibilities). That Defendants would contest class certification and liability if this case proceeds, and that Plaintiffs bear a risk of not prevailing, weighs in favor of preliminary settlement approval.

4

Second, the gross settlement amount of $400,000 and Class Members' expected net recovery of approximately $265,000, after fees and other costs are deducted, appear potentially to be a reasonable compromise, in light of the risks of litigation. In response to the Court's questions at the hearing, the parties submitted a supplemental brief explaining that the gross amount of $400,000 represents thirty-nine percent of the maximum expected recovery should Plaintiffs prevail. The parties stated that the expected recovery assumes that the full-time Class prevails on the misclassification claims and that the California Class is awarded the maximum penalties provided under the California Labor Code. Supplemental Brief at 2. It does not, however, take into account the statutory fees that Plaintiffs would be awarded in addition to the recovery of the class if Plaintiffs were to prevail--an issue that has not yet been addressed. The proposed settlement amount takes into account, *inter alia*, the uncertainty of class certification and the difficulty of demonstrating that there was a willful violation of the California Labor Code. Id. at 2-4. Third, the parties engaged in informal discovery prior to reaching a settlement, during which Defendants produced payroll records that informed the parties' decision to settle. See Joint Motion at 13.

Fourth, at this preliminary stage, the plan for distributing the settlement appears sufficiently fair for conditional approval; a further showing will need to be made for final approval. For example, the parties estimate up to $100,000 for fees, which is twenty-five percent of the settlement amount. Twenty-five percent is considered a benchmark for attorneys' fees in common fund cases. See Hanlon, 150 F.3d at 1029. But the Ninth Circuit has also stated that "the 25 percent benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). See also Alberto v. GMRI, Inc., 2008 WL 2561106, 11-13 (E.D. Cal. June 24, 2008) (holding that a 22 percent fee request on a common fund was unjustified because the case was less than one year old, no hearings had been held, the only motions filed were mooted by the parties' stipulated stay of action, and formal discovery never got underway; the Court looked to the lodestar method instead and required counsel to file a declaration thoroughly explaining the fees prior to the fairness hearing).

**United States District Court**
For the Northern District of California

1  Here, although this case was removed to this Court in February 2008, it had been on file in
2  Superior Court since May 2007. According to the docket, no substantive issues have been raised or
3  decided in this case in federal court, and the only evidence of fees and costs is one full day of
4  mediation and Defendants' production of some documents to Plaintiff. Plaintiff's counsel expects to
5  make a fuller showing to further justify the fees in connection with the fairness hearing.

6  As an additional example, the Court notes that the Settlement Agreement awards $5,000 to
7  the named Plaintiff. While courts have found that $5,000 incentive payments are reasonable, the
8  Court must evaluate the award individually to detect excessive payments. Staton v. Boeing Co., 327
9  F.3d 938, 952 (9th Cir. 2003); In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir. 2000)
10 (approving incentive award of $5,000 to two plaintiff representatives of 5,400 potential class
11 members in $1.75 million settlement, where incentive payment constituted only 0.56% of the
12 settlement); Alberto v. GMRI, Inc., 2008 WL 2561106, 11-13 (E.D. Cal. June 24, 2008) (requiring
13 the parties to present evidence showing the named plaintiff's substantial efforts taken as class
14 representative to justify the discrepancy between her $5,000 award, constituting 0.71% of the
15 settlement, and the $24.17 that each class member was expected to receive). To assess whether an
16 incentive payment is excessive, district courts balance "the number of named plaintiffs receiving
17 incentive payments, the proportion of the payments relative to the settlement amount, and the size of
18 each payment." Staton, 327 F.3d at 977.

19 Here, named Plaintiff's incentive payment of $5,000 is 1.25 percent of the settlement in a
20 class of approximately 209, a somewhat higher percentage than other cases approving the $5,000
21 amount, while the estimated payout to class members has a minimum of approximately $200 per
22 claimant and ranges to approximately $1,300 for full-time Class Members. Plaintiff states that the
23 incentive award to the class representative is justified because she responded to multiple requests for
24 information, reviewed many documents produced by Defendants, authenticated documents, and was
25 a general source of invaluable information which assisted in the parties reaching a settlement of this
26 action. See Joint Supplemental Brief at 6.

27 Furthermore, with respect to the other settlement terms, the parties have agreed that if the
28 residual settlement amount exceeds $15,000, that money will be redistributed to the class, but

redistributing any lower amount would likely cost more than $15,000 in administrative and transaction costs. See Joint Supplemental Brief at 5. This threshold appears reasonable. The settlement provides that any residual amount of less than $15,000 will be distributed equally to two beneficiaries chosen by the parties. Id. at 5-6; see also Declaration of Christopher Fox. While the law generally favors distributing unclaimed funds for a purpose as near as possible to the legitimate objectives underlying the lawsuit, a direct nexus between the injured plaintiffs and the *cy pres* recipients is neither always feasible nor required. Compare In re Airline Ticket Commission Antitrust Litigation, 307 F.3d 679, 680 (8th Cir. 2002) (holding that the trial court had abused its discretion with respect to *cy pres* distribution because there was no nexus between the injured class and the local organizations receiving unclaimed funds) (citing Powell v. Georgia-Pacific Corporation, 119 F.3d 703, 706-07 (8th Cir. 1997) (approving the district court's order that nearly $1 million in remainder settlement funds be distributed as scholarships to African American high school students because the scholarship program carried out the plaintiffs' desire and addressed the subject matter of the lawsuit: employment opportunities available to African Americans in the region), with Superior Beverage Co. v. Owens-Ill., Inc. 827 F. Supp. 477, 479 (N.D. Ill. 1993) (holding that unclaimed funds remaining after settlement of an antitrust case may be distributed to other public interests not closely related to the origins of the case). Moreover, the residual will be no more than $15,000 and may be substantially less, so the costs of undertaking any elaborate selection process would more than offset any benefit. In connection with the fairness hearing, the parties shall be prepared to make a showing as to how distributing the residual funds to the named beneficiaries (or perhaps an alternative that relates more closely to the injured class) will benefit the class. The parties shall address and provide adequate evidentiary support for these issues in their Joint Motion for Final Approval.

**C. Notice**

The parties' proposed notice plan is constitutionally sound because individual notice will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. See Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1305 (9th Cir. 1990). The parties' corrected proposed Notice of Proposed Settlement of Class Action,

7

Conditional Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval (Settlement, Ex. A) (the "Class Notice") and their proposed Claim Form and Consent to Join FLSA Collective Action (the "Claim Form") and proposed Election Not to Participate in Settlement (Settlement, Exs. B, C) (collectively, the "Class Forms") (Docket No. 22) are sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement to claim a Settlement Share, comment on or object to the settlement, or elect not to participate in the Settlement, and the processes for doing so; and the date and location of the final approval hearing. Accordingly, the Class Notice and the Class Forms are approved. See Hanlon, 150 F.3d at 1025.

### D. Order

The Court grants conditional certification and the following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All full-time Service Associates who worked for Defendants in the State of California at any time during the period from May 22, 2003, to September 1, 2007.
>
> All full-time Service Associates who worked for Defendants anywhere in the United States other than the State of California at any time from (a) May 22, 2001, to September 1, 2007, if the person worked in the State of New York or in the Commonwealth of Massachusetts; (b) May 22, 2002, to September 1, 2007, if the person worked in the Commonwealth of Kentucky; (c) May 22, 2003, to September 1, 2007, if the person worked in the State of Florida or the State of Texas; or (d) May 22, 2004, to September 1, 2007, if the person worked in any other state.
>
> All part-time Service Associates who worked for Defendants in the State of California at any time during the period from May 22, 2004, to September 1, 2007.

Any Class Member who wishes to claim a Settlement Share has sixty (60) days after the date that the Settlement Administrator first mails the Class Notice to submit his or her completed Claim Form pursuant to the procedures set forth in the Settlement.

Any Class Member who wishes to comment on or object to the Settlement has sixty (60) days after the date that the Settlement Administrator first mails the Class Notice to submit his or her comment or objection pursuant to the procedures set forth in the Settlement.

Any Class Member who wishes to elect not to participate in the Settlement has sixty (60) days after the date that the Settlement Administrator first mails the Class Notice to submit his or her Election Not to Participate pursuant to the procedures set forth in the Settlement.

Plaintiff Tina Hopson is appointed the Class Representative. Edward J. Wynne, J.E.B. Pickett, and the Wynne Law Firm are appointed Class Counsel.

Rust Consulting, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

The Class Notice and the Class Forms as corrected as of July 30, 2008, will be disseminated according to the notice plan described in the Settlement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

A final hearing will be held on January 13, 2009, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiff's request for a Class Representative Payment and Class Counsel's request for a Class Counsel Fees and Expenses Payment. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative's Payment and the Class Counsel Fees and Expenses Payment, if they so desire.

Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment. For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection. Such comments must be filed with the Court, and mailed to Class Counsel and Defendants' Counsel, no later than November 4, 2008.

A Joint Motion for Final Approval, Plaintiff's motion for Class Representative Fee Payment and Class Counsel Fees and Expenses Payment, and the Deadline for Settlement Administrator's declaration of due diligence shall be filed no later than December 2, 2008.

Replies in support of motions for final approval, approval of Class Representative Fee Payment and Class Counsel Fees and Expenses Payment shall be filed with the Court twenty-one (21) days before hearing on motions for final approval.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

Accordingly, the Court grants preliminary approval of the class action settlement. At the fairness hearing, the parties should be prepared to discuss, *inter alia*, justification of attorney fees and the settlement administrative fee.

**IT IS SO ORDERED.**

Dated: August 8, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge