1   EDWARD J. WYNNE (Cal. State Bar No. 165819)
    J.E.B. PICKETT (Cal. State Bar No. 154294)
2   WYNNE LAW FIRM
    100 Drakes Landing Road, Suite 275
3   Greenbrae, California 94904
    Telephone: (415) 461-6400
4   Facsimile:  (415) 461-3900
    ewynne@wynnelawfirm.com
5   jebpickett@wynnelawfirm.com

6   Attorneys for Plaintiff
    TINA HOPSON
7

8   M. KIRBY C. WILCOX (Bar No. 078576)
    JEFFREY D. WOHL (Bar No. 96838)
9   ANNE W. NERGAARD (Bar No. 235058)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
10  55 Second Street, 24th Floor
    San Francisco, California 94105-3441
11  Telephone: 415.856.7000
    Facsimile: 415.856.7100
12  kirbywilcox@paulhastings.com
    jeffwohl@paulhastings.com
13  annenergaard@paulhastings.com

14  Attorneys for Defendants
    HANESBRANDS INC. and
15  SARA LEE CORPORATION

16

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

20  TINA HOPSON, individually and on          No. CV 08-0844 EDL
    behalf of others similarly situated,
21                                            **STIPULATION AND [PROPOSED]**
                       Plaintiff,             **ORDER RE: DISCOVERY OF NEW**
22                                            **CLASS MEMBERS; POSTPONEMENT OF**
           vs.                                **FINAL APPROVAL HEARING**
23
    HANESBRANDS INC.; SARA LEE
24  CORPORATION and Does 1 through 50,
    inclusive,
25
                       Defendants.
26

27

28

## STIPULATION

Plaintiff Tina Hopson and defendants Hanesbrands Inc. and Sara Lee Corporation (collectively, the "Parties"), acting through their respective counsel, hereby stipulate as follows:

1.     In this class action, on August 8, 2008, the Court granted preliminary approval of the Parties' Settlement, approved the forms of Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval; Claim Form and Consent to Join FLSA Action; and Election Not to Participate in Settlement (the "Class Notice") to be sent to the Class Members, and directed the Settlement Administrator, Rust Consulting, Inc., to send out the Class Notice to the Class.

2.     On September 5, 2008, the Settlement Administrator mailed the Class Notice to 209 Class Members identified by defendants.

3.     Subsequently, two individuals who were not initially identified as Class Members notified the Settlement Administrator that they believed that should have been included as Class Members.

4.     After defendants reviewed their personnel records, they discovered that these two individuals, plus an additional six individuals, should have been included as Class Members and, due to inadvertence, were not.  With the addition of these individuals (the "new Class Members"), the total number of Class Members is now 217.  Defendants have re-checked their personnel records and they are confident all Class Members have been identified.  Defendants apologize to the Court and plaintiff for their error.

5.     Pursuant to section III.A.2 of the Settlement Agreement, due to the addition of 668.39 Work Weeks attributable to the eight New Class Members, the Maximum Settlement Amount now will be increased by $8,420.32, from $400,000 to $408,420.32.

6.     The attorneys' fees will increase proportionately, from $100,000 to $102,105.08.  The costs and expenses will not increase.

7.     Because of the need to provide the Class Notice to the New Class Members and give them the opportunity to opt out of the Settlement, object to or comment on the Settlement, and make claims under the Settlement, the Parties have agreed to, and propose that the Court adopt, the following

1    revised schedule for final approval of the Settlement:

2          a.     Within five court days after the Court enters an order adopting this stipulation,

3                  defendants will mail supplemental CAFA notices reflecting the addition of the

4                  eight New Class Members.

5          b.     Within five court days after the Court enters an order adopting this stipulation, the

6                  Settlement Administrator will mail the Class Notice (revised in accordance with

7                  the Court's order on this stipulation) to the New Class Members.  An exemplar of

8                  the revised Class Notice is attached to this stipulation as Exhibit A.

9          c.     The new Class Members will have 30 calendar days after mailing to respond to

10                 the Class Notice.   Class counsel will contact each new Class Member via

11                 telephone within ten calendar days after the mailing to ensure he or she has

12                 received the Class Notice and understands the deadline for acting upon it.

13         d.     The  Parties  will  file  the  Joint  Motion  for  Final  Approval,  Settlement

14                 Administrator's  Declaration  of  Due  Diligence,  and  Motion  for  Class

15                 Representative Fee Payment and Class Counsel Fees and Expenses within ten

16                 court days after the deadline for the new Class Members to respond to the Class

17                 Notice, and notice it for hearing not fewer than 38 calendar days after filing.

18         e.     Replies  in  support  of  the  motions  for  final  approval,  approval  for  Class

19                 Representative Fee Payment and Class Counsel Fees and Expenses Payment shall

20                 be filed with the Court 14 calendar days before hearing on motions for final

21                 approval.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

LEGAL US W # 60494779.3

1      8.    The Settlement Administrator has communicated that there will be no additional costs or

2   fees for mailing the additional Class Notices beyond the initial estimate.

Dated: December 2, 2008
          EDWARD J. WYNNE
          J.E.B. PICKETT
          WYNNE LAW FIRM

          By: _____
                           J.E.B. Pickett
            Attorneys for Plaintiff TINA HOPSON

Dated: December 2, 2008
          M. KIRBY C. WILCOX
          JEFFREY D. WOHL
          ANNE W. NERGAARD
          PAUL, HASTINGS, JANOFSKY & WALKER LLP

          By: _____
                  Anne W. Nergaard
             Attorneys for Defendants
        HANESBRANDS INC. and SARA LEE
               CORPORATION

LEGAL US W # 60494779.3

STIP. AND [PROPOSED] ORDER
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1

## <u>ORDER</u>

2   On the stipulation of the Parties, and good cause appearing therefor,

3   IT IS SO ORDERED.

4   Dated: December _3_ 2008.



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TINA HOPSON, individually and on behalf of others similarly situated, | No. CV 08-0844 EDL |
| 12                    Plaintiff, | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,  CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL** |
| 13            vs. | |
| 14  HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50, inclusive, | |
| 15 | |
| 16                    Defendants. | |
| 17 | |

18
19
20
21
22
23
24
25
26
27
28

TO:   (1)   **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS INC. ("HANESBRANDS") IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2003, TO SEPTEMBER 1, 2007.**

(2)   **ALL FULL-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS ANYWHERE IN THE UNITED STATES OTHER THAN THE STATE OF CALIFORNIA AT ANY TIME FROM (A) MAY 22, 2001, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE STATE OF NEW YORK OR THE COMMONWEALTH OF MASSACHUSETTS; (B) MAY 22, 2002, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE COMMONWEALTH OF KENTUCKY; (C) MAY 22, 2003, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN THE STATE OF FLORIDA OR THE STATE OF TEXAS; OR (D) MAY 22, 2004, TO SEPTEMBER 1, 2007, IF THE PERSON WORKED IN ANY OTHER STATE.**

(3)   **ALL PART-TIME SERVICE ASSOCIATES WHO WORKED FOR HANESBRANDS IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 22, 2004, TO SEPTEMBER 1, 2007.**

**PLEASE READ THIS NOTICE CAREFULLY, IT MAY AFFECT YOUR LEGAL RIGHTS TO CLAIM ADDITIONAL COMPENSATION WHILE EMPLOYED BY HANESBRANDS.**

**IF YOU WISH TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE AND RETURN TO THE SETTLEMENT ADMINISTRATOR YOUR CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION ON OR BEFORE ▓▓▓▓▓▓▓.**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION FORM ON OR BEFORE ▓▓▓▓▓▓, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

**IF YOU WISH TO COMMENT ON OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**ENCLOSED WITH THIS NOTICE IS A CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTION ACTION WHICH SETS FORTH (ACCORDING TO HANESBRANDS' RECORDS) YOUR NUMBER OF WORK WEEKS WITHIN THE CLASS PERIOD AND, BASED ON THOSE WORK WEEKS AND CERTAIN ASSUMPTIONS EXPLAINED BELOW, AN ESTIMATE OF YOUR SETTLEMENT SHARE.   YOUR ACTUAL SETTLEMENT SHARE MAY BE HIGHER OR LOWER THAN SHOWN.   PLEASE REVIEW THE INFORMATION ABOUT YOUR WORK WEEKS IN THE CLAIM FORM TO CONFIRM THAT IT IS ACCURATE.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on August 8, 2008, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between plaintiff Tina Hopson

1   ("Plaintiff") and defendants Hanesbrands Inc. and Sara Lee Corporation ("Defendants") in the class

2   action pending in the Court brought on behalf of the individuals described above (the "Class" or "Class

3   Members"). The Court has preliminarily approved the Settlement and conditionally certified the Class

4   for purposes of the Settlement only. You have received this notice because Defendants' records indicate

5   that you are a member of the Class. This notice is designed to inform you of how you can make a claim

6   under the Settlement, comment on or object to the Settlement, or elect not to participate in the

7   Settlement. This Settlement releases claims under the federal Fair Labor Standards Act ("FLSA") and

8   various state wage-and-hour laws. If the Settlement is finally approved by the Court, but if you do not

9   timely complete and submit a Claim Form, you will not share in the Settlement proceeds; if you do not

10  timely complete and submit an Exclusion Form, the Settlement will be binding upon you, even if you

11  object to the Settlement.

12      1.      **BACKGROUND OF THE CASE**

13          On May 22, 2007, Plaintiff commenced this action against Defendants alleging that Defendants

14  violated various provisions of the California Labor Code.

15          Specifically, Plaintiff alleged that Defendants misclassified Plaintiff and the class she proposed

16  as exempt under California wage-and-hour laws and, on that basis, failed to pay Plaintiff and the

17  proposed class for overtime wages, to provide them with meal periods and rest breaks, to timely pay

18  Plaintiff and the proposed class their wages, and to provide them with correctly itemized wage

19  statements. Plaintiff also alleged that with regard to such matters, Defendants engaged in unfair

20  competition in violation of California Business and Professions Code section 17200 *et seq*. Plaintiff also

21  sought civil penalties ("PAGA Penalties") for the violations of the California Labor Code she alleged

22  pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et*

23  *seq*. Plaintiff subsequently amended the complaint to add a cause of action under the FLSA, 29 U.S.C. §

24  201 *et seq*., and sought to pursue a collective action under the FLSA on behalf of a nationwide class of

25  full-time Service Associates.

26          Defendants deny Plaintiff's material allegations. Defendants maintain that the Court should not

27  certify the collective action proposed by Plaintiff, that Plaintiff and the members of the collective action

28  she proposes were properly classified as exempt under the FLSA, and that Defendants bore no liability

1    to Plaintiff and the members of the collective action she proposed; and raised other defenses.

2    After good-faith negotiations presided over by a private mediator on April 8, 2008, Plaintiff and

3    Defendants agreed to settle the action pursuant to the terms and conditions of the Settlement.

4    The Settlement represents a compromise and settlement of highly disputed claims. Nothing in

5    the Settlement is intended to or will be construed as an admission by Defendants that Plaintiff's claims

6    in the action have merit or that it has any liability to Plaintiff or the Class on those claims.

7    Plaintiff and Defendants, and their counsel, have concluded that the Settlement is advantageous,

8    considering the risks and uncertainties to each side of continued litigation. They have further

9    determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class

10    Members.

11    As a Class Member, you will share in the Settlement proceeds if you submit a valid and timely

12    Claim Form. Regardless of whether you submit a Claim Form, you will be bound by the Settlement

13    unless you elect not to participate by timely filing an Election Not to Participate in Settlement.

14    **2.**      **SUMMARY OF THE SETTLEMENT**

15    The Settlement provides for the following:

16        a.      **Who is included in the Settlement?**

17    You are included in the Settlement if you meet all of the conditions set forth in the beginning of

18    this notice. It is estimated that there are approximately 217 members of the Class.

19        b.      **What will I receive from the Settlement?**

20    Under the Settlement, Defendants will pay $408,420.32. Defendants will pay to each Claimant

21    an amount that is the percentage (rounded up or down to the nearest two-digit decimal) that is equal to

22    (i) that Claimant's total number of work weeks divided by (ii) the total number of work weeks of all

23    Claimants, multiplied by the Net Settlement Amount. No Claimant will receive less than $200. Each

24    work week worked by Claimants who were full-time Service Associates employed by Defendants in

25    California will be multiplied by 1.5 and rounded up or down to the nearest two-digit decimal. This is

26    because there are additional remedies available under California law for the claims asserted on behalf of

27    full-time Service Associates. Each work week worked by Claimants who were part-time Service

28    Associates employed by Defendants in California will be multiplied by 0.5 and rounded up or down to

1  the nearest two-digit decimal.  This is because part-time Service Associates worked fewer hours on

2  average than full-time Service Associates and were paid on an hourly basis.  The total number of work

3  weeks for all Claimants will exclude an estimated two weeks of vacation per year and periods of leaves

4  of absence.

5          The Net Settlement Amount means $408,420.32 less (i) the awarded Class Representative's

6  Payment (for which Plaintiff will seek $5,000); (ii) the awarded Class Counsel's Fees and Expenses (for

7  which Class Counsel will seek $114,605.08); (iii) the payment to the LWDA of $1,500; and (iv) the

8  Settlement Administrator's reasonable fees and expenses.

9          c.        **When will I receive my Settlement Share?**

10         The Settlement Shares and other amounts will be paid after final court approval of the Settlement

11  and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor

12  of the Settlement.

13         d.        **How do I exclude myself from the Settlement?**

14         You may be excluded from the Settlement if you complete and submit by the deadline an

15  Election Not to Participate in Settlement that is provided with this notice and in accordance with the

16  conditions for submitting that Election.  If you do not complete and timely submit an Election Not to

17  Participate, you will be bound by the Settlement even if you object to the Settlement.

18         e.        **How do I dispute information in my Settlement Share Statement?**

19         (1)      The Court has appointed Rust Consulting, Inc. to act as an independent

20  Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's

21  entitlement to a Settlement Share.

22         (2)      Enclosed with this notice is your Claim Form and Consent to Join FLSA

23  Collective Action which sets forth (according to Defendants' records) your number of work weeks

24  within the class period and an estimate of your Settlement Share assuming that the Court finally

25  approves the Settlement; all Class Members make claims; and the Court approves the amounts sought

26  for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the payment

27  to the LWDA.  Your actual Settlement Share may end up being be higher or lower than estimated.

28         (3)      If you disagree with the information shown on your Claim Form about

- 4 -

1    your work weeks, you must ask the Settlement Administrator to resolve the matter.  In order to do so,

2    you must communicate, in writing, to the Settlement Administrator by the deadline the fact of the

3    dispute and the basis for your contention that you worked a different number of work weeks (including

4    any documentary evidence that you may have to support your contention).   In the event of such a

5    dispute, Defendants will manually review their payroll and personnel records to verify the correct

6    number of your work weeks.  Defendants' records will have a rebuttable presumption of correctness.

7    After consultation with you, Class Counsel, and Defendants, the Settlement Administrator will make a

8    determination of the number of your work weeks and that determination will be final, binding on you

9    and Defendants, and non-appealable.

10                   f.       **What claims are being released as part of the Settlement?**

11                   (1)       As of the date that the Settlement is finally approved, each Class Member

12    who was a full-time Service Associate releases Defendants and their former and current parents,

13    subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

14    shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

15    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

16    whether known or unknown, arising under state law (including but not limited to the California Labor

17    Code and Industrial Welfare Commission Wage Orders), including, without limitation, statutory,

18    constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including

19    but not limited to PAGA Penalties), liquidated damages, punitive damages, interest, attorney fees,

20    litigation costs, restitution, or equitable relief, based on the failure to pay any type of overtime wages,

21    the failure to provide meal and rest periods, the failure to provide proper wage statements, or the failure

22    to provide wages at the proper frequency or in a timely manner on the basis that the Class Member was

23    classified as exempt under state or federal law arising from or related to the allegations in the action.

24                   (2)       As of the date of that the Settlement is finally approved, each Class

25    Member who completes and returns to the Settlement Administrator a Claim Form and Consent to Join

26    FLSA Collective Action releases Defendants and their former and current parents, subsidiaries, and

27    affiliated corporations, and each entity's officers, directors, employees, partners, shareholders and

28    agents, and any other successors, assigns, or legal representatives, from any and all applicable federal

1    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

2    whether known or unknown, pursuant to the FLSA.

3            (3)    As of the date that the Settlement is finally approved, each Class Member

4    who was a part-time Service Associate releases Defendants and their former and current parents,

5    subsidiaries, and affiliated corporations, and each entity's officers, directors, employees, partners,

6    shareholders and agents, and any other successors, assigns, or legal representatives, from any and all

7    wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description,

8    whether known or unknown, including, without limitation, statutory, constitutional, contractual or

9    common law claims for wages, damages, unpaid costs, penalties (including PAGA Penalties), liquidated

10   damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based

11   on the failure to pay any type of overtime wages, the failure to provide meal and rest periods, the failure

12   to provide proper wage statements, and the failure to provide wages at the proper frequency or in a

13   timely manner arising from or related to the allegations in the action.

14           (4) By granting their respective releases of claims, Class Members who worked

15   for Defendants in California release all claims encompassed by their releases, whether known or

16   unknown by them, and regardless of whether they later discover facts in addition to or different from

17   those that they now know or believe to be true with respect to the subject matter of their releases.

18   Therefore, they expressly waive and relinquish the provisions, rights and benefits of section 1542 of the

19   California Civil Code, which reads:

20

21           A general release does not extend to claims which the creditor does not know or
             suspect to exist in his or her favor at the time of executing the release, which if
22           known by him or her must have materially affected his or her settlement with the
             debtor.
23

24           g.       **Class Representative Payment.**

25       In addition to her share as a Class Member, Plaintiff will seek approval from the Court for

26   payment of $5,000 for her services as Class Representative.  This payment will be made by Defendants

27   out of the Settlement.

28           h.       **Class Counsel Fees and Expenses Payment.**

- 6 -

1    As part of the final approval hearing, Wynne Law Firm will request $102,105.08 (or one-quarter

2    of the Settlement) for their attorneys' fees in connection with their work in this case and $12,500 in

3    reimbursement of their litigation costs and expenses that were advanced in connection with the action.

4    Class Members are not personally liable for any fees and costs.  These amounts constitute full and

5    complete compensation for all legal fees and litigation costs and expenses of all Class Counsel,

6    including costs and expenses resulting from experts and other vendors retained by Class Counsel in

7    connection with the litigation and all work done through the completion of the litigation, whatever date

8    that may be.  Class Members will not be required to pay Class Counsel for any other attorneys' fees or

9    litigation costs or expenses out of their own pockets if the Settlement Agreement and the fee request are

10   finally approved by the Court.  Class Counsel's attorneys' fees and litigation costs and expenses as

11   approved by the Court will be paid out of the Settlement.  Class Members, Class Counsel, and the Class

12   Representative are not liable for payment of attorneys' fees and litigation costs and expenses incurred by

13   Defendants and no such payments will be made to Defendants or their counsel from the Settlement.

14               i.      **Payment to LWDA.**

15   The parties have agreed that the LWDA will be paid $1,500 out of the Settlement as the

16   LWDA's share of the settlement of penalties.

17               j.      **Costs of Administration.**

18   Defendants will pay the reasonable costs of administering the settlement, including the

19   Settlement Administrator's fees and expenses, out of the Settlement.

20   **3.       PLAINTIFF AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

21   Plaintiff as Class Representative and Class Counsel support the Settlement.  Their reasons

22   include the risk of denial of class certification, the risk of an unsuccessful outcome on the merits of

23   Plaintiff's claims, and the inherent delays and uncertainties associated with litigation.  Based on their

24   experience litigating similar cases, Class Counsel believe that further proceedings in this case, including

25   a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict

26   how the various legal questions at issue, including the amount of damages, would ultimately be

27   resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class

28   Counsel believes that the Settlement is fair, reasonable, and adequate.

### 4.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

#### a.    Participating in the Settlement

Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the settlement, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Defendants and the other released parties described above, even if you do not submit a Claim Form and receive a share of the Settlement.  As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

#### b.    Commenting on or Objecting to the Settlement.

You may comment on or object to the Settlement before final approval, either by filing a written comment or objection or filing a notice of your intent to appear and comment or object at the final approval hearing.  If the Court rejects your comment or objection, however, you will still be bound by the terms of the Settlement, unless you also submit an Election Not to Participate in Settlement. Alternatively, you may object and still participate in the settlement.  To object, you must send a written notice of comment or objection or a written notice of your intent to appear and object at the final approval hearing to the Court and to counsel at the same addresses shown below.

Send your notice to:

Clerk of Court
United States District Court, Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California  94102

Also send copies of your notice to the parties' counsel as shown below:

| **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Edward J. Wynne | M. Kirby C. Wilcox |
| J.E.B. Pickett | Jeffrey D. Wohl |
| Wynne Law Firm | Anne W. Nergaard |
| 100 Drakes Landing Road, Suite 275 | Paul, Hastings, Janofsky & Walker LLP |
| Greenbrae, California 94904 | 55 Second Street, 24th Floor |
| Telephone: (415) 461-6400 | San Francisco, California 94105-3441 |
| Facsimile: (415) 461-3900 | Facsimile: (415) 856-7100 |
| E-mail: ewynne@wynnelawfirm.com | Email: kirbywilcox@paulhastings.com |
| E-mail: jebpickett@wynnelawfirm.com | E-mail: jeffwohl@paulhastings.com |
| | E-mail: annenergaard@paulhastings.com |

## DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL.

Any written comment or objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your comment or objection and any legal support for each objection. Your written comment or objection and/or notice of your intent to appear at the hearing must also state your full name, address, the last 4 digits of your Social Security Number, and the dates of your employment at Hanesbrands Inc.

To be valid and effective, the Court and Counsel must receive any written comments or objections and/or notices of intent to appear at the hearing not later than ▓▓▓▓▓▓, unless the Court orders otherwise. A Class Member who fails to file and serve a written objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### d.    Disputing the Number of Work Weeks on Your Claim Form.

If you dispute the number of work weeks on your Claim Form, state on the form what you contend is your correct number of work weeks and mail or fax the corrected Claim Form with any documentation you have to support your correction to the Settlement Administrator at:

Hanesbrands Wage-and-Hour Settlement Administrator



### e.    Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must complete the enclosed form of

Election Not to Participate in Settlement ("Election Not to Participate").  The Election Not to Participate must be completed, signed by you, dated and returned to the Settlement Administrator by not later than - ▮▮▮▮.  A Class Member who fails to submit an Election Not to Participate by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Election Not to Participate will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a share of the Settlement.  Any such person, at his or her own expense, may pursue any claims he or she may have against Defendants, their affiliates, predecessors, or acquired companies.

Send your Election Not to Participate in Settlement to the Settlement Administrator at the following address:

Hanesbrands Wage-and-Hour Settlement Administrator

▮▮▮▮▮▮▮▮▮▮▮▮

## 5.    FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on ▮▮▮▮, 2009, at 9:00 a.m. in Courtroom E of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 15th Floor, San Francisco, California  94102, to determine whether the settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing.  If you have given notice of your objection to the settlement, you may appear at the hearing at your option so long as you have filed a notice of intent to appear by ▮▮▮▮.**

## 6.    GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For any questions you may have, you may contact Class Counsel at the contact information listed above.  For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on

1  file with the Clerk of the Court.   The pleadings and other records in this litigation including the

2  Settlement Agreement, may be examined (i) online on through the Public Access to Court Electronic

3  Resources system, known as "PACER," at http://ecf.cand.uscourts.gov, or (ii) in person at the Office of

4  the Clerk at the United States Federal Court at 450 Golden Gate Avenue, San Francisco, California

5  94102 between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays,

6  or you may contact Class Counsel or the Settlement Administrator.  **PLEASE DO NOT TELEPHONE**

7  **THE  COURT  OR  DEFENDANTS'  COUNSEL  FOR  INFORMATION  REGARDING  THIS**

8  **SETTLEMENT OR THE CLAIM PROCESS!**

9  　　　Dated: [INSERT DATE].

10

11  _____
　　　　　　　　　Elizabeth D. Laporte
　　　　　　　　United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NTS. OF PROPOSED SETTLEMENT
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   TINA HOPSON, individually and on behalf of others similarly situated, | No. CV 08-0844 EDL |
| 12 | **CLAIM FORM AND CONSENT TO JOIN** |
|              Plaintiff, | **FLSA COLLECTIVE ACTION** |
| 13 | |
|     vs. | |
| 14 | |
| 15   HANESBRANDS INC.; SARA LEE CORPORATION and Does 1 through 50, | |
| 16   inclusive, | |
| 17             Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

LEGAL_US_W # 60498595.1

1

## CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION

2

**IF YOU WANT TO RECEIVE A SHARE OF THE SETTLEMENT OF *HOPSON V. HANESBRANDS INC. ET AL.*, DATE AND SIGN THIS CLAIM FORM UNDER PENALTY OF PERJURY (AT THE BOTTOM OF THE PAGE) AND MAIL IT, POSTMARKED NOT LATER THAN ▨▨▨▨▨▨▨▨, TO:**

3

4

5

Hanesbrands Wage-and-Hour Settlement Administrator

6
_____
7
_____
_____

8

## PERSONAL INFORMATION FOR
## CLASS MEMBER RECEIVING THIS NOTICE

9

10

**Name:** _____

11

**Mailing address:** _____
_____

12
_____

13

**(If desired:)  Provide telephone number and e-mail address to facilitate contact:** _____

14

**Hanesbrands employee identification number:** _____

15

**No. of work weeks worked during class period (if full-time Service Associate in California: 05/22/03-09/01/07; if full-time Service Associate outside of California: 05/22/04-09/01/07; if part-time Service Associate in California, 05/22/04-09/01/07):**

16

17

18
_____

19

**Estimated Settlement Share:** _____ *

20

\*     Note:  Your estimated Settlement Share is calculated under the assumption that the Court finally approves the Settlement; all Class Members participate and submit claims; and the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, the Settlement Administrator Payment, and the payment to the Labor Workforce Development Agency of the State of California.  Your actual Settlement Share may end up being higher or lower than estimated.

21

22

23

24

**IF ANY OF THE INFORMATION SHOWN ABOVE ABOUT YOUR EMPLOYMENT WITH HANESBRANDS IS INCORRECT, PLEASE SO INDICATE BELOW.   IF YOU ARE DISPUTING YOUR NUMBER OF WORK WEEKS, STATE WHAT YOU BELIEVE TO BE THE CORRECT NUMBER OF WORK WEEKS AND ATTACH ANY DOCUMENTATION THAT SUPPORTS YOUR CONTENTION. NOTE:  BY SUBMITTING A DISPUTE ABOUT YOUR WORK WEEKS, YOU ARE AUTHORIZING THE SETTLEMENT ADMINISTRATOR TO REVIEW HANESBRANDS' RECORDS AND MAKE A DETERMINATION BASED ON HANESBRANDS' RECORDS AND THE RECORDS YOU SUBMIT.  THIS DETERMINATION MAY INCREASE OR DECREASE THE VALUE OF YOUR SHARE OF THE SETTLEMENT.**

25

26

27

28

LEGAL_US_W # 60498595.1

**ALL SUCH DETERMINATIONS BY THE SETTLEMENT ADMINISTRATOR ARE FINAL AND BINDING WITH NO OPPORTUNITY FOR FURTHER APPEAL.**

| Corrected Information | |
|---|---|
| Corrected name | _____ |
| Corrected mailing address | _____<br>_____ |
| Corrected Hanesbrands employee identification number **or** last four digits of Social Security number | _____ |
| Corrected number of work weeks (include any supporting documentation) | _____ |

I declare as follows:

1.     I received, read, and understand the Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing in this action (the "Notice"). I wish to receive my share of the proposed Settlement.

2.     The information set forth, as corrected by me (if corrected) concerning my employment with Hanesbrands Inc. is true and correct.

3.     I understand that, in signing this form, I (a) consent to join this collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); (b) consent to release all of the state and federal claims as described in the Notice (see § 2(f) at pages ▒▒) of the Notice (and also stated in full in the Settlement (see § III.G at page ▒▒); (c) consent to the jurisdiction of the U.S. District Court for the Northern District of California presiding over this case; and (d) authorize Class Counsel to act on my behalf in all matters relating to this action, including the settlement of my claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed on _____, 200_, at _____(City), _____ (State).

_____
(Signature)

_____
(Typed or Printed Name)

2

CLAIM FORM AND CONSENT TO JOIN FLSA ACTION
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

LEGAL_US_W # 60498595.1

1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11    TINA HOPSON, individually and on behalf        No. CV 08-0844 EDL
      of others similarly situated,
12                                                    **ELECTION NOT TO PARTICIPATE IN**
                       Plaintiff,                     **SETTLEMENT**
13
            vs.
14
      HANESBRANDS INC.; SARA LEE
15    CORPORATION and Does 1 through 50,
      inclusive,
16
                       Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                                              ELECTION NOT TO PARTICIPATE
                                              U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, DO NOT FILL OUT THIS FORM.**

**ONLY IF YOU DO NOT WANT TO BE INCLUDED IN THE SETTLEMENT, YOU MUST SIGN THIS DOCUMENT, AND MAIL THE DOCUMENT TO THE ADDRESS BELOW, POSTMARKED NOT LATER THAN _____.**

**THE COMPLETED DOCUMENT MUST BE MADE VIA REGISTERED OR CERTIFIED MAIL, WITH RETURN RECEIPT REQUESTED, TO:**

Hanesbrands Wage-and-Hour Settlement Administrator

I declare as follows:

I am or was employed by Hanesbrands Inc. as a full-time or part-time Service Associate. I have received notice of the proposed settlement in this action and I wish to be excluded from the class and ***not*** to participate in the proposed settlement. I understand this means that I will not be bound by the settlement and also will not share in the settlement proceeds.

I make this declaration under penalty of perjury under the laws of the United States of America.

Dated: _____, 200_.

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

_____
(Hanesbrands employee identification number **or** last four digits of Social Security number)

ELECTION NOT TO PARTICIPATE
U.S.D.C., N.D. Cal., No. CV 08-0844 EDL

LEGAL_US_W # 60498608.1